**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

PI-NET INTERNATIONAL, INC.,

      Plaintiff,                      C.A. No. _____

    v.

JPMORGAN CHASE & CO.

                               **JURY TRIAL DEMANDED**

      Defendant.

_____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pi-Net International, Inc. hereby files this complaint for patent infringement against JPMorgan Chase & Co., and alleges upon information and belief as follows:

### PARTIES

1. Plaintiff Pi-Net International, Inc. ("Pi-Net") is a California corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025. Pi-Net has been a provider of innovative software products, services and solutions that enable distributed transaction processing and control over public and private networks, including, without limitation, the Internet and the World-Wide Web.

2. The patents asserted here were issued to Dr. Lakshmi Arunachalam, Pi-Net's founder. Having a priority date of 1995, the patents disclose the fundamental technology underlying Web commerce by use of Web applications. The examples of the pioneering technology in the patents were directed to online banking and other financial services on the Web which are the same as in the Defendant's accused systems.

3. Defendant JPMorgan Chase & Co. ("JPM") is a Delaware corporation with its registered office at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street Wilmington, New Castle County, DE 19801. JPM maintains a principal place of business at 270 Park Avenue, New York, New York  JPM is leading global financial services firm and one of the largest banking institutions in the United States of America, with operations worldwide; the Firm has $2.3 trillion in assets and $183.6 billion in stockholders' equity as of December 31, 2011. JPM is a leader in investment banking, financial services for consumers and small businesses, commercial banking, financial transaction processing, asset management and private equity. Under the J.P. Morgan and Chase brands, the Defendant serves millions of customers in the U.S. and many of the world's most prominent corporate, institutional and government clients.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendant by virtue of its incorporation in the State of Delaware, and its presence and business activities within this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## BACKGROUND

7. On November 16, 1999, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,987,500 ("the '500 Patent"), entitled "Value-Added Network

System For Enabling Real-Time, By-Directional Transactions On A Network," to Dr. Lakshmi Arunachalam.  Pi-Net is the assignee of all rights, title, and interest in the '500 Patent, including the right to recover damages for past infringement.  A copy of the '500 Patent is attached to the Complaint as Exhibit A.

8. On October 11, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,037,158 ("'158 Patent"), entitled "Multimedia Transactional Services," to Dr. Lakshmi Arunachalam.  Pi-Net is the assignee of all rights, title, and interest in the '158 Patent, including the right to recover damages for past infringement.  A copy of the '158 Patent is attached to the Complaint as Exhibit B.

9. On January 31, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,108,492 ("'492 Patent"), entitled "Web Application Network Portal," to Dr. Lakshmi Arunachalam.  Pi-Net is the assignee of all rights, title, and interest in the '492 Patent, including the right to recover damages for past infringement.  A copy of the '492 Patent is attached to the Complaint as Exhibit C.

10. JPM provides online financial services via electronic means accessible through several websites, which include, but are not limited to the following websites: http://www.chase.com; http://www.jpmorgan.com; and http://www.jpmorgansecurities.com.  JPM's online-banking and other Web financial transactional features are exemplified, in part, by the following screenshot of the JPM opening screen which displays the point-of-service applications of the inventions of the patent-in-suit:



11.     As reflected in the above screenshot, JPM's on-line financial system provides a plurality of Web applications for rendering financial services practicing the claimed inventions. For example, a user of the JPM system may choose to transfer assets between checking and savings accounts, or transfer assets to third-parties by using the web application embedded in the web page:

COMPLAINT FOR PATENT INFRINGEMENT                                                                           Page 4



12. Similarly, JPM affords users access to an on-line banking and other financial services through J.P. Morgan ACCESS$^{SM}$ available through JPM's http://www.jpmorgan.com website.

13. Similarly, JPM affords on-line banking and other financial services through its J.P.Morgan Securties website as reflected in the following screenshot:



## COUNT I

(Infringement of the '500 Patent)

14. Pi-Net incorporates and realleges paragraphs 1- 13.

15. JPM has directly infringed and is continuing to infringe one or more claims of the '500 Patent by operating without authority one or more systems which are reflected in the websites cited in Paragraph 10, above. Specifically, JPM infringed and infringes, because (i) it operated and continues to operate applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under JPM's control that, as reflected in the websites, *inter alia*, provide a means for switching to a plurality of banking and other financial transactional applications in response to a user specification from one of several network applications on one of the websites' webpages, with the transactional applications providing a plurality of transactional interactive real time services managed by JPM

to the user, while JPM keeps the transaction flow captive, and including a means for transmitting a transaction request from the transactional application; and means for processing the transaction request, and (ii) utilized and is utilizing computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs the foregoing. The JPM systems infringe at least claims 1-3, 5 and 6, and its operation of the systems infringes claims 10-12, 15 and 16.

16. Defendant's infringement has injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '500 Patent or future compensation for use of the inventions.

## COUNT II

(Infringement of the '158 Patent)

17. Pi-Net incorporates and realleges paragraphs 1- 13.

18. JPM has directly infringed and is continuing to infringe one or more claims of the '158 Patent by operating without authority one or more systems which are reflected in the websites cited in Paragraph 10, above. Specifically, JPM has operated applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under JPM's control that, as reflected in the websites, *inter alia*, provide a Web page for display on a computer system coupled to an input device; provide a point-of-service application as a selection within the Web page, wherein the point-of-service application provides access to both a checking and savings account, the point-of-service application operating in a service network atop the World Wide Web; accept a first signal from the Web user input device to select the point-of-service application; accept subsequent signals from the Web user input device; and transfer funds from the checking account to the savings account in real-time utilizing

a routed transactional data structure that is both complete and non-deferred, in addition to being specific to the point-of-service application, the routing occurring in response to the subsequent signals. JPM infringes at least claims 1-6 of the '158 Patent.

19. Defendant's infringement has injured Plaintiff. Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '158 Patent or future compensation for use of the inventions.

## COUNT III

(Infringement of the '492 Patent)

20. Pi-Net incorporates and realleges paragraphs 1- 13.

21. JPM has directly infringed and is continuing to infringe one or more claims of the '492 Patent by operating without authority one or more systems which are reflected in the websites cited in Paragraph 10, above. Specifically, JPM infringed and infringes, because (i) it operated and continues to operate applications and software including, but not limited to, those maintained on servers located in and/or accessible from the United States under JPM's control that, as reflected in the websites, comprise, *inter alia*, a Web server, including a processor and a memory, for offering one or more Web applications as respective point-of-service applications in a point-of-service application list on a Web page; each Web application of the one or more Web applications for requesting a real-time Web transaction; a value-added network (VAN) switch running on top of a facilities network selected from a group consisting of the World Wide Web, the Internet and an e-mail network, the VAN switch for enabling the real-time Web transactions from the one or more Web applications; a service network running on top of the facilities network for connecting through the Web server to a back-end transactional application; and a

computer system executing the Back-end transactional application for processing the transaction request in real-time, and (ii) utilized and is utilizing computer equipment, including, without limitation, computer equipment that stores, serves, and/or runs the foregoing. JPM's systems infringe at least claims 1-3 and 5-8, and JPM's methods of operating the systems infringe claim 10.

22.     Defendants' infringement has injured Plaintiff.  Accordingly, Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

23.     Defendant's infringement has injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '492 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant and against Defendant's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.     An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the '500, '158 and '492 Patents began;

B.     An award to Plaintiff of all remedies available under 35 U.S.C. § 284;

C.     An award to Plaintiff of all remedies available under 35 U.S.C. § 285;

D.     A permanent injunction under 35 U.S.C. § 283 prohibiting further infringement of the '500, '158 and '492 Patents, and, in the alternative, in the event injunctive relief is not granted as requested by Plaintiff, an award of a compulsory future royalty; and

E.     Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


DATED:       March 7, 2012              /s/ *George Pazuniak*_____
                                        George Pazuniak (DE Bar No. 478)
                                        PAZUNIAK LAW OFFICE LLC
                                        1201 North Orange Street
                                        7th floor, Suite 7114
                                        Wilmington, DE 19801-1186
                                        Tel: 302-478-4230
                                        GP@del-iplaw.com

                                        *Attorney for Plaintiff*
                                        *Pi-Net International, Inc.*