**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-280-RGA |
| ) | |
| BANK OF AMERICA, N.A. and MERRILL ) | |
| LYNCH, PIERCE, FENNER & SMITH ) | |
| INCORPORATED, ) | |
| ) | |
| Defendants-Counterclaimants. ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILMINGTON TRUST COMPANY, ) | |
| ) | C.A. No. 12-281-RGA |
| Defendant-Counterclaimant, ) | |
| ) | |
| and ) | |
| ) | |
| M&T BANK CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-282-RGA |
| ) | |
| JPMORGAN CHASE & CO., ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-353-RGA |
| ) | |
| UBS FINANCIAL SERVICES INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-354-RGA |
| ) | |
| SOVEREIGN BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-355-RGA |
| ) | |
| CITIZENS FINANCIAL GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAPITAL ONE FINANCIAL ) | C.A. No. 12-356-RGA |
| CORPORATION; ING BANK, FSB; ) | |
| CAPITAL ONE, NATIONAL ) | |
| ASSOCIATION; and CAPITAL ONE BANK ) | |
| (USA), NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**SCHEDULING ORDER**

This $\int\int$ day of July, 2012, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.       Rule 26(a)(l) Initial Disclosures.   Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within four weeks of the date of this Order.

2.       Discovery Coordination

(a)       The parties propose to coordinate seven cases for purposes of discovery on issues common to all defendants, including discovery concerning the patents-in-suit and claim construction, and for purposes of conducting a Markman hearing.   The seven cases are Pi-Net International, Inc. v. Bank of America, et al., C.A. No. 1:12-cv-280; Pi-Net International, Inc. v. Wilmington Trust Co., et al., C.A. No. 1:12-cv-281; Pi-Net International, Inc. v. JP Morgan Chase & Co., C.A. No. 1:12-cv-282; Pi-Net International, Inc. v. UBS Financial Services Inc., C.A. No. 1:12-cv-353; Pi-Net International, Inc. v. Sovereign Bank, N.A., C.A. No. 1:12-cv-354; Pi-Net International, Inc. v. Citizens Financial Group, Inc., C.A. No. 1:12-cv-355; Pi-Net International, Inc. v. Capital One Financial Corp., et al., C.A. No. 1:12-cv-356.

(b)       Any submissions to the Court on issues common to all Defendants shall be captioned and filed in all seven cases.   All other submissions to the Court shall be filed only in the case to which they pertain.

2

(c)     For purposes of counting discovery requests and deposition hours, all

Defendants in each case count as a single Defendant.

3.     Initial Discovery in Patent Litigation.

(a)     On September 10, 2012, Plaintiff shall specifically identify the accused services, systems, apparatuses, processes, methods, acts or other instrumentalities ("Accused Instrumentality") of each Defendant and the claims of the asserted patents allegedly infringed, and produce the file history for each asserted patent.

(b)     On October 10, 2012, Defendants shall produce to Plaintiff core technical documents related to the Accused Instrumentality, including but not limited to manuals, schematics, flow chart/diagrams, and specifications.

4.     Infringement and Invalidity Contentions.

On or before November 28, 2012, Plaintiff shall provide to Defendants an initial claim

chart relating each Accused Instrumentality to the asserted claims that each instrumentality

allegedly infringes.  Such disclosure shall contain the following information:

(a)     Each claim of each patent-in-suit that is allegedly infringed by each Defendant;

(b)     Separately for each asserted claim, each Accused Instrumentality of each Defendant of which Plaintiff is aware. This identification shall be as specific as possible. Each system, apparatus, device, service, process, method or act must be identified by name, or number and function, if known. Each service, process or method must be identified by name and function, if known, or by any system, apparatus, or device which when used, allegedly results in the practice of the claimed method or process;

(c)     A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that Plaintiff contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)     Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

3

(f)     If Plaintiff wishes to preserve the right to rely, for any purpose, on the assertion that its own system, apparatus, device, service, process, method, act, or other instrumentality practices the claimed invention, the Plaintiff must identify separately for each asserted claim, each such system, apparatus, device, service, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

On or before January 16, 2013, Defendants shall provide to Plaintiff their initial

invalidity contentions for each asserted claim, as well as the related invalidating references (e.g.,

publications, manuals and patents). Such disclosure shall contain the following information:

(g)     The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(h)     Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(i)     A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such Defendant contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(j)     Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

5.     Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before December 12,

2012.

4

6.      Discovery.

(a)     Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed by July 12, 2013, provided, however, that all parties shall have a period of thirty (30) days for supplemental discovery in the event that the Court's *Markman* decision includes one or more claim constructions that are materially different than proposed by any party. Such supplemental discovery shall be conducted on an expedited basis.

(b)     Document Production. Document production shall be substantially complete by February 1, 2013.

(c)     Requests for Admission. Unlimited requests for admission as to authenticity of documents are permitted. A maximum of 50 additional requests are permitted in each case for Plaintiff, a maximum of 25 additional common requests are permitted for Defendants collectively, and 25 additional requests are permitted for each individual Defendant.

(d)     Interrogatories. A maximum of 25 interrogatories are permitted in each case for the Plaintiff. A maximum of 10 common interrogatories are permitted for Defendants collectively. A maximum of 15 additional interrogatories are permitted for each individual Defendant.

(e)     Depositions.

        i.      Limitation on Hours for Deposition Discovery. The Plaintiff may take a total of 80 hours of fact depositions in each case, excluding expert depositions but including third-party depositions. No Defendant shall be subject to more than 40 total hours of depositions (i.e., no more than 40 hours total deposition time collectively for Defendant entity and its past or current officers, employees, and agents). The Defendants collectively may take a total of 160 hours of fact depositions, excluding expert depositions but including third-party depositions. The total combined deposition time by all Defendants of the Plaintiff under Rule 30(b)(6) and the inventor, Dr. Arunachalam, individually (including as inventor) shall be no more than 42 hours of deposition. Plaintiff shall not designate any person other than Dr. Arunachalam to be a witness for Plaintiff under Rule 30(b)(6). If additional hours for deposition discovery become necessary, the parties shall meet and confer to try to reach agreement on the number of additional hours needed, and thereafter, if unable to reach agreement, the parties may seek modification of this provision by submission to the Court.

        ii.     Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule

may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

(f)     Discovery Matters and Disputes Relating to Protective Orders.   Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.   Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.   By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

(g)     E-Mail Service.   The parties have consented in writing to service by e-mail, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. The parties also agree that, for purposes of computing deadlines for responses to pleadings or discovery requests when such deadlines are triggered by service of a document, the additional 3 days permitted by Rule 6(d) of the Federal Rules of Civil Procedure will apply, regardless of the manner of service.

(h)     Privilege.

The parties are not required to prepare privilege logs or otherwise schedule documents withheld from production to the extent that they (1) relate to activities undertaken in compliance with the duty to preserve information under Fed. R. Civ. P. Rule 26(b)(3)(A) and (B), or (2) are withheld from production on the basis of privilege and are generated after the filing of the Complaints.

All other withheld documents must be logged in full compliance with Fed. R. Civ. P. Rule 26(b)(5)(A), subject to the procedures of 6(f) herein

7.     Application to Court for Protective Order.   Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

6

on a proposed form of order and submit it to the Court within twenty days from the date of this

Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel

must follow the provisions of Paragraph 6(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated as confidential
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

8. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to

the Clerk an original and one copy of the papers. A redacted version of any sealed document

shall be filed electronically within seven days of the filing of the sealed document.

9. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all

briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed

under seal.

10. Claim Construction Issue Identification. On or before January 9, 2013, the parties

shall exchange a list of those claim term(s)/phrase(s) that they believe need construction; on or

before January 25, 2013, the parties shall exchange initial proposed claim constructions for those

term(s)/phrase(s). These documents will not be filed with the Court. After exchanging those

lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no

later than February 15, 2013. The Joint Claim Construction Chart, in Word or WordPerfect

format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties'

Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s)

7

in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 30 pages, on March 6, 2013. The Defendants shall serve, but not file, their answering brief, which shall not exceed 40 pages, on April 10, 2013. The Plaintiff shall serve, but not file, its reply brief, not to exceed 30 pages, on April 24, 2013. The Defendants shall serve, but not file, their sur-reply brief, which shall not exceed 20 pages, on May 8, 2013. No later than May 15, 2013, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.   Agreed-upon Constructions

II.  Disputed Constructions

A.   [TERM I]

   1.   Plaintiff's Opening Position

   2.   Defendants' Answering Position

   3.   Plaintiff's Reply Position

   4.   Defendants' Sur-Reply Position

B.   [TERM 2]

   1.   Plaintiff's Opening Position

   2.   Defendants' Answering Position

8

      3.     Plaintiff's Reply Position

      4.     Defendants' Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      12.     <u>Hearing on Claim Construction</u>. The Court will hear argument on claim construction beginning at 9:00 a.m. on June 21, 2013. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

      13.     <u>Disclosure of Expert Testimony</u>.

      (a)     <u>Expert Reports</u>. For the party that has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosures of expert testimony are due on October 18, 2013. The rebuttal disclosures to contradict or rebut evidence on the same matter identified by another party are due November 18, 2013. Reply expert reports from the party with the initial burden of proof are due December 18, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before February 7, 2014.

      (b)     <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

14.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before February 21, 2014. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

15.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16.    Trial Scheduling Conference.

On March 14, 2014, beginning at 8:30 a.m., the Court will hold a conference to discuss dates for the pretrial conferences and trials for these cases.

17.    Pretrial Conference.

On May 23, 2014, beginning at 9:00 a.m., the Court will hold a Rule 16(e) final pretrial conference in Court with counsel.

The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

18.    Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one

10

additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply).  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

19.    Jury Instructions, Voir Dire, and Special Verdict Forms.  Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

20.    Trial.

The first matter will be scheduled for a five-day jury trial beginning at 9:30 a.m. on June 2, 2014, with subsequent trial days beginning at 9:30 a.m. each day.

Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed and counsel will be allocated a total number of hours in which to present their respective cases.

21.    ADR Process.  These matters are referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT COURT JUDGE

11