## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 12-280-RGA |
| BANK OF AMERICA, N.A. and MERRILL ) | |
| LYNCH, PIERCE, FENNER & SMITH ) | |
| INCORPORATED, ) | |
| ) | |
| Defendants-Counterclaimants. ) | |
| _____) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WILMINGTON TRUST COMPANY, ) | |
| ) | C.A. No. 12-281-RGA |
| Defendant-Counterclaimant, ) | |
| ) | |
| and ) | |
| ) | |
| M&T BANK CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |
| PI-NET INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 12-282-RGA |
| JPMORGAN CHASE & CO., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-353-RGA |
| ) | |
| UBS FINANCIAL SERVICES INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-354-RGA |
| ) | |
| SOVEREIGN BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-355-RGA |
| ) | |
| CITIZENS FINANCIAL GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAPITAL ONE FINANCIAL ) | C.A. No. 12-356-RGA |
| CORPORATION; ING BANK, FSB; ) | |
| CAPITAL ONE, NATIONAL ) | |
| ASSOCIATION; and CAPITAL ONE BANK ) | |
| (USA), NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

2

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED that:

1.      The parties in the above-captioned cases assert that documents and things that will be requested in discovery from the parties and third parties is likely to reveal highly sensitive and confidential technical, financial and other business information that is purposely protected from disclosure to the public and that, if disclosed, would damage the producing parties and third parties.

2.      Good cause therefore exists for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in these cases. The producing party would suffer serious competitive harm if the information identified above or other sensitive information was made available to its customers, competitors, or to the public and the producing party's interest in restricting the disclosure and use of the confidential information described above far outweighs the interest of the public in having access to such information.

3.      This Protective Order shall govern access to, and the use and handling of documents, electronically stored information, tangible objects, materials or things, deposition testimony (if any), deposition exhibits (if any), and all other written, recorded, or graphic matter produced in the above actions, whether produced pursuant to any applicable rules, a written discovery request or subpoena, and/or used during the trial or any proceeding in these actions, by a party or a third party ("Covered Material").

4.      In responding to a request for discovery, any party or third party may designate for confidential treatment pursuant to this Protective Order any Covered Material that it

3

considers to contain trade secrets or other sensitive business, commercial, or technical information ("Confidential Material").

5.     In responding to a request for discovery, any party or third party may designate for highly confidential treatment pursuant to this Protective Order any Covered Material that it considers to contain trade secrets or other confidential information that is entitled to a higher level of protection than Confidential Material due to its commercial sensitivity and the likelihood of harm resulting from its disclosure ("Highly Confidential Material").

6.     Confidential Material and Highly Confidential Material shall only be used for purposes of the above-captioned actions.     Confidential Material and Highly Confidential Material shall not be used in any other litigation, arbitration or administrative or judicial proceeding without prior written authorization by the producing party or order of the Court.

7.     The designation of Covered Material as "Confidential Material" or "Highly Confidential – Subject to Protective Order" for purposes of this Protective Order shall be made in the following manner:

     a.     In the case of documents or other materials (apart from depositions): by affixing the legend "Confidential – Subject to Protective Order" or the legend "Highly Confidential – Subject to Protective Order" to each page containing such Confidential Material or Highly Confidential Material, respectively, except that, in the case of multi-page documents bound together by staple or other binding, the appropriate legend need only be stamped on the first page of the document in order for the entire document to be treated as Confidential Material or Highly Confidential material; and

     b.     In the case of information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), by affixing the legend "Confidential –

4

Subject to Protective Order" or the legend "Highly Confidential – Subject to Protective Order," as appropriate, on the medium, if possible, and its container, if any, so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the Confidential Material or Highly Confidential Material contained therein. If any items produced in a non-paper medium are printed by the receiving party, the receiving party must mark each page of the printed version with the confidentiality designation; and

    c.    In the case of depositions or other proceedings on the record, including the trial: (i) by a statement on the record by counsel at the time of such disclosure, or (ii) by written notice sent by counsel to all parties with access to the transcript of the proceeding within fifteen (15) days after the proceeding by directing that the legend "Confidential – Subject to Protective Order" or the legend "Highly Confidential – Subject to Protective Order" be affixed to the first page of the original and all copies of the transcript containing any Confidential Material.

    8.    Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the following persons:

    a.    Two representatives of each party, who may be officers, directors or employees of the party and who must be designated in writing in advance of receiving Confidential Material and agree in writing, by signing Exhibit A, to be bound by this Protective Order;

    b.    In-house Counsel for any of the parties in the above-captioned actions, and any persons assisting such counsel in these actions, including support staff;

5

c. Outside Counsel for any of the parties in the above-captioned actions, and any persons assisting such counsel in these actions, including support staff;

d. Outside service organizations, including any individual or organization that provides photocopying, document processing or other document-related services, data management support, translation, graphics services, or trial support (including jury consultants and mock jurors) as part of discovery or preparation and trial of these actions, or an individual or organization that provides consulting services related to an accused instrumentality;

e. Any person as to whom it is apparent from the face of the document that such person was either an author or recipient of the Confidential Information, or a person as to whom it had been reasonably established is an author or recipient of such information prior to the intended disclosure in these actions;

f. Experts or consultants retained for the purpose of assisting the parties or their counsel in these actions, provided that such experts or consultants agree in writing by signing Exhibit A, to be bound by this Protective Order;

g. Witnesses at trial, and their counsel, in these actions;

h. Court reporters involved in taking or transcribing testimony in these actions;

i. The Court;

j. Other persons only upon order of the Court or upon written agreement of the signatories hereto.

6

9.      Highly Confidential Material may not be disclosed, summarized, described, or otherwise communicated or made available in whole or in part except to the persons listed in paragraphs 8(c)-(j).

10.     Notwithstanding the provisions set forth in paragraph 9, on a case-by-case basis and only for the purposes of settlement discussions, summaries of financial information prepared by outside counsel, even if designated as or derived from Highly Confidential Material, may be disclosed, summarized, described, or otherwise communicated or made available to party representatives responsible for making settlement decisions. Before any such summary is prepared, the party seeking to prepare the summary shall notify in writing the party or parties who produced the Covered Material, identifying the information and/or documents that would be summarized and explaining why such summary is necessary.

11.     Other than court personnel, every person given access to Confidential Material or Highly Confidential Material, or information contained therein, shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in paragraphs 8(f) above who are given access to Confidential Material or Highly Confidential Material or information contained therein shall be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing and dating a copy of Exhibit A. Such signed agreements shall be served on the relevant producing party at least seven (7) business days before any expert or consultant listed in paragraph 8(f) is given access to Confidential Material or Highly Confidential Material or information. Within seven (7) business days after such notification, counsel for the party that produced the Confidential Material or Highly Confidential Material may object to the disclosure of its Confidential Material or Highly

7

Confidential Material. If such objection is made, the parties shall use their best efforts to promptly resolve the dispute, but if the parties are unable to reach a resolution, the producing party may move for a protective order precluding the disclosure of the information to such Expert within seven (7) business days after the notification. Where objection is made, no such information shall be disclosed to such expert or consultant until the day after the last day to file a motion for a protective order (if no protective order is sought), or upon entry of the Court's order denying the producing party's motion for protection.

12.     Nothing in this Protective Order shall preclude any party to the lawsuit or their attorneys from:

(a)     disclosing or using by the producing party, in any manner or for any purpose, any information or documents from the producing party's own files that the party has designated as Confidential Material or Highly Confidential Material; or

(b)     disclosing or using, in any lawful manner or for any lawful purpose, any information or documents not obtained in discovery in this lawsuit, if such information is lawfully obtained from another source, such as a third party having the right to disclose such information, even though the same information or documents may have been produced in discovery in this lawsuit and designated as Confidential Material or Highly Confidential Material. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as Confidential Material or Highly Confidential Material consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

13.     Other Court Proceedings and Subpoenas

8

(a)     By entering this order and limiting the disclosure of information in this case, the
Court does not intend to preclude another court from finding that information may be relevant
and subject to disclosure in another case. Any person or party subject to this order who becomes
subject to a motion to disclose another party's information designated as confidential pursuant to
this order shall promptly notify that party of the motion so that the party may have an
opportunity to appear and be heard on whether that information should be disclosed.

(b)     If any person who has obtained Confidential Material or Highly Confidential
Material under the terms of this Protective Order is served with a subpoena commanding the
production of any Confidential Material or Highly Confidential Material, such person shall
promptly notify counsel for the party that produced the Confidential Material or Highly
Confidential Material and shall not produce any Confidential Material or Highly Confidential
Material in response to the subpoena before such notification and for ten (10) business days
thereafter. Within ten (10) business days after such notification, counsel for the party that
produced the Confidential Material or Highly Confidential Material may seek to prevent
production of the Confidential Material or Highly Confidential Material in accordance with the
Local Rules. If such request to the Court is made, then the Confidential Material or Highly
Confidential Material shall not be produced until the Court rules. If no such request to the Court
is made, then the Confidential Material or Highly Confidential Material may be produced.

[Defendants' Proposal: 14. Any person who has obtained or reviewed under the terms
of this Protective Order any Highly Confidential Material shall not thereafter prosecute, file,
supervise, or assist in any way in the prosecution of any patent application, U.S. or foreign,
related to U.S. Patents Nos. 5,987,500, 8,037,158, and/or 8,108,492. For purposes of this
paragraph, prohibited patent prosecution shall include, without limitation: preparation of and/or

9

amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications; claim drafting; or consultation on any of the above prohibited patent prosecution matters with others performing these activities.]

[Plaintiff's Proposal: 14. Plaintiff opposes Defendants' proposed paragraph 14 entirely. As an alternative, Plaintiff proposes the following addition to Defendants' proposed paragraph 14:

As an exception to this provision, however, individuals who have reviewed Highly Confidential Material shall be permitted to prosecute, file, supervise, assist and consult with respect to reexamination or other post-issuance review of original claims of any issued patent, but may not participate in (a) prosecution of any new claims in such reexaminations, or (b) substantive (not merely clarifying) amendments to original claims in such proceedings.]



15.     Highly Confidential Material and computer source code shall not be disclosed to Dr. Lakshmi Arunachalam, nor to any other individual whose Rule 56 obligation to the U.S.P.T.O. would require the disclosure of material information in the prosecution of continuation applications related to U.S. Patents 5,987,500, 8,037,158, and/or 8,108,492. For the purposes of this paragraph, the summaries prepared by outside counsel pursuant to paragraph 10 are not considered Highly Confidential Information.

16.     If computer source code information is produced, its production and access shall be governed by the provisions attached to this Order as Exhibit B; provided, however, that the producing party may produce its source code under the provisions of paragraph 7 and without invoking the protections of Exhibit B, or under any other provision agreed to by the producing

10

and receiving parties. The restrictions in paragraph 15 shall specifically apply to computer source code.

17. Entering into or agreeing to the terms of this Protective Order and/or producing or receiving Confidential Material or Highly Confidential Material or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of any party to object to the production of any material it considers not subject to discovery or to challenge any objection asserted by any other party.

18. In the event additional parties join or are joined in these actions, they shall not have access to Confidential Material or Highly Confidential Material until the newly-joined party by its counsel has stipulated to the terms of this Protective Order.

19. Any pleading, motion, brief, appendix, or other paper containing Confidential Material or Highly Confidential Material of a producing party other than the party filing such paper shall be filed under seal pursuant to Local Court Rule 5.1.3.

20. Within forty-five (45) days after the final resolution of these actions, with the exclusion of the Court and any Court personnel, all other persons having received Confidential Material or Highly Confidential Material shall return such material and all copies thereof to counsel for the party that produced it or shall certify to such counsel that such material has been destroyed. Outside counsel for the parties shall be entitled to retain court papers, deposition and hearing transcripts, and attorney work product containing Confidential Material or Highly Confidential Material, provided that such outside counsel and their employees shall not disclose such papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Material or Highly Confidential Material. All

11

materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

21. A party may object to a "Confidential" or "Highly Confidential" designation within a reasonable time after the facts on which the objection is based are known. The objection (the "Notice') shall be made in writing to counsel for the party that produced the Confidential Material or Highly Confidential Material. The Notice shall have attached a copy of such designated material or shall identify each document by production number and shall (i) state that the receiving party objects to the designation, (ii) set forth the particular reasons for such objection, and (iii) state specifically the use that the challenging party wishes to make of the Confidential Material or Highly Confidential Material that would otherwise be prohibited under this Protective Order. If the parties cannot resolve the objection within ten (10) business days after service of the Notice, it shall be the obligation of the party challenging the designation of the information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential Material," or "Highly Confidential Material," shall bear the burden of establishing that good cause exists for maintaining the designation.

22. All materials whose designation is objected to shall continue to be treated as Confidential Material or Highly Confidential Material while such request to the Court is pending.

23. Failure to designate Covered Material as Confidential Material or Highly Confidential Material at the time of production shall not waive a party's right to make a "Confidential" or "Highly Confidential" designation later. However, no party shall be deemed to have violated this Protective Order if, prior to any later designation, Covered Material has been

12

disclosed or used in a manner inconsistent with such later designation. Once a "Confidential" or "Highly Confidential" designation is made, the Covered Material shall be treated, respectively, as Confidential Material or Highly Confidential Material.

24.     Should a party withhold documents on the basis of third-party confidentiality obligations, that party will provide to the requesting party:  (1) the name of the third party; (2) the nature of the withheld information; (3) the dates of the documents; and (4) any efforts made to obtain the permission of the third party to produce the confidential information.

25.     This Protective Order has no effect upon, and shall not apply to, any party's use of its own Confidential Material or Highly Confidential Material for any purpose.

26.     Inadvertent production of documents, things or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, and shall not otherwise prejudice any claim that such material or related material is privileged, protected as attorney work product, or is otherwise immune from discovery, provided that the producing party or third party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents and things and all copies thereof shall promptly be returned to the producing party or third party upon request. After a request for the return of inadvertently produced documents and things is made by a producing party, no use shall be made of such documents and things other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown or disclosed to any person who had not already been given access to them before receipt of the request to return them.  No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the producing party or third party for such party to avail itself of the provisions of this paragraph.

13

27.    This Protective Order may be modified by written agreement between the parties in an individual case and order of the Court which shall be binding on all others bound by the terms of this Protective Order in that case, or, failing such agreement, by order of the Court, which shall be binding on all others bound by the terms of this Protective Order.

28.    This Protective Order shall be construed, interpreted, and governed in accordance with the laws of the State of Delaware without regard to choice-of-law rules or principles.

29.    The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate. The parties reserve all rights to apply to the Court at any time, before or after termination of this action, for an order: (i) modifying this Protective Order, (ii) seeking further protection from discovery or use of Confidential Information, Highly Confidential Information, or source code, or (iii) seeking further production, discovery, disclosure, or use of claimed Confidential Information, Highly Confidential Information, or source code.

30.    This Protective Order shall become effective when it becomes an order of the Court.

IT IS SO ORDERED this _____ day of August, 2012.


_____
United States District Judge

14

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| PI-NET INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 12-280-RGA |
| BANK OF AMERICA, N.A. and MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | ) ) ) | |
| | ) | |
| Defendants-Counterclaimants. | ) | |
| | ) | |
| PI-NET INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILMINGTON TRUST COMPANY, | ) | |
| | ) | C.A. No. 12-281-RGA |
| Defendant-Counterclaimant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| M&T BANK CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| PI-NET INTERNATIONAL INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-282-RGA |
| | ) | |
| JPMORGAN CHASE & CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

15

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-353-RGA |
| ) | |
| UBS FINANCIAL SERVICES INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-354-RGA |
| ) | |
| SOVEREIGN BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-355-RGA |
| ) | |
| CITIZENS FINANCIAL GROUP, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| PI-NET INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAPITAL ONE FINANCIAL ) | C.A. No. 12-356-RGA |
| CORPORATION; ING BANK, FSB; ) | |
| CAPITAL ONE, NATIONAL ) | |
| ASSOCIATION; and CAPITAL ONE BANK ) | |
| (USA), NATIONAL ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

16

**UNDERTAKING OF** _____

I hereby acknowledge that I have reviewed a copy of the Protective Order entered in this action, dated _____, 2012, and that I will comply with the terms of said Protective Order in all respects. Specifically, I agree not to disclose any confidential information made available to me other than in accordance with said Order. I further submit to the jurisdiction of this Court for purposes of the Protective Order in this action.

Dated: _____        _____

17

## **EXHIBIT B**

## **MODIFIED STANDARD FOR ACCESS TO SOURCE CODE**

The following procedures shall apply to source code discovery, absent any further agreement between the parties in any individual case:

1.     The producing party shall make available a single electronic copy of each source code or executable code for inspection on a stand-alone computer supplied by the producing party that is not connected to a network (including the Internet) or any external storage device. The stand-alone computer shall be located at any one of the producing party's Delaware offices or any one of the producing party's counsel's offices, selected according to the producing party's reasonable discretion.  The stand-alone computer shall be connected to two monitors of at least 19-inch diagonal length and configured for dual screen monitoring.  To the extent that larger monitors are reasonably accessible in the office where the source code is provided at no cost to the producing party, the producing party will make reasonable efforts to provide monitors of greater than 19-inch diagonal length, up to 25-inch diagonal length.  Alternatively, the receiving party may provide at their own expense monitors of any size to connect to the stand-alone computer.

2.     The stand-alone computer may be password protected.  The producing party shall provide information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced source code on the stand-alone secure computers to the persons reviewing the source code.  The producing party shall provide a manifest of the contents of the stand-alone computer.  This manifest, which will be supplied in both printed and electronic form, will list the name, location, and MD5 checksum of every source and executable file escrowed on the computer.

18

3.      The source code shall be produced in a computer text searchable form, and the producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing party's business. Specific tools may include but are not limited to utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities should provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file. The producing party shall disclose to the receiving party the software intended to be available on the secured computer, and the receiving party may request that other commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (a) the receiving party possesses an appropriate license to such software tools; and (b) such other software tools are reasonably helpful for the receiving party to perform its review of the source code consistent with all of the protections herein.

4.      The producing party shall make the stand-alone computer available from 9:00 a.m. to 6:00 p.m. local time (or other reasonable hours if these hours would create an unreasonable burden on the producing party), Monday-Friday, excluding holidays, upon five (5) business days notice of a first inspection and upon three (3) days notice of subsequent inspections. The producing party shall further make the stand-alone computer available on other days and/or times, including weekends, upon reasonable request and three (3) days' advance written notice, at least until the close of expert discovery in this action.

5.      Access to the stand-alone computer shall be permitted, after notice to the producing party and an opportunity to object, to four (4) outside counsel representing the

19

requesting party and two (2) experts retained by the requesting party, all of whom have been approved under the protective order in place. The requesting party must provide the producing party with the names of each of the foregoing individuals at least two (2) days before each individual accesses the stand-alone computer.

6.    The receiving party may create one or more back-up copies of all or a portion of the source code on the same computer and annotate the same. The back-up copies shall remain on the computer at the receiving party's option, but shall be subject to all the provisions of this Protective Order that govern source code. Such annotated back-up copies may not be accessed by the producing party, except the producing party may have access thereto upon the receiving party requesting copies of such portions of the source code.

[Defendants' Proposal: 7.   The receiving party may request printed copies of reasonably limited, specific portions of the source code for use in preparation for court filings and proceedings, expert reports, and depositions of persons or entities permitted to access source code, where such printed copies are reasonably necessary to perform such preparation. The producing party shall produce such printed copies or object to the Court within ten (10) business days of receiving a written request for production of printed copies. The requested portions shall not exceed 50 consecutive pages or a total of 500 pages unless otherwise agreed by the producing party in writing. Every page of printed copies must be marked clearly and prominently as "Highly Confidential – Subject to Protective Order – Source Code."

[Plaintiff's Proposal: 7.   The reviewing party may request that reasonable portions of the source code be produced in document form for use in preparation for court filings and proceedings, expert reports, and depositions of persons or entities permitted to access source

20

> code, and not for purposes of review. The producing party shall produce such copies within ten
> (10) business days. The producing party may mark clearly and prominently mark the produced
> pages with the legend "Highly Confidential – Subject to Protective Order – Source Code," but
> which shall otherwise be produced in accordance with the terms of the Protective Order.

*[handwritten margin notation]*

8.      Printed copies must be kept under lock and key or otherwise secured under the
control of outside counsel or by a person who has been cleared as an expert pursuant to
paragraph 8(f) of the Protective Order.  The receiving party must not duplicate or reproduce
printed copies in any fashion, except that portions of source code may be quoted in court filings
filed under seal and expert reports designated as "Highly Confidential – Subject to Protective
Order – Source Code."  The receiving party must destroy all printed copies, and certify thereto in
writing, promptly after the respective (a) court filings are made; (b) court proceedings are
adjourned; (c) expert reports are served; or (d) depositions of persons or entities permitted to
access source code are adjourned.

9.      If the court determines that the issue of missing files needs to be addressed, the
producing party will include on the stand-alone computer the build scripts, compilers, assemblers,
and other utilities necessary to rebuild the application from source code, along with instructions
for their use.

10.      Where reasonably necessary, the receiving party may request that the producing
party bring to a deposition a secured computer with source code for use at the deposition,
provided the request is made at least ten (10) days before the scheduled date of the deposition
and specifies exactly which source code files the receiving party requires.  Such deposition shall
be conducted at the producing party's offices.  Any copies of source code that are marked as

deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

So ordered with changes
to ¶¶ 14 & Exh. B. "T" as marked.

Richard G. Andrews
USDJ
8/21/12