

**PAZUNIAK LAW OFFICE LLC**
1201 North Orange Street
7th floor, Suite 7114
Wilmington, DE 19801-1186
Direct Dial:  1-302-478-4230
Email: GP@Del-IPLaw.com

October 8, 2012

VIA ELECTRONIC FILING
The Honorable Richard G. Andrews
The United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

*Re*:   *Pi-Net International, Inc. v. Bank of America, N.A., et al.*
C.A. Nos. 12-280, 12-282, 12-353, 12-354, 12-355 and 12-356

Dear Judge Andrews,

This is in response to the discovery motion and letter filed earlier today by Defendants in the above-captioned matter, with respect to a hearing before the Court on Wednesday, October 10 at 1 pm.  Defendants seek to rewrite Section 4 of this District's Default Standard For Discovery, which was implemented by Section 3(a) of the Scheduling Order in these cases.  Defendants' motion is entirely without merit, because Plaintiff has identified the Accused Instrumentalities as completely and in detail as is possible in view of the patent claims.  Defendants' allegations that Plaintiff is abusing discovery and trying to overwhelm the Defendant banks with discovery are demonstrably unsupportable and convert reality.  Defendants have neither cited any precedent for any greater or different identification of Accused Instrumentalities, nor provided any example or suggestion as to how the present initial disclosures could be more complete or more clearly comply with the Scheduling Order.

Plaintiff has Identified the Accused Instrumentalities

Defendants have submitted to the Court only part of Plaintiff's identification.  Each of the Plaintiff identifications included an annex of the accused web applications.  To avoid overwhelming the Court with paper, Plaintiff submits hereto as Exhibit A the annex which is representative of what each Defendant had received as part of Plaintiff's identification.

Plaintiff's complete submissions have more than complied with the spirit and letter of the Scheduling Order in this case.  Defendants correctly state that "The purpose of the initial patent disclosures required by the Court's Scheduling Order is to require Pi-Net to specifically identify the universe of products and methods that are at issue in this litigation." (p. 2)  Plaintiff did just that.  The products and methods at issue in this litigation are defined by the patent claims, and Plaintiff identified the web applications and methods that fall within the scope of the claims.

The Honorable Richard G. Andrews
October 8, 2012
Page 2

Specifically, the patent claims are directed to web applications running within web pages to conduct real-time transactions, with some, but not all, claims being further limited to financial transactions that access savings and checking accounts.  For example, the system claims in issue require, *inter alia*, "a Web server … for offering one or more Web applications as respective point-of-service applications in a point-of-service application list on a Web page; each Web application of the one or more Web applications for requesting a real-time Web transaction," and "enabling the real-time Web transactions from the one or more Web applications."  (Exh. B, Patent 8,108,492, claim 1)

The method claims are directed to "performing real-time Web transactions from a Web application." (Exh. B, claim 10)  Other method claims are directed to a "method for performing a real time Web transaction from a Web application over a digital network atop the Web," where the method includes, *inter alia*, providing a Web page for display on a computer system coupled to an input device; providing a point-of-service application as a selection within the Web page, wherein the point-of-service application provides access to both a checking and savings account…"  (Exh. C, Patent 8,037,158, claim 1).

Thus, Consistent with the patents that claim web applications for conducting transactions, Plaintiff complied with the Scheduling Order and identified the Accused Instrumentalities – i.e., the specific individualized web applications – for each of the Defendants that *prima facie* fell within the patent claims.  The identified web applications infringe the product claims directed to "a Web server … for offering one or more Web applications as respective point-of-service applications in a point-of-service application list on a Web page."  Those same web applications also infringe the method claims, because they provide a "method for performing a real time Web transaction from a Web application over a digital network atop the Web."  In short, Plaintiff completely and fully identified the Accused Instrumentalities as required by the Scheduling Order, and, specifically, Plaintiff identified the web applications accused of infringement.

Defendants do not dispute that Plaintiff's patent claims are directed to web applications, and that Plaintiff has identified the specific web applications that Plaintiff asserts infringe the claims.  Thus, Plaintiff did exactly what the Default Standard and the Scheduling Order require, and that should be the end of the issue.

<u>Defendants Are Attempting to Rewrite the Default Standard and Scheduling Order</u>

Even though Plaintiff did exactly what was required, Defendants argue that Plaintiff should only identify "the limited number of online functionalities that allow customers to pay their bills or make purchases online." (p. 2)  Defendants err in three fundamental ways.  First, the claims are not limited in scope to web applications that "allow customers to pay their bills or make purchases online."  Neither the words "bill[s]" nor "purchases" are limitations in the asserted claims.  Defendants have not explained under what right they can demand that Plaintiff reduce its accusations to less than the scope of the patent claims.  Plaintiff's inventions were pioneering and the inventor entitled to proceed as far as the language of the claims and the patent laws allow.

The Honorable Richard G. Andrews
October 8, 2012
Page 3

  Neither logic nor law supports Defendants" incredible suggestion that the pervasiveness of Defendants" infringement requires that Plaintiff reduce the scope of its accusations so that Defendants need not be overworked in discovery.

  Second, the Default Standard and the Scheduling Order require Plaintiff to identify the products, systems and methods accused of infringement, and nothing in the Default Standard, Scheduling Order or precedent requires Plaintiff to identify "functionalities" at this juncture. Indeed, as Defendants apparently use the term "functionalities," Defendants demand the impossible. Actual "functionality" is provided by each of the Defendant bank's internal secret software, which Plaintiff cannot possibly access without proper and complete discovery by Defendants.

  Third, Defendants do not support their allegations that discovery will be so difficult as to require limitation. As can be seen in Exhibit A, the Bank of America online banking pages list multiple web applications on each page, and, upon undertaking one of the web applications, options open for related web applications. Thus, it appears that most of the banks' web applications run on a small number of platforms, which are individualized only at the level of certain instructions.

  Plaintiff offered to Defendants to reduce the number of issues by an agreement that the parties would litigate only mutually-selected representative Accused Instrumentalities. The parties could then focus on a few mutually-selected representative web applications for both infringement and validity. Defendants refused the offer, which demonstrates that Defendants' real intent behind the present motion is purely tactical and has nothing to do with any alleged breadth of discovery.

<u>Accused Instrumentalities Are Not Broader Than The Complaint or Any Amendment Of It</u>

  Defendants finally allege that the Plaintiff's identification of Accused Instrumentalities exceeds the Complaint. No such demonstration is made, and it is untrue that the breadth of the identifications exceeds the scope of the Complaint. However, even were it true, neither the Default Standard nor the Scheduling Order in this case limit the Accused Instrumentalities to those within the scope of the Complaint. To the contrary, the Scheduling Order allows both Plaintiff and Defendants to amend their pleadings through the time after the completion of initial discovery, December 12, 2012.

              Respectfully Submitted,

              */s/ George Pazuniak*

              George Pazuniak

Enclosures
cc: Clerk of the Court (via ECF) (w/enc.)
   Counsel of Record (via electronic mail) (w/enc.)