**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, N.A. and MERRILL ) <br> LYNCH, PIERCE, FENNER & SMITH ) <br> INCORPORATED, ) <br> ) <br> Defendants-Counterclaimants. ) | C.A. No. 12-280-RGA |
| PI-NET INTERNATIONAL INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JPMORGAN CHASE & CO., ) <br> ) <br> Defendant. ) | C.A. No. 12-282-RGA |
| PI-NET INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITIZENS FINANCIAL GROUP, INC., ) <br> ) <br> Defendant. ) | C.A. No. 12-355-RGA |

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAPITAL ONE FINANCIAL )<br>CORPORATION; ING BANK, FSB; )<br>CAPITAL ONE, NATIONAL )<br>ASSOCIATION; and CAPITAL ONE BANK )<br>(USA), NATIONAL ASSOCIATION, )<br>)<br>Defendants. )<br>) | C.A. No. 12-356-RGA |

### DEFENDANTS' NOTICE OF 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants will take the deposition on oral examination of Plaintiff Pi-Net International, Inc. ("Pi-Net") at the offices of DUANE MORRIS LLP, 222 Delaware Avenue, Suite 1600, Wilmington, DE 19801-1659 on July 12, 2013, or at such other date and place as agreed by the parties, commencing at 9:00 a.m., and continuing thereafter from day to day until completed, excluding weekends and holidays.

The deposition will be taken before a notary public or other person authorized to administer oaths, and may be recorded by any means that the Federal Rules of Civil Procedure permit, including videotaping, audio taping, stenographic recording, and means permitting electronic transmission of the transcript. Defendants reserve the right to use such recordings at trial.

Pi-Net shall designate one or more officers, directors, managing partners, or other persons who consent to testify on behalf of Pi-Net to answer questions on the matters for examination identified on the attached Schedule A.

<b>Case 1:12-cv-00282-SLR   Document 81   Filed 06/12/13   Page 3 of 12 PageID #: 2280</b>

| | |
|---|---|
| DATED: June 7, 2013 | Respectfully submitted, |
| | |
| /s/ *Robert S. Saunders* | /s/ *David E. Moore* |
| Robert S. Saunders (ID No. 3027) | Richard L. Horwitz (ID No. 2246) |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | David E. Moore (ID No. 3983) |
| | POTTER ANDERSON & CORROON LLP |
| One Rodney Square | Hercules Plaza, 6th Floor |
| P.O. Box 636 | 1313 N. Market Street |
| Wilmington, Delaware 19899 | Wilmington, Delaware 19801 |
| Tel: (302) 651-3000 | Tel.: (302) 984-6000 |
| Fax: (302) 651-3001 | rhorwitz@potteranderson.com |
| rob.saunders@skadden.com | dmoore@potteranderson.com |
| | |
| *Attorneys for Defendant JPMorgan Chase & Co.* | *Attorneys for Defendants Bank of America, N.A.; Merrill Lynch, Pierce, Fenner & Smith Incorporated; and Citizens Financial Group, Inc.* |

/s/ *Benjamin A. Smyth*
Matt Neiderman (Del. Bar No. 4018)
Benjamin A. Smyth (Del. Bar No. 5528)
DUANE MORRIS, LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801-1659
Telephone: 302.657.4900
Facsimile: 302.657.4901

*Attorneys for Defendants Capital One Financial Corporation, ING Bank, fsb, Capital One, National Association, and Capital One Bank (USA), National Association*

3

**Schedule A**

DEFINITIONS

1. "Pi-Net," "Plaintiff," "you," and "your" shall be defined to the broadest extent permitted by the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to mean and include Pi-Net International, Inc., together with its subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and all present and former officers, directors, agents, employees, consultants, experts, attorneys, representatives, nominees or other persons acting or purporting to act on behalf of any of the foregoing.

2. "WebXchange" shall be defined to the broadest extent permitted by the Fed. R. Civ. P., to mean and include WebXchange, Inc., together with its subsidiaries, affiliates, divisions, and corporate predecessors, whether owned wholly or only partially, and all present and former officers, directors, agents, employees, consultants, experts, attorneys, representatives, nominees or other persons acting or purporting to act on behalf of any of the foregoing.

3. "The patents-in-suit" shall mean and include U.S. Patent No. 5,987,500, U.S. Patent No. 8,037,158, and U.S. Patent No. 8,108,492.

4. "Related patents and/or applications" of an identified United States patent or patent application shall mean and include all continuation, continuation-in-part, divisional reissued or reexamined United States patents or patent applications that claim priority to the same original patent application including, without limitation, provisional applications, to which the identified United States patent or patent application claims priority, together with all requests for continued examination, examination proceedings or correction certificates that claim priority or originate from any of the foregoing patent applications or patents.

5. "The inventor" shall mean and include the person identified as the inventor on the face of the patents-in-suit, namely Dr. Lakshmi Arunachalam.

6. "Accused Instrumentalities" shall mean the specific services, systems, apparatus, processes, methods or acts made, used, imported, sold or offered for sale by Defendants that Pi-Net alleges infringes or has infringed, directly or indirectly, any claim of the patents-in-suit.

7. "Asserted Claims" shall mean each and every claim of the patents-in-suit that Pi-Net asserts are infringed by any Accused Instrumentality.

8. "PTO" shall mean and refer to the United States Patent and Trademark Office.

9. "Prior art," "in the prior art," or similar terminology shall mean and include, by way of example and without limitation, the subject matter described in 35 U.S.C. § 103 and each and every subdivision of 35 U.S.C. § 102.

10. The phrase "this lawsuit" shall mean *Pi-Net International, Inc. v. Capital One Financial Corp. et al*, Civil No. 12-00356 (RGA), pending in the United States District Court for the District of Delaware.

11. "Related Litigation(s)" shall mean and include all other past, current, or future action, lawsuit, or arbitration involving the patents-in-suit or related patents or patent applications including, without limitation, *WebXchange Inc. v. Allstate Insurance Co.,* No. 08-cv-00131 (D. Del.), *WebXchange Inc. v. Dell Inc.*, No. 08-cv-132 (D. Del.), *WebXchange Inc. v. FedEx Corp.*, No. 08-cv-133 (D. Del.), *Pi-Net Int'l Inc. v. Wilmington Trust Co.*, No.12-cv-00281 (D. Del.), *Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, No. 12-cv-00282 (D. Del.), *Pi-Net Int'l Inc. v. WSFS Financial Corp.,* No. 12-cv-00352 (D. Del.), *Pi-Net Int'l Inc. v. UBS Financial Services Inc.*, No. cv-00353 (D. Del.), *Pi-Net Int'l Inc. v. Sovereign Bank N.A.*, No. 12-cv-00354 (D. Del.), *Pi-Net Int'l Inc. v. Citizens Financial Group Inc.*, No. 12-cv-00355 (D.

Del.), *Pi-Net Int'l Inc. v. Bank of America, N.A.*, No. 12-cv-00280 (D. Del.), *Pi-Net Int'l Inc. v. Ace Rent a Car Inc.*, No. 12-cv-4303 (C.D. Cal.), *Pi-Net Int'l Inc. v. Avis Budget Group Inc.*, No. 12-cv-4036 (C.D. Cal.), *Pi-Net Int'l Inc. v. Dollar Thrifty Automotive Group Inc.*, No. 12-cv-4270 (C.D. Cal.), *Pi-Net Int'l Inc. v. Enterprise Holdings Inc.*, No. 12-cv-3970 (C.D. Cal.), *Pi-Net Int'l Inc. v. Payless Car Rental System Inc.*, No. 12-cv-4394 (C.D. Cal.), *Pi-Net Int'l Inc. v. U-Haul Int'l Inc.,* No. 12-cv-4301 (C.D. Cal.), *Pi-Net Int'l Inc. v. Bridge Bank*, No. 12-cv-4959 (N.D. Cal.), *Pi-Net Int'l Inc. v. First National Bank of California*, No. 12-cv-4957 (N.D. Cal.), *Pi-Net Int'l Inc. v. Focus Business Bank*, No. 12-cv-4958 (N.D. Cal.), *Pi-Net Int'l Inc. v. Mission National Bank*, No. 12-cv-4960 (N.D. Cal.), *Pi-Net Int'l Inc. v. Presidio Bank*, No. 12-cv-4962 (N.D. Cal.), *Pi-Net Int'l Inc. v. Commonwealth Central Credit Union*, No. 12-cv-5730 (N.D. Cal.), *Pi-Net Int'l Inc. v. My Credit Union,* No. 12-cv-5733 (N.D. Cal.), *Pi-Net Int'l Inc. v. San Jose Credit Union,* No. 12-cv-5732 (N.D. Cal.), *Pi-Net Int'l Inc. v. South Bay Credit Union,* No. 12-cv-9705 (C.D. Cal.), *Pi-Net Int'l Inc. v. Inland Valley Credit Union,* No. 12-cv-1990 (C.D. Cal.), *Pi-Net Int'l Inc. v. Cal Poly Federal Credit Union,* No. 12-cv-9703 (C.D. Cal.), *Pi-Net Int'l Inc. v. 1st Valley Credit Union,* No. 12-cv-1989 (C.D. Cal.), *Pi-Net Int'l Inc. v. Media City Community Credit Union,* No. 12-cv-9699 (C.D. Cal.), and *Pi-Net Int'l Inc. v. The Hertz Corporation et al.,* No. 12-cv-10012 (C.D. Cal.).

12. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make a topic inclusive rather than exclusive.

13. The terms "any" and "each" shall be construed to include and encompass "all."

14. The term "including" shall not be construed as limiting any topic, and shall mean the same as "including, but not limited to."

15. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

16. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and businesses or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

17. The terms "communication" and "communications" shall include, without limitation, any written or oral communication, transfer or exchange of information, or disclosure, including any communication in person, by telephone, or by any other means including, without limitation, letters, teletypes, telexes, telecopies, telefacsimiles, computer linkups, wireless transmissions, written memoranda, voicemail, email, and face-to-face conversations. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

18. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

19. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

20. The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing

with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating a given subject matter.

21. The term "license" shall include licenses to, sublicenses to, interests in, rights in, and covenants not to sue over the subject matter of the patents-in-suit, or patents or applications related to the patents-in-suit, as well as offers or requests to grant such license. "To license" shall mean to grant such a license, sublicense, interest, right, or covenant not to sue.

22. The terms "document" and "documents" are used in the most comprehensive and inclusive sense permitted by Federal Rule of Civil Procedure 34 and include, but are not limited to, all of the following in your actual or constructive possession, custody, or control: all written, handwritten, typewritten, drawn, graphic, printed, recorded, magnetic, optical, electronic, or otherwise produced or reproduced matter or medium of any kind on which any intelligence or information is recorded or stored, or from which any intelligence or information can be obtained or translated, if necessary. "Document" includes, but is not limited to, the original and any non-identical copy, whether different from the original because of any notes, marks, alterations, writings, or other changes made on said copy or otherwise.

23. The use of the term "the" shall not be construed as limiting the scope of any topic below.

24. The use of the singular shall also include the plural, and vice versa.

## MATTERS FOR EXAMINATION

1. The development, design, engineering, and/or prototyping of each of the alleged inventions disclosed or claimed in the patents-in-suit or related patents and applications.

2. The date(s) and circumstances of the alleged conception of the subject matter claimed in each asserted claim of the patents-in-suit, or related patents and applications, and an identification of any and all evidence that corroborates such conception date(s).

3. The date(s) and circumstances of the alleged reduction to practice of the subject matter claimed in each asserted claim of the patents-in-suit, or related patents and applications, and an identification of any and all evidence that corroborates such reduction to practice date(s).

4. The identity of each person who contributed to the alleged invention(s) disclosed or claimed in the patents-in-suit, or related patents and applications, and the specific contributions of each such person to the alleged invention(s).

5. Any and all diligence in the reduction to practice of the subject matter claimed in each asserted claim of the patents-in-suit, or related patents and applications, and an identification of any and all evidence that corroborates such diligence in the reduction to practice of the subject matter claimed in each asserted claim of the patents-in-suit or related patents and applications.

6. Any and all benefits that Plaintiff contends are generated by using the invention(s) claimed by the patents-in-suit, or related patents and applications, as compared to what was known in the prior art when the applications for the patents-in-suit were filed.

7. Any and all facts indicating that any product or method claimed in the patents-in-suit, or related patents and applications, fulfilled, or did not fulfill, a long felt, but previously unmet, need in the industry.

8. For each asserted claim of the patents-in-suit, or related patents and applications, the differences between the claimed invention and the prior art.

9. For each asserted claim of the patents-in-suit, or related patents and applications, the level of ordinary skill in the art at the time of the alleged invention.

10. The meaning of the words and phrases that appear in the claims of the patents-in-suit, or related patents and applications.

11. The construction or meaning of the asserted claims of the patents-in-suit, or related patents and applications.

12. The decision to seek patent protection for the claimed subject matter of the alleged inventions in the patents-in-suit, or related patents and applications.

13. The prosecution of the patents-in-suit or related patents and applications.

14. Any and all prior art or patent searches conducted in connection with the prosecution or re-examination of the patents-in-suit, or related patents and applications.

15. All prior art known to the inventor and her counsel before and/or during the prosecution or re-examination of the patents-in-suit, or related patents and applications.

16. The decision to disclose, or not disclose, or how to identify, describe, or characterize, any patents, products, devices, systems, prior art, or other references to the PTO during prosecution or re-examination of the patents-in-suit, or related patents and applications.

17. Any and all documents and things that are now, or any other time were, considered to be material to the patentability of any asserted claim of the patents-in-suit, or related patents and applications.

18. Any use and/or knowledge in the United States of the alleged inventions disclosed or claimed in the patents-in-suit, or related patents and applications, including, but not limited to,

any public use, public demonstration, public knowledge, and/or licensing of the alleged inventions disclosed or claimed in the patents-in-suit, or related patents and applications.

19. Any advertising, marketing, offers for sale, and/or distribution of the alleged invention(s) disclosed or claimed in the patents-in-suit, including prototypes and products in development.

20. Any efforts to commercially exploit the patents-in-suit, or related patents and applications, and the results thereof, including by way of licenses, transfers, assignments, or sales.

21. Any claims of infringement by a third party of the patents-in-suit, or related patents and applications, or any claim thereof, including, but not limited to, efforts to monitor and police such possible infringement.

22. Any damages or other harm suffered by Pi-Net, WebXchange, or the inventor as a result of any alleged infringement by a third party of the patents-in-suit, or related patents and applications.

23. Any claim or assertion by any party that the patents-in-suit, or related patents and applications, or any claims thereof, are invalid or unenforceable.

24. Any analyses or opinions on the validity or invalidity, enforceability or unenforceability, infringement or non-infringement, patentability or unpatentability, or scope of the patents-in-suit, or related patents and applications, or any claim thereof.

25. Pi-Net's and WebXchange's corporate and organizational structure, including the history of the companies since their founding.

26. Any and all descriptions, design documents, demonstrations, presentations, prototypes, models, modifications, or planning documents of Pi-Net's or WebXchange's products and/or services.

27. Any review or analysis of the Accused Instrumentalities or any comparison between the Accused Instrumentalities and the subject matter of the patents-in-suit, or related patents and applications.

28. Any and all communications between Pi-Net, WebXchange, or the inventor, or anyone acting on behalf of the aforementioned, and any third party regarding the patents-in-suit, or related patents and applications, or the Accused Instrumentalities, including but not limited to communications with the PTO.

29. Pi-Net's and WebXchange's document retention and/or destruction policies and practices.

30. Any steps taken to ensure that all documents potentially relevant to this lawsuit, the Accused Instrumentalities, and/or the patents-in-suit (including without limitation any metadata associated with such documents) were preserved.

31. Any steps taken to identify, search for, collect, and/or produce documents responsive to Defendants' document requests (including without limitation any metadata associated with any such documents) from any source (e.g., person, entity, shared server).

32. Any instances of destruction, manipulation, or loss of any document potentially relevant to this lawsuit, the Accused Instrumentalities, and/or the patents-in-suit.

33. The identities of persons with knowledge regarding the subject matter of each of the foregoing topics.