SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
(302) 651-3170
DIRECT FAX
(302) 574-3170
EMAIL ADDRESS
Rob.Saunders@skadden.com

July 2, 2013

*VIA ECF*
The Honorable Richard G. Andrews
United States District Court
District of Delaware
844 N. King Street, Unit 9
Wilmington, Delaware  19801

          RE: *Pi-Net International, Inc. v. JPMorgan Chase & Co.* (Case No. 12-282-RGA)

Dear Judge Andrews:

    I write on behalf of JPMorgan Chase & Co. ("JPMC"), the defendant in the above-referenced patent infringement suit filed by Pi-Net International, Inc. ("Pi-Net"), and the lone active defendant in the coordinated Pi-Net patent infringement actions pending in this Court.[1]

    On June 3, 2013, the parties submitted a Joint Status Report detailing their competing proposals for addressing the Court's concern about the number of

---

[1] In March 2012, Pi-Net filed eight patent infringement suits against financial institutions (collectively, "the Pi-Net actions"). Civil Action Nos. 12-280-RGA; 12-281-RGA; 12-282-RGA; 12-352-RGA; 12-353-RGA; 12-354-RGA; 12-355-RGA; and 12-356-RGA. These cases were coordinated for purposes of discovery and claim construction. (D.I. 17) As of June 26, 2013, six of Pi-Net actions have settled, and the one other pending case (Civil Action No. 12-355-RGA) has been stayed. Thus, JPMC is the sole active defendant remaining in the Pi-Net actions.

Hon. Richard G. Andrews
July 2, 2013
Page 2

disputed claim construction issues. (D.I. 79) JPMC remains committed to the position that the defendants set forth in that report, namely:

(1) The Court addresses 11 disputed claim terms (5 that were the subject of JPMC's Motion for Summary Judgment, and 6 additional terms from the parties' *Markman* briefing). These 11 terms are at the core of the parties' dispute.

(2) After receiving this decision, both sides would then evaluate whether and to what extent any additional terms would need to be construed. JPMC strongly believes that, to the extent any claims survive this proposed abbreviated proceeding, the Court's order would provide both sides with critical guidance and allow them to streamline the remainder of the case.

Pi-Net's proposal, which seems to be that the Court should decline to construe any disputed terms beyond the 11 that JPMC proposed, is untenable. (*See* D.I. 79 at 4) Because Pi-Net continues to assert 33 claims from among the 3 patents-in-suit, the jury would be left in that case to deal with numerous un-construed terms that both sides acknowledge have no ordinary meaning in the art. Such an approach would inevitably lead to jury confusion, and may also lead to reversible error by requiring the jury to resolve disputed issues of claim construction.

With depositions and expert discovery looming, JPMC is anxious to obtain clarity on its motion for summary judgment and on the status of claim construction. Accordingly, JPMC respectfully requests that the Court schedule an oral hearing on its motion and on its abbreviated list of *Markman* terms at the Court's earliest convenience.

Respectfully,

*/s/ Robert S. Saunders*

Robert S. Saunders (ID No. 3027)

cc: Clerk of the Court (via ECF)
    George Pazuniak, Esq. (via ECF)

718205-WILSR01A - MSW