SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
(302) 651-3170
DIRECT FAX
(302) 574-3170
EMAIL ADDRESS
Rob.Saunders@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

August 21, 2013

*VIA ECF*
The Honorable Richard G. Andrews
United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware  19801

Re:  *Pi-Net International, Inc. v. JPMorgan Chase & Co.* (Case No. 12-282-RGA)

Dear Judge Andrews:

The parties in the above-referenced patent infringement suit filed by Pi-Net International, Inc. ("Pi-Net") against JPMorgan Chase & Co. ("JPMC") respectfully submit this joint letter, which outlines the parties' positions regarding whether the current schedule should be modified.  JPMC believes that certain deadlines should be extended, while Pi-Net believes that no modifications should be made.

*JPMC's Position*

Originally, the *Markman* hearing in this action was scheduled for June 21, 2013.  (D.I. 17)  In their proposed scheduling order, the parties keyed several dates off of the *Markman* decision, including the close of fact discovery, as well as the expert reports and the case-dispositive motion deadline.  (D.I. 14 at 9-10)  On July 17, 2013, the Court set a new *Markman* hearing date of March 6, 2014.  Now that the *Markman* hearing date has been postponed by roughly 9 months, JPMC proposes that the schedule be adjusted so as to maintain the same relative time periods for fact discovery, expert discovery, case-dispositive motions, and trial that the parties originally contemplated (and that the Court generally accepted).  JPMC's proposal,

The Honorable Richard G. Andrews
August 21, 2013
Page 2

and a comparison to the current schedule, is set forth below:

**JPMC's Proposed Schedule**

| Event | Current Date | Proposed New Date |
|---|---|---|
| Markman Hearing | Thursday, March 6, 2014 | Thursday, March 6, 2014 |
| Close of Fact Discovery | Wednesday, September 18, 2013 | Thursday, February 20, 2014 |
| Initial Disclosure of Expert Testimony | Friday, October 18, 2013 | Friday, June 27, 2014 |
| Rebuttal Expert Disclosures | Monday, November 18, 2013 | Monday, August 4, 2014 |
| Reply Expert Reports Due | Wednesday, December 18, 2013 | Tuesday, September 2, 2014 |
| Deadline for Expert Depositions | Friday, February 7, 2014 | Thursday, October 23, 2014 |
| Deadline for Case Dispositive Motions | Friday, February 21, 2014 | Thursday, November 6, 2014 |
| Initial Pretrial Conference | Friday, March 14, 2014 | Thursday, November 27, 2014, or on a date to be set by the Court |
| Joint Proposed Pretrial Order Due (By 5PM) | Tuesday, May 20, 2014 | Monday, February 2, 2015, or on a date to be set by the Court |
| Final Pretrial Conference | Friday, May 23, 2014 | Thursday, February 5, 2015, or on a date to be set by the Court |
| Trial | Monday, June 2, 2014 | Monday, February 16, 2015, or on a date to be set by the Court |

JPMC's proposal would avoid several potential issues that may arise if the schedule is not modified, including:

- The initial pre-trial conference is currently scheduled for one week after the *Markman* hearing, leaving the Court and the parties little time to resolve any claim construction issues before proceeding to trial.

- The parties would be in the middle of case-dispositive motion briefing when the *Markman* hearing is held.

The Honorable Richard G. Andrews
August 21, 2013
Page 3

- Expert reports would be completed three months before the *Markman* hearing, and would then likely need to be updated to the extent that the Court adopts any claim constructions that were not proposed by the parties. Expert depositions would have to be complete more than a month before the *Markman* hearing, and thus additional expert depositions may be necessary post-*Markman*.

While JPMC is aware that certain judges in this jurisdiction hold summary judgment and *Markman* proceedings at the same time, that was not what the parties contemplated here, and would be a fundamental departure from the original, joint position that the parties put forth (and that the Court adopted). (*See* D.I. 17) Moreover, JPMC is unaware of any Scheduling Orders in which a pre-trial conference was scheduled just a week after the *Markman* hearing, or in which the case-dispositive motion briefing is halfway complete at the time of the *Markman* hearing.

We are loathe to engage in a point-by-point rebuttal of Pi-Net's Position below; however, we are compelled to address one significant inaccuracy.[1] Pi-Net contends that before the Court issued its Order continuing the *Markman* hearing, (D.I. 76), "JPM[C] proposed to have the claim construction and summary judgment hearings take place at the same time." JPMC never made such a proposal. JPMC has always believed that its fully briefed motion for summary judgment of indefiniteness—which has the potential to eliminate more than 90% of the asserted claims—should be heard *before* a full *Markman* proceeding. (*See, e.g.*, D.I. 45) The currently scheduled dates for summary judgment argument and the *Markman* hearing facilitate JPMC's view, and the proposed alterations to the remainder of the schedule are intended to maximize the benefit obtained by staging the summary judgment and *Markman* hearings. Accordingly, JPMC has not and is not seeking to delay the resolution of this case; to the contrary, JPMC is seeking to ease the burden on the parties and the Court so that the case may be resolved in a more efficient and expedient fashion.

For the foregoing reasons, JPMC respectfully requests that the Court extend the schedule as proposed above.

---

[1] Pi-Net's Position also inaccurately summarizes the parties' respective positions on how best to narrow the scope of the *Markman* proceedings. Rather than distract from JPMC's request regarding the schedule by addressing those inaccuracies here, JPMC respectfully refers the Court to the Joint Status Report submitted on June 3, 2013 (D.I. 79), for a full account of those issues.

The Honorable Richard G. Andrews
August 21, 2013
Page 4

### *Pi-Net's Position*

Plaintiff Pi-Net has previously agreed to minor adjustments of the Scheduling Order to avoid dispute, but JPMorgan's proposal greatly extends the time period of the litigation and is not appropriate.

The Court had previously granted JPMorgan's request to file an early summary judgment motion, which turned almost entirely on claim construction. That motion was briefed. The Court had also scheduled the claim construction hearing for June 21, 2013, and JPMorgan proposed to have the claim construction and summary judgment hearings take place at the same time. The Court then requested the parties to limit the number of claim terms that would have to be argued to the Court, presumably, so that the requested hearing date could be accommodated. To assist the Court and to keep the case moving, Plaintiff Pi-Net agreed to limit the number of terms to be considered, and even offered JPMorgan the right to choose which terms would be argued. (DI 79) JPMorgan refused, and demanded to argue all its proposed terms and contentions. (DI 79)

It was at this point that the Court set the dates for the summary judgment hearing and for claim construction. (Oral Order July 17, 2013)

Thus, the delay in the hearings was apparently precipitated by JPMorgan's refusal to limit the number of issues being presented to the Court.

Moreover, Plaintiff Pi-Net objects to JPMorgan's request to postpone all dates, because it unnecessarily extends the case too long. Plaintiff had previously agreed to extensions of time that were proposed by the Defendants. See DI 30, 40, 63 and 80. This case was filed March 12, 2012, and is not a difficult case, particularly with the Court having limited, at JPMorgan's request, the number of Accused Instrumentalities that Plaintiff can assert to six.

Defendant JPMorgan's arguments as to the difficulties of the present schedule are, respectfully, overstated. This Court often, if not usually, holds its claim construction hearing in conjunction with dispositive motions and after all the expert reports are filed. Indeed, Judge Robinson refuses to schedule claim construction hearings until expert discovery is completed and dispositive motions are filed, so that the claim construction issues are properly crystalized. This is not a suggestion that this Court should follow the same procedure, but it demonstrates that the schedule in this case is not a problem merely because of the timing of the hearing *vis-à-vis* the expert reports and dispositive motions.

The Honorable Richard G. Andrews
August 21, 2013
Page 5

In short, JPMorgan has contributed to the current schedule. There is nothing inherently problematical with the schedule, because it accords with planned schedules in other cases. Certainly, JPMorgan cannot claim prejudice from the schedule. It is in everybody's interest to have the case to go forward, and not be furthered delayed. Thus, the best solution is to continue the current schedule, and the parties should be able to work out any minor revisions in their submissions without having to ask the Court to revise its schedule or become involved.

                  Respectfully,

| | |
|---|---|
| */s/ George Pazuniak* | */s/ Robert S. Saunders* |
| George Pazuniak (ID No. 478) | Robert S. Saunders (ID No. 3027) |
| O'KELLY ERNST & BIELLI, LLC | SKADDEN, ARPS, SLATE, |
| 901 N. Market St. | MEAGHER & FLOM LLP |
| Suite 1000 | One Rodney Square |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19899 |
| Tel.: (302) 478-4230 | Tel.: (302) 651-3000 |
| GP@del-iplaw.com | rob.saunders@skadden.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Pi-Net International, Inc.* | *JPMorgan Chase & Co*. |