# O'KELLY ERNST & BIELLI, LLC

George Pazuniak
GP@Del-IPLaw.com
Direct: (302) 478-4230

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

August 22, 2013

The Honorable Richard G. Andrews
The United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      RE:      *Pi-Net International, Inc. v. JPMorgan Chase & Co.* (Case No. 12-282-RGA)

Dear Judge Andrews:

      I did not authorize the filing of the purported "joint letter" filed yesterday evening by JPMorgan's counsel (DI 86). I had authorized a "joint letter," but it was not the one actually filed. The letter that JPMorgan filed with my electronic signature (DI 86) had added new matter, including accusing me of a "significant inaccuracies," without my review or authority, and without an opportunity to respond. In fact, JPMorgan's allegations are directly contradicted by the Court record, and Pi-Net's statements came directly from JPMorgan's Court filing.

      JPMorgan first asserts that it had never proposed "to have the claim construction and summary judgment hearings take place at the same time." (DI 86 at page 3) In fact, my statement comes directly from the parties Joint Status Report. There, JPMorgan and the other Defendants stated:

> Specifically, Defendants respectfully request that the Court re-schedule a hearing on June 21, 2013, or at its earliest convenience, so that the parties may argue:
>
> 1. Defendants' motion for partial summary judgment of invalidity based on Defendants' assertion that the following five claim terms are indefinite….
>
> 2. The construction or determination of indefiniteness for the following additional terms from the parties' Markman briefing

(DI 79 at 6-7). Thereafter, JPMorgan and the other Defendants added:

> In accordance with the Court's order, Defendants propose that the Court schedule a <u>joint hearing</u> on Defendants' SJ Motion and claim construction—11 terms total—at the Court's earliest convenience

(DI 79 at 9).

Thus, my comments come directly from the Court's record, and that record plainly contradicts JPMorgan's statement that it never proposed a joint hearing. Although JPMorgan quotes <u>earlier</u> requests for an early summary judgment hearing, Pi-Net correctly quoted JPMorgan's most recent record position.

Similarly, JPMorgan is in error in arguing that "Pi-Net's Position also inaccurately summarizes the parties' respective positions on how best to narrow the scope of the Markman proceedings." (DI 86 at page 3 fn. 1) However, Pi-Net agrees that the Court may review the Joint Status Report (DI 79) for the parties' respective positions.

JPMorgan asserts that the current schedule "would be a fundamental departure from the original, joint position that the parties put forth (and that the Court adopted)." That schedule was developed, however, by starting with a date for a pre-trial hearing. Thereafter, the other dates, including the dates for dispositive motions, were worked back from that end date. Subsequently, all the changes in the Scheduling Order took advantage of built-in time frames, and carefully avoided any changes that would delay the dispositive motions and the pre-trial date. JPMorgan now proposes to change those critical "end" dates, and that Pi-Net opposes. The parties did not contemplate ever changing those dates.

Pi-Net hopes that JPMorgan in the future will obtain Pi-Net's authority before filing purported "joint letters," which will avoid having to write letters such as these.

Respectfully Submitted,

George Pazuniak

cc: Clerk of the Court (via ECF)
Counsel of Record (via ECF)