AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| Pi-Net, International, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   12-282-RGA |
| JPMorgan Chase & Co. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware                         ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  ACI Worldwide, Inc.

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Schedule A.  Please produce documents no later than October 4, 2013 to:
Robert S. Saunders
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square, P.O. Box 636          rob.saunders@skadden.com
Wilmington, DE 19899                              (302) 651-3000

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   09/23/2013

*CLERK OF COURT*
OR

_____          /s/ Robert S. Saunders
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     JPMorgan Chase & Co.
_____ , who issues or requests this subpoena, are:

Robert S. Saunders          rob.saunders@skadden.com
One Rodney Square, P.O. Box 636     (302) 651-3000
Wilmington, DE 19899

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 12-282-RGA

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* ACT Worldwide, Inc.
was received by me on *(date)* 9/23/13

☑ I served the subpoena by delivering a copy to the named individual as follows: Francis Burris at 3:32 an authorized person to accept for National Registered Agents, Inc. on *(date)* 9/23/13 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____  for travel and $ _____  for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 9/23/13

_____
Server's signature

Robert Bauer — Process Server
Printed name and title

1111B South Governors Avenue
Dover DE
Server's address

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

### DEFINITIONS AND INSTRUCTIONS

1. Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, please produce the requested documents as they are kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced. E-mail attachments should be produced with or following their corresponding emails.

2. These Requests cover all information in your possession, custody, or control including, but not limited to, information in the possession, custody or control of your present and former directors, officers, agents, employees, partners, consultants, experts, nominees, attorneys, or anyone else acting on your behalf or otherwise subject to your control, and representatives of any of the aforesaid acting in that capacity, as well as information in the possession, custody, or control of any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate.

3. In responding to these Requests, documents and things are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document or thing produced in response to these Requests, at least the following information should be provided:

  (a) the nature of the material deleted;

(b) the reason for the deletion; and

(c) an identification of the person responsible for the deletion.

4. "ACI", "you", and "your" shall refer to ACI Worldwide, Inc. and all related entities, including subsidiaries, affiliates, parents, and predecessors.

5. "JPMC" shall mean JPMorgan Chase & Co. and all related entities, including subsidiaries, affiliates, parents, and predecessors.

6. "Chemical Bank" shall mean Chemical Banking Corporation and all related entities, including subsidiaries, affiliates, parents, and predecessors.

7. "Manufacturers Hanover" shall mean Manufacturers Hanover Corporation and all related entities, including subsidiaries, affiliates, parents, and predecessors.

8. "Online Banking" shall mean the use of a client device or client software by a customer to conduct banking operations (such as funds transfers, bill payments, and balance inquiries) remotely over an electronic network, including but not limited to the Internet, the Web, a private network, or a dial-up connection. Online Banking does not include ATM-based operations.

9. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make a topic inclusive rather than exclusive.

10. The terms "any" and "each" shall be construed to include and encompass "all."

11. The term "including" shall not be construed as limiting any topic, and shall mean the same as "including, but not limited to."

12. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

13. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and businesses or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

14. The terms "communication" and "communications" shall include, without limitation, any written or oral communication, transfer or exchange of information, or disclosure, including any communication in person, by telephone, or by any other means including, without limitation, letters, teletypes, telexes, telecopies, telefacsimiles, computer linkups, wireless transmissions, written memoranda, voicemail, email, and face-to-face conversations. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

15. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

16. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

17. The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating a given subject matter.

18. The terms "document" and "documents" are used in the most comprehensive and inclusive sense permitted by Federal Rule of Civil Procedure 34 and include, but are not limited to, all of the following in your actual or constructive possession, custody, or control: all written, handwritten, typewritten, drawn, graphic, printed, recorded, magnetic, optical, electronic, or otherwise produced or reproduced matter or medium of any kind on which any intelligence or information is recorded or stored, or from which any intelligence or information can be obtained or translated, if necessary. "Document" includes, but is not limited to, the original and any non-identical copy, whether different from the original because of any notes, marks, alterations, writings, or other changes made on said copy or otherwise.

19. The use of the term "the" shall not be construed as limiting the scope of any topic below.

20. The use of the singular shall also include the plural, and vice versa.

21. If you consider any Request objectionable, you shall produce documents and things responsive to so much of each Request or sub-part as is considered not objectionable in your view, and separately state the part(s) of each Request as to which you raise objection and each ground for each such objection. This instruction is not intended to alter your time to object as set forth in the Federal Rules.

22. Where a claim of privilege or work product is asserted in objecting to any Request or sub-part thereof, including a claim of privilege or work product asserted as to producing any document or sub-part thereof or to disclosing any information contained therein, and a response to the Request is not provided on the basis of such assertion, the attorney asserting such privilege shall in the objection to the Request, identify the nature of the privilege being claimed and provide the following information:

(a) the type of document;

(b) the general subject matter of the document;

(c) the type of privilege asserted;

(d) the portion of the document to which privilege is asserted;

(e) the date of the document; and

(f) such other information sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressee of the document, and the relationship of the author to the addressee.

23. If, after conducting a reasonable investigation, a full response cannot be provided for any Request, state that such is the case and respond to the fullest extent possible, stating what responsive documents are available, what documents cannot be provided, why the documents are unavailable, and what efforts were made to obtain the unavailable documents.

24. If you are unable to respond to a Request because documents or things have been lost or destroyed, provide at least the following information:

    (a) descriptions of the documents or things to the fullest extent possible;

    (b) the date such documents and things were lost or destroyed;

    (c) the persons responsible for the loss or destruction; and

    (d) the reasons for and circumstances of the loss or destruction.

25. If any document or thing requested is no longer in your possession, custody, or control, provide at least the following information:

    (a) what was done with the document or thing;

    (b) when the document or thing was made;

    (c) the identity and address of the current custodian;

    (d) the person(s) responsible for the disposal or transfer; and

    (e) the reasons for the disposal or transfer of the document or thing.

26. If any answer to any of these Requests may at any time be incomplete or incorrect due to information acquired by you subsequent to service of its responses, or if you come into possession, custody, or control of additional responsive information between the time of its initial response and the time of trial, you shall promptly serve supplemental answers reflecting the complete and correct information.

## REQUESTS

1. Any documents that relate to the Online Banking functionality, technical operation, or design of ACI's BASE24 software sold to, licensed to, or used by Chemical Bank or Manufacturers Hanover prior to 1997, including but not limited to specifications, design documentation, manuals, and flow charts.

2. Any documents that relate to the Online Banking functionality, technical operation, or design of any other Online Banking software not encompassed by Request No. 1 developed, commercialized, or marketed by ACI and sold to, licensed to, or used by Chemical Bank or Manufacturers Hanover prior to 1997, including but not limited to specifications, design documentation, manuals, and flow charts.

3. Any documents that demonstrate the marketing, commercialization, public availability, or public awareness of ACI's BASE24 software sold to, licensed to, or used by Chemical Bank or Manufacturers Hanover prior to 1997, including but not limited to advertisements, communications, invoices, and agreements.

4. Any documents that demonstrate the marketing, commercialization, public availability, or public awareness of any other Online Banking software not encompassed by Request No. 3 developed, commercialized, or marketed by ACI and sold to, licensed to, or used by Chemical Bank or Manufacturers Hanover prior to 1997, including but not limited to advertisements, communications, invoices, and agreements.

5. Any documents not encompassed by Requests 1 and 2 that relate to the functionality, technical operation, or design of any Online Banking software developed, commercialized, or marketed by ACI prior to 1997, including but not limited to specifications, design documentation, manuals, and flow charts.

9

6. Any documents not encompassed by Requests 3 and 4 that demonstrate the marketing, commercialization, public availability, or public awareness of any Online Banking software developed, commercialized, or marketed by ACI prior to 1997, including but not limited to advertisements, communications, invoices, and agreements.