# O'KELLY ERNST & BIELLI, LLC

George Pazuniak
GP@Del-IPLaw.com
Direct: (302) 478-4230

901 N. Market Street
Suite 1000
Wilmington, DE 19801
Phone: (302) 778-4000
Fax: (302) 295-2873

November 11, 2013

The Honorable Richard G. Andrews
The United States District Court for the
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

      RE:    *Pi-Net International, Inc. v. JPMorgan Chase & Co.* (Case No. 12-282-RGA)

Dear Judge Andrews:

      JPMorgan's letter (D.I. 98) presents overwhelming amount of paper, but no substance. Plaintiff Pi-Net had produced the documents in issue months ago. Yet, JPMorgan did not raise this dispute until the close of fact discovery, and while Plaintiff Pi-Net was in the midst of preparing responsive expert reports. JPMorgan's request ignores the Protective Order entered in this case, and its statement of facts surrounding the dispute is not complete.

      The Stipulated Protective Order in this case (D.I. 31 at ¶26) specifically states that:

> Inadvertent production of documents, things or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, and shall not otherwise prejudice any claim that such material or related material is privileged, protected as attorney work product, or is otherwise immune from discovery, provided that the producing party or third party notifies the receiving party in writing promptly after discovery of such inadvertent production. … No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the producing party or third party for such party to avail itself of the provisions of this paragraph.

      The privileged documents were inadvertently produced. Plaintiff Pi-Net had made a good faith effort to identify, remove from production and schedule on a privilege log all

documents subject to the attorney-client privilege. Because of the many prior litigations and lengthy Patent Office proceedings, there was a massive amount of such privileged documents. Pi-Net first produced a privilege log identifying about 3,100 documents and a separate list of 700 documents, and then Pi-Net provided an additional privilege log identifying 13,000 documents.

The process of identifying the potentially privileged document began with an electronic search for emails and other documents that had names of attorneys, which was conducted by a third-party provider, Digital Legal. It was assumed that any potentially privilege documents would be identified for review by this process, and the main effort was to confirm that any withheld documents were properly included on the privilege log. Unfortunately, the electronic searches did not identify all the potentially privileged documents. Pi-Net did not discover, and had no reason to suspect, that any privileged documents were produced until one such document was marked during the deposition of the Dr. Arunachalam on September 27, 2013. At that point, Plaintiff invoked the "claw-back" provision of ¶26 of the Protective Order (D.I. 31). Pi-Net was in the process of trying to identify the cause of the inadvertent production and to determine whether any other such documents may have been inadvertently produced, when, on October 3, 2013, the day before discovery closed, Defendant JPMorgan asserted that Pi-Net had waived any privilege as to any produced documents or related document on the privilege log, because any "such privilege was waived because Pi-Net failed to take reasonable precautions in reviewing its production." (D.I. 98-2)

Pi-Net refused JPMorgan's waiver argument, relying on the clear terms of the Protective Order, at which point, JPMorgan invoked the discovery dispute process, and scheduled the present hearing.

JPMorgan now asserts that Pi-Net has not attempted to claw back the privileged documents. But, JPMorgan's letter of October 3, 2013 had already asserted that Pi-Net had waived the privilege, and invoked the dispute process leading to the present hearing. At that point, the issue was already joined and before the Court. And, Pi-Net still had not reviewed all the documents to determine whether any additional documents need to be included in a formal claw-back request. In short, once JPMorgan had asserted waiver and demanded production based on the waiver, and asked for the dispute hearing, the issue was *sub judice*, and there was no point in Pi-Net demanding a specified claw-back, until the court ruled on the pending JPMorgan motion. In the meantime, the *status quo* is maintained, because all potentially relevant documents are a Highly Confidential designation solely in the possession of JPMorgan's counsel.

JPMorgan argues that the "interests of justice are served by finding waiver." There is no interest of justice that supports JPMorgan asserting waiver of privilege when Pi-Net produced the privileged documents inadvertently and where there is a Protective Order, to which JPMorgan stipulated, that states that a party can 'claw-back" any inadvertently produced documents. Nor is it in the interests of justice to find waiver merely because JPMorgan had the people and resources to more quickly assess the potentially privileged documents in the midst of depositions during the last week of discovery which was filled with depositions. Nor is it in the interests of justice to assert waiver when there was no reason to rush to declare a waiver and bring this needless matter before the Court. It is not in the interests of justice to force the Court

O'KELLY ERNST & BIELLIEN, LLC

November 11, 2013
Page 3 of 3

and Pi-Net to devote time and effort to what appears to be merely an attempt by a party to try to destroy the other party's properly claimed attorney-client privilege by jumping on an inadvertent production of a handful of documents amongst the 128,000 documents that were produced, and when Pi-Net had already listed 17,000 privileged documents.

   Pi-Net respectfully requests that the Court deny JPMorgan's request, and allow Pi-Net to maintain its rights to the "claw-back" provided by the Protective Order.

                  Respectfully Submitted,

                  */s/ George Pazuniak*

                  George Pazuniak

cc:  Clerk of the Court (via ECF)
    Counsel of Record (via ECF)