## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| PI-NET INTERNATIONAL, INC. | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :     Civil No. 1:12-cv-00282-RGA |
| | : |
| JPMORGAN CHASE & CO. | : |
| | : |
| Defendant. | : |
| | : |

The attached Public versions of Exhibits B and C are related to the following documents filed in the above-referenced action:

| 11/08/2013 | 98 | Letter to The Honorable Richard G. Andrews from Robert S. Saunders, Esquire regarding a discovery dispute. (Attachments: # 1 Exhibit A, # 2 Exhibit D, # 3 Exhibit E, # 4 Certificate of Service)(Saunders, Robert) Modified on 11/8/2013 (nms). (Entered: 11/08/2013) |
|---|---|---|
| 11/08/2013 | 99 | [SEALED] EXHIBIT re 98 Letter, *Exhibits B and C to Letter to The Honorable Richard G. Andrews from Robert S. Saunders regarding a discovery dispute* by JPMorgan Chase & Co.. (Attachments: # 1 Certificate of Service)(Saunders, Robert) (Entered: 11/08/2013) |

*/s/ Robert S. Saunders*
Robert S. Saunders (ID No. 3027)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
Tel.:  (302) 651-3000
Fax:  (302) 651-3001
Rob.Saunders@skadden.com

*Of Counsel*

Daniel A. DeVito
Douglas R. Nemec
Edward L. Tulin
Andrew D. Gish
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Tel.:  (212) 735-3000
Fax:  (212) 735-2000
Daniel.Devito@skadden.com
Douglas.Nemec@skadden.com
Edward.Tulin@skadden.com
Andrew.Gish@skadden.com

*Attorneys  for Defendant
JPMorgan Chase & Co.*

DATED:  November 15, 2013

# EXHIBIT B

HIGHLY CONFIDENTIAL

Page 1

```
 1
 2              ***HIGHLY CONFIDENTIAL***
 3        UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF DELAWARE
 4
 5                      Case No. 12-282-RGA
 6   PI-NET INTERNATIONAL, INC.,          :
                                          :
 7                                        :
          Plaintiff,                      :
 8                                        :
 9        vs.                             :
                                          :
10                                        :
                                          :
11                                        :
     J.P. MORGAN CHASE & CO,              :
12                                        :
          Defendant.                      :
13                                        :
14                                        :
                                          :
15
            -------------------------------------
16      DEPOSITION UNDER ORAL EXAMINATION OF:
             LAKSHMI ARUNACHALAM, PH.D.
17
                 September 26, 2013
18
19              -----------
     REPORTED BY:  JENNIFER L. WIELAGE, CCR, RPR, CRR
20              -----------
21
22
23
24
25
```

HIGHLY CONFIDENTIAL

Page 2

1              TRANSCRIPT of the deposition of the

2    above-named witness, called for Oral Examination in

3    the above-entitled matter, said deposition being

4    taken pursuant to Federal Court Rules, by and before

5    JENNIFER WIELAGE, Certified Shorthand Reporter and

6    Notary Public of the State of New Jersey, License No.

7    XI01916, at the office of SKADDEN, ARPS, SLATE,

8    MEAGHER & FLOM, LLP, 920 N. King Street, Wilmington,

9    Delaware, on Thursday, September 26, 2013, commencing

10   at 9:00 in the forenoon.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 250

1        A.    Development efforts at what

2   time period?

3   BY MR. TULIN:

4        Q.    In the pre-November 2005

5   time period?

6        A.    2005?

7        Q.    I'm sorry, the pre-November

8   1995 time period.

9        A.    I don't know.  There were

10  lots of writings like you brought me

11  that -- what was that?  Some government

12  agency for which I wrote something which

13  I didn't submit or... do you remember

14  what was that?  One of the exhibits.

15  There were so many writings I wrote.  My

16  musings and some were draft states, some

17  were not given to anybody.  I don't know.

18  Which one's the best?  I can't determine

19  that.

20       Q.    Dr. Arunachalam, I'd like to

21  mark as Exhibit 153 a document which is

22  Bates numbered --

23       A.    So this, we can put it away

24  now?

25       Q.    Yes.  I'd like to mark as

HIGHLY CONFIDENTIAL

Page 251

1    Exhibit 153 a document which is Bates

2    numbered WXC 456972 through 456974.

3              (Exhibit DX-153, WXC

4         000456972 through WXC 000456974,

5         was marked for Identification by

6         the court reporter.)

7         A.   Okay, but why is this in

8    your hands?

9              THE WITNESS:  This should be

10        attorney-client privileged,

11        George.  This inadvertently got

12        here because J. Kesan was a

13        consultant and he was working on

14        my case with the Kasowitz so this

15        is attorney-client privileged.

16   BY MR. TULIN:

17        Q.   Let's explore that, Dr.

18   Arunachalam.

19        A.   No, but you can't, because

20   this is privileged.

21             MR. PAZUNIAK:  Let's see

22        whether it's privileged or not.

23             THE WITNESS:  I'm telling

24        you, it is.  Kasowitz hired this

25        guy Kesan, so it shouldn't be

HIGHLY CONFIDENTIAL

1          here.

2   BY MR. TULIN:

3          Q.     So by Kesan -- well, first

4   of all, Dr. Arunachalam, this appears to

5   be an e-mail chain that was sent to you

6   from someone at the address

7   kesan@uiec.edu in 2009; is that accurate?

8          A.     Yeah, uh-huh.

9          Q.     And do you know who utilizes

10   the e-mail address kesan@uiec.edu?

11          A.     Yes.

12          Q.     Who is that individual?

13          A.     He was a consultant -- he's

14   a lawyer.  He's a patent attorney and he

15   worked with the Kasowitz on my case.

16          Q.     Did you --

17          A.     So he was a lawyer and he

18   was hired by the Kasowitz to work under

19   them on my case, yeah.

20          Q.     Did you enter into any

21   agreement with Mr. Kesan in connection

22   with prior to litigation?

23          A.     What prior litigation?

24          Q.     With any prior litigation,

25   did you enter into any written agreement?

HIGHLY CONFIDENTIAL

Page 253

```
 1          A.     Prior to the Kasowitz, you
 2     mean?
 3          Q.     No, just at any time, did
 4     you enter into any written agreement with
 5     Mr. Kesan?
 6          A.     The Kasowitz entered into a
 7     written agreement with Mr. Kesan.
 8          Q.     Have you ever seen that
 9     agreement?
10          A.     I don't remember.
11          Q.     What was Mr. Kesan's role in
12     the prior litigation?
13               MR. PAZUNIAK:  You can
14          answer that in a very general way
15          that would not actually reveal any
16          work product or communications
17          with counsel.
18          A.     He was a consultant.  He
19     was -- he also teaches patent law and all
20     that, universities and outside for people
21     taking the patent bar, so...
22     BY MR. TULIN:
23          Q.     Mr. Kesan is a university
24     professor at the University of Illinois?
25          A.     I believe so.  I don't know
```

HIGHLY CONFIDENTIAL

Page 254

```
 1    if he still is.  But I know he worked in

 2    many litigation -- with litigators like

 3    Ray Niro, N-i-r-o.  But this is --

 4    shouldn't be here.

 5              MR. PAZUNIAK:  Lakshmi,

 6         don't worry about it.  Just --

 7              THE WITNESS:  But it cannot

 8         be here.

 9              MR. PAZUNIAK:  Lakshmi,

10    just --

11              THE WITNESS:  They need to

12         remove this.

13              MR. PAZUNIAK:  Lakshmi, just

14         answer the questions.  You've made

15         your position clear.

16              THE WITNESS:  Yeah.

17    BY MR. TULIN:

18         Q.    Dr. Arunachalam, what was

19    the reason that you forwarded the e-mail

20    chain to Professor Kesan?

21              MR. PAZUNIAK:  I will

22         instruct the witness not to answer

23         on the grounds of attorney-client

24         privilege.

25              THE WITNESS:  Yeah.
```

HIGHLY CONFIDENTIAL

Page 255

1           MR. PAZUNIAK:  And also

2      under the provisions of the

3      protective order, the clawback, I

4      will ask that this document be

5      withdrawn and obviously we'll have

6      to review the -- any other Kesan

7      communications because frankly

8      until the witness just mentioned

9      it, I hadn't been aware that Kesan

10     was a consultant to Kasowitz.

11     I'll have to investigate that, but

12     I have no reason to doubt my

13     client's statements.

14          MR. TULIN:  So I have no

15     issue with setting the document

16     aside at least for now and asking

17     nothing further about it.  I

18     would, however, say that it

19     appears that 125 different

20     documents from Professor Kesan

21     have been produced.

22          MR. PAZUNIAK:  Uh-huh.

23          THE WITNESS:  What is that,

24     125 documents?

25          MR. TULIN:  So I'm not sure

HIGHLY CONFIDENTIAL

1      that ultimately we're going to

2      reach agreement on whether or not

3      the clawback provisions apply --

4           MR. PAZUNIAK:  Yeah.

5           MR. TULIN:  -- but I'm fine

6      to set the document aside for now.

7           MR. PAZUNIAK:  And what I

8      can tell you is that --

9           THE WITNESS:  No, it has to

10     be withdrawn.  I demand that it be

11     withdrawn.

12          MR. PAZUNIAK:  Lakshmi,

13     Lakshmi, the statement has been

14     made.  There's nothing more for

15     you to say.

16          What I can say is that

17     however many there were, as I

18     said, I was not aware that there

19     was that relationship and so they

20     all would fall within the same,

21     basic hole.  Would fall into the

22     same hole.

23          MR. TULIN:  We'll set it

24     aside and we'll talk more.

25          MR. PAZUNIAK:  Okay.

HIGHLY CONFIDENTIAL

Page 257

```
 1              MR. TULIN:  But I can't
 2       agree to the clawback at this
 3       point.  We'll talk more.
 4              THE WITNESS:  Oh, you need
 5       to agree because this is
 6       attorney-client privilege for us.
 7       Why wouldn't you agree?
 8              MR. PAZUNIAK:  Lakshmi,
 9       Lakshmi.
10              THE WITNESS:  That's not how
11       to show your might.
12              MR. PAZUNIAK:  Lakshmi --
13              THE WITNESS:  Yeah.
14              MR. PAZUNIAK:  -- please, do
15       not argue.
16              THE WITNESS:  Yeah.
17              MR. PAZUNIAK:  Your job here
18       is to answer questions.
19              THE WITNESS:  Yeah.
20              MR. PAZUNIAK:  And that's
21       it.
22 BY MR. TULIN:
23       Q.    Dr. Arunachalam, I want to
24 shift gears now and --
25       A.    So this is set this side;
```

HIGHLY CONFIDENTIAL

Page 274

```
 1    required, they required some document --
 2    they wanted us to give them some
 3    position.  They were in some other
 4    lawsuit with another insurance company
 5    and they wanted our permission to release
 6    some documents from us or something like
 7    that and we gave them -- that's all.
 8    Other than that, I don't know who they
 9    are or anything.
10         Q.    Dr. Arunachalam, you can set
11    that exhibit aside for a moment.  We'll
12    come back to that.  I'd now like to mark
13    as Exhibit 176.
14                THE WITNESS:  This goes back
15          here.  This is here?
16                MR. TULIN:  Sure.
17                THE WITNESS:  Oh, this is
18          176.
19                MR. TULIN:  I'd now like to
20          mark as Exhibit 177 a document
21          which is Bates numbered WXC 454927
22          through 454930.
23                (Exhibit DX-177,
24          WXC000454927 through WXC0454930,
25          was marked for Identification by
```

HIGHLY CONFIDENTIAL

Page 275

```
 1          the court reporter.)
 2              MR. PAZUNIAK:  Well, I can
 3      see this exhibit is another one of
 4      those that was clearly -- clearly
 5      overlooked because it was
 6      originally -- the top e-mail was
 7      from DeBacker and obviously the
 8      paralegals overlooked what was
 9      in --
10              THE WITNESS:  One second.
11              MR. PAZUNIAK:  -- in here,
12      but this looks clearly like a
13      privileged communication because
14      it's between --
15              THE WITNESS:  Benson and --
16              MR. PAZUNIAK:  Brad Benson.
17              THE WITNESS:  I don't know
18      what this is.  Can I look at it,
19      please?
20              MR. TULIN:  You can, and I
21      have just one question, George,
22      about one of the recipients.
23              MR. PAZUNIAK:  That's fine.
24      That, I don't mind.  It's getting
25      into the substance or anything
```

# EXHIBIT C

HIGHLY CONFIDENTIAL

Page I

```
 1              ***HIGHLY CONFIDENTIAL***
 2         UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF DELAWARE
 3
 4                        Case No. 12-282-RGA
 5    PI-NET INTERNATIONAL, INC.,
                                              :
 6                                            :
           Plaintiff,                         :
 7                                            :
                                              :
 8         vs.                                :
                                              :
 9                                            :
                                              :
10                                            :
      J.P. MORGAN CHASE & CO.,                :
11                                            :
           Defendant.                         :
12                                            :
                                              :
13                                            :
                                              :
14
        ----------------------------------------
15       DEPOSITION UNDER ORAL EXAMINATION OF:
              LAKSHMI ARUNACHALAM
16                 (VOLUME II)
              September 27, 2013
17
                 -----------
18    REPORTED BY:  JENNIFER L. WIELAGE, CCR, RPR, CRR
                 ------------
19
20
21
22
23
24
25
```

HIGHLY CONFIDENTIAL

Page 2

1              TRANSCRIPT of the deposition of the

2    above-named witness, called for Oral Examination in

3    the above-entitled matter, said deposition being

4    taken pursuant to Federal Court Rules, by and before

5    JENNIFER WIELAGE, Certified Shorthand Reporter and

6    Notary Public, License No. XI01916, at the office of

7    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, 920 N.

8    King Street, Wilmington, Delaware, on Friday,

9    September 27, 2013, commencing at 8:00 in the

10   forenoon.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

HIGHLY CONFIDENTIAL

Page 242

```
 1      objecting and what they call as an office
 2      action and they send you an objection of
 3      something or an objection, that then the
 4      patentholder responds to or the patent
 5      application owner writing back to them
 6      and explaining to the patent office why
 7      their arguments are invalid, and you
 8      argue back, and then they accept it, and
 9      then it goes, and it takes ten
10      iterations, and this process with the
11      reexam takes years.
12                 And so we're still in the
13      process.  There's been no final rejection
14      by the entire patent office.  There's
15      not -- that has not yet happened.
16           Q.    Continuing on with our
17      discussion of SNMP, I'd like to ask our
18      court reporter to mark as Exhibit 173 a
19      document which is Bates numbered WXC
20      458895 through 458899.
21                 MR. PAZUNIAK:  173, right?
22                 MR. TULIN:  That's right.
23                 (Exhibit DX-173,
24           WXC000458895 through WXC000458899,
25           was marked for Identification by
```

HIGHLY CONFIDENTIAL

Page 243

```
 1            the court reporter.)

 2                 MR. PAZUNIAK:  The document

 3            says attorney-client privileged.

 4                 THE WITNESS:  So this

 5            shouldn't have gone out.

 6                 MR. PAZUNIAK:  Yeah,

 7            probably another clawback.

 8                 THE WITNESS:  Yeah, uh-huh,

 9            this -- how did this get out?

10                 MR. PAZUNIAK:  Well, because

11            sometimes these things were

12            attached or hidden.

13                 THE WITNESS:  This -- yeah.

14                 MR. PAZUNIAK:  In relation

15            to e-mails?

16                 So we're going to -- I'm

17            going to ask for a clawback on

18            this one also.

19                 MR. TULIN:  Similar to

20            yesterday, I'm happy to not ask

21            anything further today subject to

22            further discussion that we may

23            have.

24                 MR. PAZUNIAK:  Sure.

25                 THE WITNESS:  But if you
```

HIGHLY CONFIDENTIAL

Page 244

```
 1              want to ask me questions on it.
 2                   MR. PAZUNIAK:  Lakshmi.
 3                   THE WITNESS:  Okay.  I can
 4              answer.  No problem.
 5                   MR. PAZUNIAK:  We're not
 6              preventing you from asking any
 7              questions about any substantive
 8              stuff.
 9                   THE WITNESS:  But this and
10              that other document need to be
11              withdrawn.
12                   MR. PAZUNIAK:  Lakshmi --
13              Lakshmi, please.
14                   MR. TULIN:  We're right at
15              the end of the tape.  This is a
16              very good time to take a break.
17                   THE VIDEOGRAPHER:  This is
18              the end of Tape 4, Volume 2.
19              Going off the record, 2:19 p.m.
20                   (A brief recess was taken.)
21                   THE VIDEOGRAPHER:  This have
22              begins Tape No. 5 of Volume 2 of
23              the deposition of Dr. Arunachalam.
24              We're going back on the record,
25              2:33 p.m.
```

HIGHLY CONFIDENTIAL

Page 276

```
 1          like that.  I'm not trying to
 2          block the facts, just the
 3          communications and I apologize
 4          for --
 5                THE WITNESS:  This is --
 6          this is attorney-client
 7          privileged.
 8                MR. PAZUNIAK:  It is, but
 9          that's not --
10                THE WITNESS:  And DeBacker
11          is --
12                MR. PAZUNIAK:  Lakshmi,
13          Lakshmi, don't say anything.  He's
14          going to ask you a question and
15          then we'll go.
16                THE WITNESS:  Okay.
17   BY MR. TULIN:
18          Q.    Dr. Arunachalam, if I could
19   direct your attention in Exhibit 177,
20   there's a recipient of a message from
21   you, david.lowe@losaltos.com.
22                Who is Mr. Lowe?
23          A.    Oh, David Lowe is our
24   counsel.
25          Q.    When you say, our counsel,
```

HIGHLY CONFIDENTIAL

Page 277

```
 1      who are you referring to?
 2              A.      WebXchange, at that time we
 3      were only called WebXchange or --
 4      WebXchange, Pi-Net and everything.  I
 5      mean, WebXchange was the party filing
 6      lawsuits that time, and he used to help
 7      us to talk to the Kasowitz because they
 8      were not easy -- the management there
 9      were not easy to talk to.
10              So David was, again, like
11      Martin Wade, he'd hold my hands and help
12      me and protect me and he was a good --
13              MR. PAZUNIAK:  Lakshmi, he's
14          an attorney.
15              THE WITNESS:  He's an
16          attorney.
17          Q.      So I understand --
18          A.      He's an attorney, so this is
19      attorney-client privileged.
20          Q.      So I understand that your
21      counsel has requested a clawback of this
22      document as well.
23              MR. TULIN:  I will not ask
24      you anything about the substance at this
25      time subject to further discussions.
```

HIGHLY CONFIDENTIAL

Page 278

1          MR. PAZUNIAK:   Thank you.

2          THE WITNESS:   I'd like to --

3     can you --

4          MR. PAZUNIAK:   No, Lakshmi,

5     put it down, Lakshmi put it down.

6     Don't touch it.   That's it.   Turn

7     it over.

8          THE WITNESS:   Not there.

9     Over here.

10         MR. PAZUNIAK:   Fine.   You

11    will see David Lowe is on the

12    privilege log, so same -- same

13    fellow.

14         THE WITNESS:   Like this.

15         MR. TULIN:   I'd now like to

16    ask our court reporter to mark as

17    Exhibit 178 the settlement

18    agreement between Bank of America

19    and Pi-Net and WebXchange which I

20    don't believe George was ever

21    produced with Bates numbers but it

22    was produced with the highly

23    confidential designation.

24         MR. PAZUNIAK:   Yeah, okay.

25    And this is Exhibit --