**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PI-NET INTERNATIONAL, INC.,     ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | |
| v.     ) | **C.A. No. 12-282-RGA** |
|     ) | |
| JPMORGAN CHASE & CO.,     ) | |
|     ) | |
| Defendant.     ) | |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF**
**MOTION TO EXCLUDE EXPERT**
**TESTIMONY OF DEFENDANT'S RETAINED EXPERT, SUSAN SPIELMAN**
**ON VALIDITY**

George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff*
*Pi-Net International, Inc.*

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDING......................................................- 1 -

II.     SUMMARY OF ARGUMENT .................................................................................- 2 -

III.    LEGAL STANDARD................................................................................................- 3 -

IV.     ARGUMENT ............................................................................................................- 4 -

    A.     Ms. Spielman Ignores the Claimed Inventions ...................................................- 4 -

    B.     Ms. Spielman's Non-Statutory Criticisms Cannot Be Allowed ........................- 6 -

    C.     FRE 702 Precludes Ms. Spielman's Written Description Testimony.................- 8 -

    D.     Ms. Spielman Should Not Testify On Alleged Lack of Enablement................- 11 -

    E.     Ms. Spielman Should Not Testify On Alleged Indefiniteness..........................- 13 -

    F.     Specific Points That Should Be Precluded In Alternative ................................- 15 -

        1.     VAN Switch................................................................................- 15 -

        2.     Claim 12 of the '492 Patent .......................................................- 16 -

        3.     Keeping a Transaction Flow Captive...................................................- 16 -

        4.     POSvc Application and Web Application ...........................................- 16 -

        5.     MPF Claims Requiring a Computer ....................................................- 16 -

V.      CONCLUSION........................................................................................................- 18 -

i

# TABLE OF AUTHORITIES

## CASES

*AK Steel Corp. v. Sollac & Ugine*,
   344 F.3d 1234 (Fed. Cir. 2003)................................................................................- 11 -
*All Dental Prodx, LLC v. Advantage Dental Products, Inc*.,
   309 F.3d 774 (Fed. Cir. 2002)..................................................................................- 7 -
*ALZA Corp. v. Andrx Pharms., LLC*,
   603 F.3d 935 (Fed.Cir.2010)..................................................................................- 12 -
*Amazon.com, Inc. v. Barnesandnoble.com, Inc*.,
   239 F.3d 1343 (Fed.Cir.2001)..................................................................................- 5 -
*Ariad Pharms., Inc. v. Eli Lilly and Co*.,
   598 F.3d 1336 (Fed.Cir.2010)...................................................................- 8 -, - 10 -
*Asahi Glass Co., Ltd. v. Guardian Indus. Corp*.,
   2011 WL 4459606 (D. Del. 2011) ................................................- 6 -, - 9 -, - 12 -
*Atmel Corp. v. Information Storage Devices, Inc*.,
   198 F.3d 1374 (Fed.Cir.1999)................................................................................- 14 -
*Beachcombers, Int'l, Inc. v. WildeWood Creative Prods., Inc*.,
   31 F.3d 1154 (Fed.Cir.1994)...................................................................................- 5 -
*British Telecommunications PLC v. Coxcom, Inc*.,
   2014 WL 119198 (D. Del. 2014)...........................................................................- 14 -
*Cephalon, Inc. v. Watson Pharm., Inc*.,
   707 F.3d 1330 (Fed. Cir. 2013)..................................................................- 12 -, - 13 -
*Cordance Corp. v. Amazon.com, Inc*.,
   631 F. Supp. 2d 477, 479 (D. Del. 2009).................................................................- 3 -
*Datamize v. Plumtree Software, Inc*.,
   417 F.3d 1342 (Fed.Cir.2005)................................................................................- 14 -
*Daubert v. Merrill Dow Pharm., Inc*.,
   509 U.S. 579 (1993)...........................................................................................passim
*Deere & Co. v. Bush Hog, LLC*,
   703 F.3d 1349 (Fed. Cir. 2012)..............................................................................- 14 -
*Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*,
   458 F. App'x 910 (Fed. Cir. 2012) cert. denied, 133 S. Ct. 544 (U.S. 2012) ........- 15 -
*Energizer Holdings, Inc. v. Int'l Trade Comm'n*,
   435 F.3d 1366 (Fed. Cir. 2006)..............................................................................- 14 -
*Exxon Research & Eng'g Co. v. United States*,
   265 F.3d 1371 (Fed. Cir. 2001)..............................................................................- 14 -
*Finisar Corp. v. DirecTV Grp., Inc*.,
   523 F.3d 1323 (Fed. Cir. 2008)..............................................................................- 17 -
*Function Media, L.L.C. v. Google, Inc*.,
   708 F.3d 1310 (Fed. Cir. 2013)..............................................................................- 17 -
*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)...................................................................................- 4 -, - 11 -
*Haemonetics Corp. v. Baxter Healthcare Corp*.,
   607 F.3d 776 (Fed. Cir. 2010)................................................................................- 14 -

*In re Paoli R.R. Yard PCB Litig.*,
   35 F.3d 717, 744, 749 (3d Cir.1994)..........................................................- 3 -, - 4 -
*In re Wands*,
   858 F.2d 731 (Fed.Cir.1988)..........................................................- 12 -, - 13 -
*Inventio AG v. ThyssenKrupp Elevator Americas Corp.*,
   2013 WL 6627945 (D. Del. 2013)..........................................................- 9 -
*Kemco Sales, Inc. v. Control Papers Co., Inc.*,
   208 F.3d 1352 (Fed. Cir. 2000)..........................................................- 16 -
*Lemelson v. Gen. Mills, Inc.*,
   968 F.2d 1202 (Fed. Cir. 1992)..........................................................- 5 -
*Linear Tech. Corp. v. Impala Linear Corp.*,
   379 F.3d 1311 (Fed. Cir. 2004)..........................................................- 16 -
*Medisim Ltd. v. BestMed LLC*,
   861 F. Supp. 2d 158 (S.D.N.Y. 2012)..........................................................- 6 -
*Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*,
   357 F.3d 1319 (Fed.Cir.2004)..........................................................- 5 -
*Oddi v. Ford Motor Co.*,
   234 F.3d 136 (3d Cir. 2000)..........................................................- 11 -
*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
   345 F. Supp. 2d 431 (D. Del. 2004)..........................................................- 5 -
*Personalized Media Commc'ns, LLC v. Zynga, Inc.*,
   2013 WL 5962812 (E.D. Tex. 2013)..........................................................- 12 -
*Pfizer Inc. v. Teva Pharm. U.S.A., Inc.*,
   882 F. Supp. 2d 643 (D. Del. 2012)..........................................................- 7 -
*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed.Cir.2005)..........................................................- 18 -
*Praxair, Inc. v. ATMI, Inc.*,
   543 F.3d 1306 (Fed.Cir.2008)..........................................................- 14 -
*Schneider ex rel. Estate of Schneider v. Fried*,
   320 F.3d 396 (3d Cir.2003)..........................................................- 4 -
*Secor View Technologies LLC v. Nissan N. Am., Inc.*,
   2013 WL 6147788 (D.N.J. 2013)..........................................................- 14 -
*Slimfold Mfg. Co. v. Kinkead Industries*,
   810 F.2d 1113 (Fed.Cir.1987)..........................................................- 8 -
*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
   550 F.3d 1356 (Fed. Cir. 2008)..........................................................- 4 -
*Synthes USA, LLC v. Spinal Kinetics, Inc.*,
   734 F.3d 1332 (Fed. Cir. 2013)..........................................................- 9 -
*TASER Int'l, Inc. v. Karbon Arms, LLC*,
   2013 WL 6773663 (D. Del. 2013)..........................................................- 11 -
*TecSec, Inc. v. Int'l Bus. Machines Corp.*,
   731 F.3d 1336 (Fed. Cir. 2013)..........................................................- 16 -
*TI Grp. Auto. Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C.*,
   375 F.3d 1126 (Fed.Cir.2004)..........................................................- 5 -
*Topliff v. Topliff*,
   145 U.S. 156 (1892)..........................................................- 8 -

*Typhoon Touch Technologies, Inc. v. Dell, Inc.*,
  659 F.3d 1376 (Fed. Cir. 2011) ............................................................................. - 17 -

**STATUTES**

35 U.S.C. §112 ........................................................................................ - 7 -, - 11 -
35 U.S.C. §112(a) ......................................................... - 1 -, - 8 -, - 9 -, - 11 -
35 U.S.C. §112(b) ......................................................................... - 1 -, - 14 -

**RULES**

Federal Rule of Evidence 702 ...................................................................... passim

## I.      NATURE AND STAGE OF THE PROCEEDING

Plaintiff respectfully moves to exclude testimony of Defendant's expert, Susan Spielman, relating to invalidity for failure to comply with the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993).

This is a patent infringement action filed by Plaintiff Pi-Net International, Inc. ("Pi-Net") against Defendant JPMorgan involving –U.S. Patent No. 5,987,500 ("the '500 patent") (App. A), U.S. Patent No. 8,108,492 ("the '492 patent") (App. C), and U.S. Patent No. 8,037,158 ("the '158 patent") (App. C).

Discovery is complete, and all proposed expert witnesses have provided expert reports and have been deposed.  This case is set for trial on June 2, 2014. (D.I. 95)

One of the expert reports submitted by JPMorgan is that by Susan Spielman, Exhibit AJ (A-2116-56), together with her reply report, Exhibit AK (A-2157-76).  Ms. Spielman intends to testify that the claims of the Patents-in-suit are invalid for failure to comply with the written description and enablement provisions of 35 U.S.C. §112(a) and the definiteness requirement of 35 U.S.C. §112(b).  In accordance with the Scheduling Orders in this case (D.I. 90, 95), Plaintiff Pi-Net has moved to exclude the testimony of Ms. Spielman with respect to these invalidity issues.

This is Pi-Net's opening brief in support of that motion.

## II.     SUMMARY OF ARGUMENT

Defendant JPMorgan has proffered the expert testimony of Susan Spielman on patent validity.  Ms. Spielman's opinions do not comply with the requirements of FRE 702 and *Daubert*.

First, Ms. Spielman purports to challenge the validity of the asserted claims of the patents in suit under the "written description" and "enablement" provisions of §112(a), but fails to address any specific claims, and has failed to consider any construction of those claims. Established law requires that any expert evidence challenging patent claims be directed to claims as they are construed by the Court, and the Court's Orders here specifically required Ms. Spielman to consider the proposed constructions of record.  In light of her failure to direct her challenges to the specific claims, failure to consider or provide any claim constructions, her entire report must be stricken under FRE 702 and *Daubert* for that reason alone.

Second, Ms. Spielman challenges the validity of the patents by pointing to factors that are not proper considerations and are not requirements of patent law.  Such attempts to challenge the patents on bases contrary to law should be stricken.

Third, Ms. Spielman's challenge based on the "written description" requirement not only fails to consider the claim language as construed, but fails to apply any recognized legal standard.  Her report fails to consider the relevant "written description" standards (and could not do so in light of her failure to even address specific claim language or claim construction).

Fourth, as was the case with the "written description" requirement, Ms. Spielman's challenge based on the "enablement" requirement not only fails to consider the claim language as construed, but fails to apply any recognized legal standard.  Ms. Spielman never mentions the *Wands* factors, and does not otherwise apply any recognized authority for determining whether her assertions demonstrate invalidity of any particular claims for failure to prove enablement.

- 2 -

Fifth, Ms. Spielman should be precluded from testifying that the claim language is indefinite under §112(b), because claim definiteness is a legal issue that is determined at claim construction.  The standard for indefiniteness is whether the claims can be construed.  If the claims can be construed, they are definite.  In any event, Ms. Spielman's assertions regarding alleged indefiniteness must be stricken, because she did not consider the claims as construed.

Finally, in addition to the fatal problems that require striking the report in its entirety, Ms. Spielman intends to testify as to various specific points that are contrary to law.  Ms. Spielman should be precluded from so testifying contrary to law.

### III.   LEGAL STANDARD

The admissibility of expert testimony is a question of law governed by Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).  A motion to exclude evidence is committed to the Court's discretion, and the proponent of an expert's testimony bears the burden of establishing the admissibility of the testimony by a preponderance of the evidence.  See *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744, 749 (3d Cir.1994); *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 477, 479 (D. Del. 2009).

Rule 702 of the Federal Rules of Evidence provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge with help the trier of fact to understand the evidence or to determine a fact in an issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods.

To properly carry its burden, JPMorgan must show that the proffered expert testimony is "sufficiently tied to the facts of the case." *Daubert*, 509 U.S. at 591.  If the proponent fails to tie

the opinion to the facts of the case, the testimony must be excluded. See, e.g., *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143-46 (1997).

The Supreme Court has held that Rule 702 requires the trial court to act as a "gatekeeper" and to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. More specifically, the trial court assumes responsibility for ensuring that expert testimony pertains to "scientific, technical, or other specialized knowledge" and rests on reliable scientific or technical principles and methods applied to the facts of the case." *Id*. In sum, "[t]he Court, in its role as gatekeeper, must exclude expert testimony that is not reliable and specialized, and which invades the province of the jury to find facts and that of the court to make ultimate legal conclusions." *Sundance, Inc. v. DeMonte Fabricating Ltd*., 550 F.3d 1356, 1364 (Fed. Cir. 2008).

The Third Circuit has explained that Rule 702 restricts testimony based on qualification, reliability, and fit. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir.2003). "[A]ny step that renders the [expert's] analysis unreliable under the Daubert factors renders the expert's testimony inadmissible." In re *Paoli*, 35 F.3d at 745.

## IV.    ARGUMENT

### A.  Ms. Spielman Ignores the Claimed Inventions

One overarching and fatal problem with the Ms. Spielman's invalidity expert report is her failure address any of the §112 issues in the context of the claimed inventions – the claims as they are construed by the Court. Specifically, both 35 U.S.C. § 112(a) and (b) are directed to "the invention." The "invention" is what is claimed as construed by the Court. It has therefore been a well-established and basic principle of patent law that challenges to validity require a construction of the claims to determine their meaning and scope:

- 4 -

> It is elementary in patent law that, in determining whether a patent is valid and, if valid, infringed, the first step is to determine the meaning and scope of each claim in suit.

*Lemelson v. Gen. Mills, Inc.*, 968 F.2d 1202, 1206 (Fed. Cir. 1992).  "A claim must be construed before determining its validity just as it is first construed before deciding infringement."

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n. 7 (Fed.Cir.1995) (Mayer, J., concurring), aff'd, 517 U.S. 370 (1996).[1]

In view of this elementary but basic principle of law, and as is usual and expected in any event, the Court specifically ordered that all expert reports incorporate in the alternative all claim constructions of record:

> Any expert reports shall be in the alternative for whatever competing constructions the parties have.  If the Court construes the disputed terms in an unanticipated way, the parties will have fourteen days to supplement any expert report.

(D.I. 90).

Despite the fundamental substantive law and the Court's explicit confirming Order, Ms. Spielman has not applied any construction of any claim limitation in any of her invalidity analyses.  For that reason alone, Ms. Spielman's expert report on invalidity must be stricken. See *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 436-37 (D. Del. 2004), where Judge Jordan struck a proposed expert witness on invalidity precisely for the reasons stated here:

> Dr. Purdue's failure to disclose a clear construction of each disputed claim element makes his report less than helpful to the trier of fact, in contravention of Federal Rule of Evidence 702. …. Dr. Purdue was required by Rule 26(a)(2)(B) to provide in his report "the basis and reasons" of his opinion.

---

[1]  See also *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1334 (Fed.Cir.2004); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed.Cir.2001); *TI Grp. Auto. Sys. (N. Am.), Inc. v. VDO N. Am., L.L.C.*, 375 F.3d 1126, 1139 (Fed.Cir.2004) ("Our validity analysis is a two-step procedure: 'The first step involves the proper interpretation of the claims.'"); *Beachcombers, Int'l, Inc. v. WildeWood Creative Prods., Inc.*, 31 F.3d 1154, 1160 (Fed.Cir.1994).

See also Judge Robinson's holding in *Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, 2011 WL 4459606 (D. Del. 2011), striking proposed testimony on invalidity where the expert report did not reflect consideration of claim constructions:

> An expert witness who has been proffered to opine on the validity of a patent must follow the required steps of a validity analysis, that is, to construe the asserted claims of the patent to determine their subject matter, and then to perform a limitation-by-limitation comparison of each claim to each prior art reference.

See also *Medisim Ltd. v. BestMed LLC*, 861 F. Supp. 2d 158, 171 (S.D.N.Y. 2012) (expert "lacks a reliable foundation and must be stricken" for failure to consider claim construction).

In short, Ms. Spielman's expert report is, from the standpoint of FRE 702 and *Daubert*, nothing more than irrelevant personal ramblings, but which cannot be permitted before the jury, because they are not directed to the inventions in issue.

## B.  Ms. Spielman's Non-Statutory Criticisms Cannot Be Allowed

Ms. Spielman's invalidity report is mostly generalized *ad hominem* criticism of the Pi-Net Patents, and proposes testimony that is legally irrelevant and prejudicial.

Thus, Ms. Spielman intends to testify that the patent's description of the "VAN Switch" is allegedly confusing.  (¶¶ 30-35, A-2126-27).  Ms. Spielman similarly challenges claim terms on the grounds that the words in the claims do not appear in the specification.  (¶¶ 37, 39, A-2127-28).  In Paragraph 40 of her report, Ms. Spielman launches into a broadside attack on the Pi-Net patents "have the vaguest and most ambiguous claims that I have ever seen," "not written using the vernacular and terminology" recognizable by a person of ordinary skill in the art, "divorced from the frame of reference [of] a person of ordinary skill in the art," etc.  (A-2128)

Many of the opinions that Ms. Spielman proposes to express to the jury are legally wrong.  For example, Ms. Spielman asserts that some claim terms violate §112, because they are "not defined anywhere in the patent specification."  (¶ 57, A-2134).  This is plain legal error,

because claim terms need not be found in the specification.  *All Dental Prodx, LLC v. Advantage Dental Products, Inc.*, 309 F.3d 774, 779 (Fed. Cir. 2002) ("In order to comply with the written description requirement, the specification 'need not describe the claimed subject matter in exactly the same terms as used in the claims; it must simply indicate to persons skilled in the art that as of the [filing] date the applicant had invented what is now claimed.'") (internal citations omitted).  See also Judge Sleet's holding in *Pfizer Inc. v. Teva Pharm. U.S.A., Inc.*, 882 F. Supp. 2d 643, 700 (D. Del. 2012) ("Importantly, however, *in haec verba* disclosures using the same language of the claim are not required.  Moreover, the application "does not have to describe exactly the subject matter claimed."  Rather, the requirement is met if a person of ordinary skill in the art would find it is "reasonably clear what the invention is and that the patent specification conveys that meaning.")

More generally, patents are a creature of statute, and the validity of the patent is determined solely by whether the patents comply with statutory requirements.  In particular, 35 U.S.C. §112 provides the requirements of the written description, and the statute does not say anything about clarity of a disclosure or whether a specification could have been better written.  Attacks on a patent that effectively impose requirements beyond the statutory requirements are legally irrelevant and obviously prejudicial.  Many inventions break new technical ground and there is not yet existing nomenclature or publications that can serve as a glossary.  In fact, the Supreme Court has long recognized that inventions must be protected regardless of the patent's clarity:

> The specification and claims of a patent, particularly if the invention be at all complicated, constitute one of the most difficult legal instruments to draw with accuracy; and, in view of the fact that valuable inventions are often placed in the hands of inexperienced persons to prepare such specifications and claims, it is no matter of surprise that the latter frequently fail to describe with requisite certainty the exact invention of the patentee

- 7 -

*Topliff v. Topliff*, 145 U.S. 156, 171 (1892).  See also *Slimfold Mfg. Co. v. Kinkead Industries*, 810 F.2d 1113, 1117 (Fed.Cir.1987).

Ms. Spielman's proposed testimony appears to be nothing more than instructions to the jury to find invalidity on a basis precluded by law.  Her testimony is not directed to any apparent statutory or legal issue, and, thus, not relevant to any issue for trial.  To the extent that the comments could be relevant to any issue for trial, her proposed testimony is not isolated to any relevant context.

### C.  FRE 702 Precludes Ms. Spielman's Written Description Testimony

Ms. Spielman intends to testify that "the specification of the patents-in-suit does not show that the inventor was in possession of the claimed invention as of the date of the alleged invention" the patented inventions.  (¶18 at A-2123).  Ms. Spielman titles one part of her report as "The Inadequacy Of The Written Description And Claims" (A-2128).  Ms. Spielman begins that section with the *ad hominem* of ¶40, *supra*, and then directs the remainder of her report to the alleged indefiniteness of the patent claims.  (¶¶ 41-78, A-2128-40).

Despite the 12 page length of that section, Ms. Spielman fails to address anything relevant to the written description requirement.  The written description requirement of 35 U.S.C. § 112(a) demands that "the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Ariad Pharms., Inc. v. Eli Lilly and Co.*, 598 F.3d 1336, 1351 (Fed.Cir.2010) (en banc).  The "invention claimed" – i.e., the claims as construed by the Court, is the base from which the jury determines the fact issues.

As noted earlier, Ms. Spielman's invalidity report fails the requirements of FRE 702, because she does not address the record constructions of any claim terms, and indeed generally does not address any claims specifically.  This Court and others have consistently disqualified

- 8 -

experts from testifying that patent claims are allegedly invalid for failure of the written

description requirement when the experts have not considered the specific claim limitations.

*Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, 2011 WL 4459606 (D. Del. 2011) ("The court

agrees with plaintiffs that Dr. Horn's opinions on written description and enablement are not

helpful to the jury in these regards.  As an initial matter, Dr. Horn did not first provide a claim

construction against which the adequacy of the description could be measured.")

Even if Ms. Spielman's failure to consider the proposed claim constructions was not

fatal, her proposed testimony otherwise violates FRE 702.  The relevant statute, 35 U.S.C. §

112(a), has been interpreted to:

> require[] a patentee to provide a written description that allows a person of skill in
> the art to recognize that the patentee invented what is claimed.  "[T]he test for
> sufficiency is whether the disclosure of the application relied upon reasonably
> conveys to those skilled in the art that the inventor ha[d] possession of the
> claimed subject matter as of the filing date."  Determination of whether a patent
> satisfies the written description requirement is a question of fact.  The "level of
> detail required to satisfy the written description requirement varies depending on
> the nature and scope of the claims and on the complexity and predictability of the
> relevant technology."

*Synthes USA, LLC v. Spinal Kinetics, Inc.*, 734 F.3d 1332, 1341 (Fed. Cir. 2013) (internal

citations omitted).  Otherwise stated:

> For the written description to be sufficient it must "clearly allow persons of
> ordinary skill in the art to recognize that [the patentee] invented what is claimed."
> "In other words, the test for sufficiency is whether the disclosure of the
> application relied upon reasonably conveys to those skilled in the art that the
> inventor had possession of the claimed subject matter as of the filing date."  The
> Federal Circuit has determined that the test for possession "requires an objective
> inquiry into the four corners of the specification from the perspective of a person
> of ordinary skill in the art.  Based on that inquiry, the specification must describe
> an invention understandable to that skilled artisan and show that the inventor
> actually invented the invention claimed."

*Inventio AG v. ThyssenKrupp Elevator Americas Corp.*, 2013 WL 6627945 (D. Del. 2013)

(internal citations omitted)

Ms. Spielman's report purports to reference the "possession" requirement, but never identifies the invention that was allegedly not possessed, as she could not, because she never considered the constructions of any claims – including most importantly the structures that correspond to the 'means-plus-function" limitations of the '500 Patent, and the various other terms in the other Patents-in-suit.

Another fatal problem is that Ms. Spielman cites only legal irrelevancies when she invokes the "possession" requirement (albeit the without reference to any construed claim terms).  Thus, Ms. Spielman plans to tell the jury that the lack of specific examples indicates that the patent claims are invalid for lack of a written description.[2]  Ms. Spielman also proposes to testify that the inventor failed to comply with §112, because she had not reduced the invention to practice.[3]  Such testimony by Ms. Spielman could mislead the jury, because the Federal Circuit has held *en banc* that "the written description requirement does not demand either examples or an actual reduction to practice." *Ariad*, *supra*, 598 F.3d at 1352 (*en banc*).  Ms. Spielman should not be allowed to testify that the claims fail to comply with §112 on bases precluded by governing law.

---

[2] Specifically, Ms. Spielman proposes to testify that "If the patentee actually had possession of the claimed VAN Switch, then a person of skill in the art would expect to see examples of how to use TMP, how it differed from existing protocols, and how it is able to carry out the claimed functions" (¶ 49, A-2131-32); to testify that "the specification fails to offer any examples of how TMP, s-HTTP, Java, WinSock API, ORB, or DOLSIBs can actually be used to perform the sort of "object routing" that is referenced in the patents-in-suit, other that the bare assertion that they can be used to do so" (¶ 55, A-2134); and to testify that "Their efforts would be made all the more difficult because the patents-in-suit offer … no examples of source code capable of executing an example transaction" (¶ 62, A-213).

[3] Specifically, Ms. Spielman proposes to testify that "If the patentee actually had possession of the claimed VAN Switch, then a person of skill in the art would expect to see examples of how to use TMP, how it differed from existing protocols, and how it is able to carry out the claimed functions." (¶ 49, A-2131-32)

Even if Ms. Spielman's allegations were directed to relevant issues, Ms. Spielman's proposed testimony is mere *ipse dixit* that does not withstand *Daubert*'s scrutiny.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("But nothing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert"); *Oddi v. Ford Motor Co.*, 234 F.3d 136, 158 (3d Cir. 2000); *TASER Int'l, Inc. v. Karbon Arms, LLC*, 2013 WL 6773663 (D. Del. 2013).

Judge Robinson's decision in *Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*, 2011 WL 4459606 (D. Del. 2011) is on all fours here, and justifies striking Ms. Spielman's testimony that the Patents-in-suit are invalid in view of the written description requirement, as well as the enablement requirement (considered in the next section):

> The court agrees with plaintiffs that Dr. Horn's opinions on written description and enablement are not helpful to the jury in these regards.  As an initial matter, Dr. Horn did not first provide a claim construction against which the adequacy of the description could be measured. Dr. Horn's opinion that he cannot tell exactly what the three inventors invented vis a vis the others is not relevant to written description, nor is his speculation that plaintiffs would not have purchased targets from others if they had possession of their invention.

### D.  Ms. Spielman Should Not Testify On Alleged Lack of Enablement

Ms. Spielman pronounces in her report that "the specification of the patents-in-suit provided no meaningful guidance to a person of ordinary skill in the art at the time of the alleged invention, such that this person would have had to engage in extensive and substantial experimentation to make and use" the patented inventions.  (A-2122 at ¶17).

As was the case with the written description requirement of 35 U.S.C. §112(a), Ms. Spielman's expert report fails FRE 702 in challenging the enablement requirement.  The issue for trial is whether the invention – i.e., the claims as construed by the Court – are enabled.  *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1243 (Fed. Cir. 2003) ("Given our construction …, we turn to the question whether the district court properly determined that those

claims have not been enabled."); *Personalized Media Commc'ns, LLC v. Zynga, Inc*., 2013 WL 5962812 (E.D. Tex. 2013) ("the question of enablement turns on the language of the claims and the court's construction of that language."). Ms. Spielman's expert report has nothing to say on this issue, because she did not consider any claim constructions (or any specific claims) when she opined on enablement.

This Court and others have consistently disqualified experts from testifying where the expert attempted to allege invalidity for failure of the enablement requirement without considering the specific claim limitations. *Asahi Glass Co., Ltd. v. Guardian Indus. Corp*., 2011 WL 4459606 (D. Del. 2011); *Personalized Media Commc'ns, LLC v. Zynga, Inc*., 2013 WL 5962812 (E.D. Tex. 2013) (disqualifying expert, stating "the question of enablement turns on the language of the claims and the court's construction of that language.")

The totality of Ms. Spielman's proposed testimony on enablement are a few cryptic statements, which do not address any particular claim, and certainly no claim construction. Moreover, the totality of Ms. Spielman's testimony is that implementing the invention requires a lot of work. (¶52 at A-2133; ¶55 at A-2133-34). The need for substantial work to implement an invention is not evidence that any particular claim is not enabled, because claims lack enablement when <u>undue experimentation</u> is required, and not merely because writing software programs requires a lot of effort. The enablement

> requirement is met when at the time of filing the application one skilled in the art, having read the specification, could practice the invention without "undue experimentation." Whether undue experimentation is required "is not a single, simple factual determination, but rather is a conclusion reached by weighing many factual considerations."[4]

---

[4]   *Cephalon, Inc. v. Watson Pharm., Inc*., 707 F.3d 1330, 1336 (Fed. Cir. 2013) (quoting *In re Wands*, 858 F.2d 731, 736–37 (Fed.Cir.1988) and *ALZA Corp. v. Andrx Pharms., LLC*, 603 F.3d 935, 940 (Fed.Cir.2010).

Courts usually apply the so-called *Wands* factors in determining whether any particular claim is invalid for lack of enablement:

> (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims.

*Wands*, *supra*, 858 F.2d at 737 ("Wands factors"); *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1372 (Fed.Cir.1999) ("The Wands factors, when applied from the proper temporal perspective ... are a useful methodology for determining enablement...."). What is relevant depends on the facts, and although experimentation must not be undue, a reasonable amount of routine experimentation required to practice a claimed invention does not violate the enablement requirement. *Cephalon*, *supra*, 707 F.3d at 1336.

Here, Ms. Spielman never mentions the *Wands* factors, and otherwise fails to follow any recognized analysis of enablement. Ms. Spielman simply asserts that a lot of work would be required to implement the invention. A lot of work does not evidence lack of enablement. Writing software to implement the invention may take time, but that is implementation, not experimentation. The issue is "undue experimentation" – not "a lot of work." Ms. Spielman's *ipse dixit* that the claims are not enabled is not sufficient basis to permit her testimony before the jury.

### E.   Ms. Spielman Should Not Testify On Alleged Indefiniteness

The relevant statute, 35 U.S.C. § 112(b) provides that:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention.

The provision raises a question of law:

> We adhere to the principle that "determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."  In *Cybor*, we reaffirmed that although a court may consider or reject certain extrinsic evidence in resolving disputes en route to pronouncing the meaning of claim language, "the court is not crediting certain evidence over other evidence or making factual evidentiary findings.  Rather, the court is looking to the extrinsic evidence to assist in its construction of the written document...."  We therefore reject Exxon's argument that the issue of indefiniteness turns on an underlying factual dispute that should not have been resolved as a matter of law on summary judgment.

*Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) (internal

citations omitted).[5]  A claim is invalid as indefinite only where it is "not amenable to

construction" or is "insolubly ambiguous."[6]

---

[5]  See also *Datamize v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347–48 (Fed.Cir.2005) ("'By finding claims indefinite only if reasonable efforts at claim construction prove futile, we accord respect to the statutory presumption of validity and we protect the inventive contribution of patentees, even when the drafting of their patents has been less than ideal.'"); *British Telecommunications PLC v. Coxcom, Inc.*, 2014 WL 119198 (D. Del. 2014) ("The definiteness requirement is rooted in § 112[b], which provides that 'the specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.'  A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims.").

[6]  *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349, 1359 (Fed. Cir. 2012); *Haemonetics Corp. v. Baxter Healthcare Corp.*, 607 F.3d 776, 783 (Fed. Cir. 2010) ("because claim construction frequently poses difficult questions over which reasonable minds may disagree, proof of indefiniteness must meet "an exacting standard."  "Only claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite."  …. An accused infringer must thus demonstrate by clear and convincing evidence that one of ordinary skill in the relevant art could not discern the boundaries of the claim based on the claim language, the specification, the prosecution history, and the knowledge in the relevant art.");  *Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed.Cir.2008) ("Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction.").  Thus, indefiniteness under § 112(b) is properly raised during claim construction because it is "inextricably intertwined with claim construction.'" *Energizer Holdings, Inc. v. Int'l Trade Comm'n*, 435 F.3d 1366, 1368-69 (Fed. Cir. 2006); *Atmel Corp. v. Information Storage Devices, Inc.*, 198 F.3d 1374, 1379 (Fed.Cir.1999);  *Secor View Technologies LLC v. Nissan N. Am., Inc.*, 2013 WL 6147788 (D.N.J. 2013).

Thus, the indefiniteness challenge does not go to the jury, and Ms. Spielman cannot testify on the subject.  However, even if the issue were submitted to a jury,[7] any testimony would have to be based on the Court's construction of the claims, and Ms. Spielman's expert report has nothing to say about indefiniteness of the claims as construed.

### F. Specific Points That Should Be Precluded In Alternative

In the event that Ms. Spielman is allowed to testify regarding the alleged invalidity of any claims of the Patents-in-suit, certain points in Ms. Spielman's report individually fail the *Daubert* and FRE 702 standards.

#### 1. VAN Switch

In ¶¶ 30-35 and 41-55 (A-2126-27, A-2129-34), Ms. Spielman proposes to testify as to the "VAN Switch" disclosed and claimed in the Pi-Net patents, without ever construing the term.

Plaintiff Pi-Net has proposed a construction of "VAN Switch" (D.I. 74 at 94-100), as did the PTO (See Court record notation dated Sept. 26, 2013 and Exh. BB at BB-50-51).  Once the Court construes "VAN Switch," that is the definition of the term that must be applied to all the §112 issues in the case.  Thus, the expert reports served by Pi-Net assumed the different proposed constructions of VAN Switch, and then applied the alternative constructions.  (See for example, Exh. AA at A-1039 and Exh. AD at A-1343-44).  JPMorgan's other expert, Dr. Siegel, also assumed VAN Switch constructions as required by this Court's Order.  (See, for example Exh. AH ¶ 70 A-1729, ¶ 76 A-1732, and claim chart at A-1784, 1793).  Spiel does not get to express opinions without following the law and the rules.

---

[7]  See *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 458 F. App'x 910, 917 (Fed. Cir. 2012) cert. denied, 133 S. Ct. 544 (U.S. 2012) ("Because the district court provided a construction to the jury, which was the only basis upon which the jury could reach the conclusion it did, we do not need to reach the question of whether it was error to submit the question of indefiniteness to the jury: Even had the district court not done so, the outcome would be no different.")

### 2.  Claim 12 of the '492 Patent

In Par. 54 (A-2133), Ms. Spielman asserts arguments that relate solely to claim 12 of the

'492 patent, which has never been asserted.  ('492 Pat, App. C)  The proposed testimony is

legally irrelevant, and would tend to confuse the jury.

### 3.  Keeping a Transaction Flow Captive

Ms. Spielman asserts that the term "keeping a transaction flow captive" is unsupported by

the written description and not enabled.  (¶¶ 63-68 at A-2136-37)  Ms. Spielman did not consider

any constructions of the term, and, thus, cannot testify.[8]

### 4.  POSvc Application and Web Application

Ms. Spielman also asserts that the coined terms "POSvc Application" and "web

application" (terms in '492 and '158 the patent claims) are allegedly unsupported by the written

description and not enabled.  (¶¶ 69-74 at A-2137-39)  Again, Ms. Spielman never considered

any constructions of the terms and cannot opine without that basic underpinning.

### 5.  MPF Claims Requiring a Computer

Ms. Spielman's proposed testimony regarding the means-plus-function elements in the

'500 patent claims (¶¶ 75-78 at A-2139-40) should be precluded, because the issue is one for the

Court to determine at claim construction.  "If § 112[f] is applicable, the determination of the

corresponding structure is … a question of law."[9]

---

[8]  Ms. Spielman has not shown that her discussion of the "well-known ACID properties (Atomicity, Consistency, Isolation, and Durability)" (A-2136) is related to the term as properly construed.

[9]  *TecSec, Inc. v. Int'l Bus. Machines Corp.*, 731 F.3d 1336, 1340-41 (Fed. Cir. 2013); *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1318 (Fed. Cir. 2004); *Kemco Sales, Inc. v. Control Papers Co., Inc.*, 208 F.3d 1352, 1360 (Fed. Cir. 2000).

Second, both Pi-Net and the PTO proposed the structures or "algorithms" for the "means" limitations.[10]  (D.I. 74 and Exh. BB at BB-75-92).  As required by precedent and this Court's Order (D.I. 90), all the other experts for both Pi-Net and JPMorgan's factored those proposed constructions into their report.  (See, e.g., A-1042-53; A-1792-93)   Ms. Spielman chose to ignore precedent, the Court's Order and the claim constructions addressed in the reports of other experts, and FRE and *Daubert* now preclude her testimony.

F.R.Civ.P. Rule 26(a)(2)(B)(i) requires that an expert report "must contain (i) a complete statement of all opinions the witness will express and the basis and reasons for them."  Thus, Ms. Spielman's "complete statement of … the basis and reasons" for her opinions is merely that she says so, and without need to even address the existing record.  Such testimony is foreclosed by F.R.E. Rule 702, because experts are permitted to testify only if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Here, her proposed testimony (a) does not address any fact in issue; (b) is not based on any facts or data; (c) is mere *ipse dixit* because her report shows no reliable principles or methods; and (d)

---

[10]   The "term 'algorithm' as a term of art in its broad sense, i.e., to identify a step-by-step procedure for accomplishing a given result." *Typhoon Touch Technologies, Inc. v. Dell, Inc.*, 659 F.3d 1376, 1385 (Fed. Cir. 2011).  An "algorithm" can be prose. *Id* at 1386; *Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1318 (Fed. Cir. 2013) ("algorithm disclosed in prose"); *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1340 (Fed. Cir. 2008) ("This court permits a patentee to express that algorithm in any understandable terms including as a mathematical formula, in prose, or as a flow chart, or in any other manner that provides sufficient structure") (internal citations omitted).

she has not reliably applied any recognized principles or methods to the facts.  The governing law is "conclusory, unsupported assertions by experts as to the definition of a claim term are not useful to a court."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed.Cir.2005) (en banc).  Such conclusory, unsupported assertions by experts as to the indefiniteness of claims is similarly not useful to a Court.

## V.   <u>CONCLUSION</u>

On the basis of the foregoing analysis of fact and law, Plaintiff Pi-Net respectfully requests that its motion to strike testimony be granted.

<u>*/s/ George Pazuniak*___</u>
George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff Pi-Net Int'l, Inc.*