## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF Delaware

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 12-282-RGA |
| v. | ) |
| | ) |
| JPMORGAN CHASE & CO., | ) Redacted Version of D.I. 130 |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
### JPMC's MOTION SUMMARY JUDGMENT OF NON-INFRINGEMENT

George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff*
*Pi-Net International, Inc.*

## TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDING ................................................................. 1

II. SUMMARY OF ARGUMENT ............................................................................................ 1

III. STATEMENT OF FACT ................................................................................................... 2

IV. LEGAL STANDARDS ...................................................................................................... 3

    B. Infringement Standard ................................................................................................. 3

V. ARGUMENT ...................................................................................................................... 4

    A. JPMC Does Not Support Its Motion ........................................................................... 4

    B. Only the '492 Patent Claims Include the Word "Back-End" ...................................... 4

    C. JPMC's Arguments Rewrite the Claims 1-8 of '492 Patent Fail .................................. 6

    D. JPMC's Arguments Rewrite the Claims 10-11 of '492 Patent Fail ............................. 6

    E. Pi-Net Is Not Required To Explain Post-Transaction Processing ............................... 7

    F. JPMC has Rewritten Limitations to Argue That the Accused Instrumentalities Do Not Meet the "On Top" Limitation ................................................................................... 9

    G. JPMC's Accused Instrumentalities Infringe ............................................................. 11

    H. Pi-Net Has Presented Sufficient Circumstantial Evidence ....................................... 12

    I. JPMC''s Motion Regarding the Doctrine of Equivalents is Premature ....................... 13

    J. JPMC''s Premature Motion Based on Claim Constructions ....................................... 13

VI. CONCLUSION ................................................................................................................ 14

## TABLE OF AUTHORITIES

**CASES**

*Atlas Powder Co. v. E.I. du Pont De Nemours & Co.*,
  750 F.2d 1569 (Fed. Cir. 1984) ............................................................................. 10

*Caterpillar Inc. v. Deere & Co.*,
  224 F.3d 1374, 1379 (Fed. Cir. 2000) ..................................................................... 3

*Centricut, LLC v. Esab Grp., Inc.*,
  390 F.3d 1361 (Fed. Cir. 2004) ............................................................................... 4

*Clearwater Sys. Corp. v. Evapco, Inc.*,
  394 F. App'x 699 (Fed. Cir. 2010) .......................................................................... 5

*Creative Integrated Sys., Inc. v. Nintendo of Am., Inc.*,
  526 F. App'x 927 (Fed. Cir. 2013) .......................................................................... 5

*E.I. Du Pont De Nemours & Co. v. Phillips Petroleum Co.*,
  849 F.2d 1430 (Fed.Cir.1988) ................................................................................. 5

*Intervet Am., Inc. v. Kee–Vet Labs., Inc.*,
  887 F.2d 1050 (Fed.Cir.1989) ................................................................................. 5

*JVW Enterprises, Inc. v. Interact Accessories, Inc.*,
  424 F.3d 1324 (Fed.Cir.2005) ............................................................................... 10

*Lee v. Mike's Novelties, Inc.*,
  2013 WL 6097232 (Fed. Cir. 2013) ...................................................................... 10

*Liquid Dynamics Corp. v. Vaughan Co.*,
  449 F.3d 1209 (Fed.Cir.2006) ............................................................................... 12

*Lucent Technologies, Inc. v. Gateway, Inc.*,

    580 F.3d 1301 (Fed.Cir.2009) .................................................................................. 3, 12

*Moleculon Research Corp. v. CBS, Inc.*,

    793 F.2d 1261 (Fed.Cir.1986) ......................................................................................... 12

*N. Telecom, Inc. v. Datapoint Corp.*,

    908 F.2d 931 (Fed. Cir. 1990) ......................................................................................... 10

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*,

    449 F. App'x 923 (Fed. Cir. 2011) ............................................................................. 3, 12

*Renishaw PLC v. Marposs Societa' per Azioni*,

    158 F.3d 1243 (Fed.Cir.1998) ........................................................................................... 5

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*,

    2014 WL 266303 (D. Del. 2014) .................................................................................... 12

*SunTiger, Inc. v. Scientific Research Funding Group*,

    189 F.3d 1327 (Fed.Cir.1999) ......................................................................................... 10

*Symantec Corp. v. Computer Associates Int'l, Inc.*,

    522 F.3d 1279 (Fed. Cir. 2008) ....................................................................................... 12

*Tarkus Imaging Inc. v. Adobe Sys., Inc.*,

    2012 WL 2175788 (D. Del. 2012) .................................................................................. 13

## I.    NATURE AND STAGE OF THE PROCEEDING

Defendant JPMorgan Chase & Co. ("JPMC") has moved for summary judgment of non-infringement of claims asserted by Plaintiff Pi-Net International Inc. ("Pi-Net"), and has filed an opening brief in support thereof. D.I. 113, 114. ("Motion") This is Pi-Net's answering brief in opposition of that Motion.

## II.    SUMMARY OF ARGUMENT

JPMC has not demonstrated that there is no genuine dispute as to any material fact that the Accused Instrumentalities infringe the asserted claims of the Pi-Net patents.

The legal deficiencies of JPMC's Motion are fundamental, each of which independently requires a denial of the Motion. The main deficiencies include:

A.    The Motion rests entirely on factual assertions and argument of JPMC's counsel, and not on the basis of any record. Thus,

- JPMC filed the Motion without any declaration. JPMC does not even cite the expert report of JPMC's expert designated to testify about infringement, Ms. Susan Spielman.

- JPMC does cite certain some documents and deposition testimony that are tied together only by counsel's *ipse dixit*, but, even if viewed as acceptable evidence, none demonstrate the absence of genuine issues of material fact.

B.    JPMC alternately disregards and distorts the facts, while inventing new law. Pi-Net's expert has specifically identified how the Accused Instrumentalities correspond to every element in the asserted patent claims. JPMC's current arguments simply ignore that actual record. Thus, even though Dr. Bardash specifically identified where, how and why the Accused

Instrumentalities infringe, JPMC never addresses his detailed analysis. Instead, JPMC rewrites the claims and invents alleged arguments by Pi-Net which Pi-Net either never made. To confirm that is a genuine dispute as to each material fact in JPMC's Motion, Pi-Net has served the Declaration of Dr. Michael Bardash that challenges JPMC's purported facts (based entirely on the pre-existing record).

In any event, even if JPMC's Motion had any merit, summary judgment must be denied, because Pi-Net has presented more than sufficient evidence to establish a prima facie case that each of the Accused Instrumentalities meets the limitations of the asserted claims. This evidence includes the lengthy expert reports of Pi-Net's expert (Dr. Michael Bardash) and the multitude of JPMC documents and citations to the deposition of JPMC in-house experts cited in the reports. (Exhs. AA and AC; A-1001-1210, 1252-69). As established below, this evidence is more than sufficient to preclude summary judgment, particularly where, as here, all reasonable inferences must be drawn in Pi-Net's favor as the non-movant. Accordingly, JPMC's Motion should be denied

JPMC's argument regarding the Doctrine of Equivalents are premature. JPMC's arguments that there can be no infringement if the Court accepts JPMC's claim constructions assumes that the Court will err in construing claims limitations in an overly restrictive manner contrary to governing law. JPMC's proposed constructions are meritless and unprecedented.

### III.    <u>STATEMENT OF FACT</u>

Pi-Net's infringement contentions are set forth in the expert reports of Dr. Bardash. (Exhs. AA and AC; A-1001-1210, 1252-69). Now, in view of the fact that JPMC has filed a motion for summary judgment, Pi-Net also is filing the Declaration of Dr. Michael Bardash in Response to Defendant's Motions for Summary Judgment. (Exh. BE). The Declaration

specifically addresses JPMC's assertions in its Motion. Pi-Net in particular refers to Paragraphs 57-78 of Dr. Bardash's declaration in which he responds to the purported material facts relied upon in JPMC's Motion for summary judgment of non-infringement.[1]

## IV. LEGAL STANDARDS

### A. Summary Judgment Standard

To avoid needless repetition, Pi-Net incorporates here its discussion of the standards for granting summary judgment as set forth in Section IV.A of Pi-Net's <u>Answering Brief in Opposition to JPMC's Motion Summary Judgment of Invalidity</u>, which is being concurrently filed.

### B. Infringement Standard

Infringement is a question of fact. *Caterpillar Inc. v. Deere & Co.*, 224 F.3d 1374, 1379 (Fed. Cir. 2000).

"A patentee may prove infringement by direct or circumstantial evidence." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 449 F. App'x 923, 928 (Fed. Cir. 2011); *Lucent Technologies, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed.Cir.2009).

"Nor is a patentee required to prove direct infringement to a complete certainty. A patentee is only required to prove direct infringement by a preponderance of the evidence—that it is more likely than not that the direct infringement occurred." *O2 Micro, supra; Lucent, supra*, 580 F.3d at 1317–18.

---

[1] JPMC has included an annotated chart of its online system in its brief, which it says is "The basic architecture of JPMC's systems." (D.I. 114 at 5). Pi-Net agrees that the actual chart is "basic architecture of JPMC's systems." It is noted, however, that the annotations are by counsel, and that JPMC does not appear to rely on those annotations. Thus, Pi-Net need not comment.

## V. ARGUMENT

### A. JPMC Does Not Support Its Motion

It is unusual for a party to mover for summary judgment without a declaration of an expert, and without citing to any expert report. Although expert evidence is not absolutely mandatory, where one party offers expert testimony regarding infringement, the other party "cannot satisfy its burden of proof by relying only on testimony from those who are admittedly not expert in the field." *Centricut, LLC v. Esab Grp., Inc.*, 390 F.3d 1361, 1370 (Fed. Cir. 2004). That is the situation here. Pi-Net has presented an expert report in the form of a declaration attesting to JPMC's infringement. (Exh. AA). In response, JPMC has presented basically counsel's argument. Counsel's argument is insufficient to establish the absence of material facts in the face of an expert's detailed declaration.

### B. Only the '492 Patent Claims Include the Word "Back-End"

The '492 Patent claims recite a "back-end transactional application." The claims of the '500 Patent and the '158 Patent do not recite any "back-end" term in the limitations, which JPMC inferentially concedes. (D.I. 114 at 9-10). JPMC, nevertheless, argues that the '158 Patent claims impliedly require a "back-end" as a practical matter. *Id*. JPMC further argues that the term "transactional application" in the '500 Patent claims should be revised to say "back-end transactional application." *Id*. JPMC so argues, even though neither Pi-Net nor JPMC has so construed the term in the claim construction chart the parties jointly submitted to the Court. (D.I. 64 at 14).

JPMC provides no authority for its argument that the fact that a word or phrase is used in the construction of a claim term, that the word or phrase is somehow transformed to a claim term, subject to the same infringement and validity requirements as a claim term. Nor is there any support for JPMC's argument that terms should be read into the claims, because they are

4

necessary for some practical implementations.[2] Certainly, it is not understood how JPMC purports to make such an argument without any record, such as an expert declaration, supporting the proposed rewriting of the claims. JPMC's arguments are without merit.[3]

Although JPMC's arguments fail as a matter of law, it is also noted that JPMC errs in its recounting of the record. Thus, JPMC argues that Dr. Bardash conceded that the claims include some sort of "back-end" requirement. (D.I. 114 at 11). Examination of the actual answers, however, demonstrate only that Dr. Bardash agreed the '158 Patent claims (and only the '158 Patent claims) contemplate that "'real-time' describes processing that occurs on the back end tier as opposed to the front end." However, this is consistent with the real-time processing taking place at the MMS, as he described in his expert reports and in his Declaration (Exh. BE), because, MMS is not in the "front-end."

In any event, his testimony was specific to question regarding the '158 Patent claims, and

---

[2] [A]dding an extraneous limitation … is improper." *Creative Integrated Sys., Inc. v. Nintendo of Am., Inc.*, 526 F. App'x 927, 935 (Fed. Cir. 2013); *Clearwater Sys. Corp. v. Evapco, Inc.*, 394 F. App'x 699, 706 (Fed. Cir. 2010) ("the district court improperly imported an extraneous limitation into the claim."); *Intervet Am., Inc. v. Kee–Vet Labs., Inc.*, 887 F.2d 1050, 1053 (Fed.Cir.1989) ("[T]his court has consistently adhered to the proposition that courts cannot alter what the patentee has chosen to claim as his invention, that limitations appearing in the specification will not be read into claims, and that interpreting what is meant by a word in a claim 'is not to be confused with adding an extraneous limitation appearing in the specification, which is improper.'") (quoting *E.I. Du Pont De Nemours & Co. v. Phillips Petroleum Co.*, 849 F.2d 1430, 1433 (Fed.Cir.1988)); *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1249 (Fed.Cir.1998) ("when a claim term is expressed in general descriptive words, we will not ordinarily limit the term to a numerical range that may appear in the written description or in other claims.")

[3] JPMC's arguments for reading a "back-end" limitation into the '500 and '158 patent claims are also inconsistent with JPMC's arguments in the claim construction briefing. In those briefs, directly contrary to its present position on summary judgment, JPMC had argued that: "claim 1 of the '158 patent does not recite either a "transactional application" or "back-end transactional application'" (D.I. 74 at 76); and that "the claims of the '500 patent do not recite a … 'back-end transactional application.'" (D.I. 74 at 76). JPMC has not attempted to reconcile its directly contradictory arguments.

5

his testimony certainly did not purport to rewrite the language or construction of any claims. Simply identifying where actions take place, does not make cause those locations to be written into the claims.

### C. JPMC's Arguments Rewrite the Claims 1-8 of '492 Patent Fail

As noted, the '492 Patent claims recite a "back-end transactional application." Even though only the '492 Patent contains a "back-end" limitation, and even though the only "back-end" limitation in claims 1-8 of the '492 Patent is the phrase "back-end transactional application," JPMC argues that Pi-Net has failed to prove that JPMC uses "back-end elements" (e.g., D.I. 114 at 1, 8), "back-end systems" (e.g., *Id*. at 1, 2, 3, 8) or, simply, "back-end." (e.g., *Id*. at 3, 4, 10). JPMC mostly ignores the actual claim term "back-end transactional application," and uses it only in the few instances where JPMC had to quote the claim. (e.g., *Id*. at 8, 9, 11).

Although JPMC repeatedly uses the terms "back-end elements," "back-end systems" and "back-end," JPMC never specifically construes those terms or volunteers what it believes those terms to means. They are unclear, and, thus, so is JPMC's motion for summary judgment. Such ambiguous arguments cannot support summary judgment of non-infringement.

In any event, whatever the meaning of the terms, JPMC is not permitted to rewrite Pi-Net patent claims. Claims 1-8 of the '492 Patent include a limitation "a computer system executing the Back-end transactional application for processing the transaction request in real-time." The Bardash Declaration confirms that the Accused Instrumentalities all literally meet this actual limitation. (Exh. BE at ¶¶ 57-69)

### D. JPMC's Arguments Rewrite the Claims 10-11 of '492 Patent Fail

JPMorgan argues that Pi-Net has not identified the "back-office server required by claims 10 and 11 of the '492 patent." (D.I. 114 at 14). Claims 10 and 11require, inter alia,

6

accessing data <u>from a host or data repository coupled to</u> the back office server of one or more Web merchants <u>or to the back-end transactional application</u>, wherein the back office server <u>or back-end</u> is coupled to legacy databases and other data repositories that are utilized by the one or more of the Web merchants or the back-end transactional application to store data.

JPMC argues that it is entitled to summary judgment of these two claims, because Pi-Net has not provided any evidence about the "'back-office server' required by claims 10 and 11 of the '492 patent." (D.I. 114 at 14) JPMC further argues that Dr. Bardash allegedly admitted that he never identified a "'back-office server' required by this claim." (*Id*.)

JPMC errs in its reading of these Claims 10-11. The plain language of these claims requires that the host or data depository be coupled either to the back-office server OR to the back-end transactional application. Thus, the claims provide alternative combinations, and infringement of either is sufficient.

<span style="color:red">Redacted</span>

### E. Pi-Net Is Not Required To Explain Post-Transaction Processing

JPMC ultimately admits Dr. Bardash's testimony that JPMC's "front-end" applications (POSvc Applications) communicate with MMS, or what JPMC terms the "middle-tier computer

7

system." (D.I. 114 at 12-13). But, then JPMC argues that Dr. Bardash "never identifies what those allegedly corresponding transactional applications are," and that [t]here is no evidence of a corresponding, back-end application for each (or any) Accused Instrumentality." *Id*. Redacted

**F. JPMC has Rewritten Limitations to Argue That the Accused Instrumentalities Do Not Meet the "On Top" Limitation**

JPMC also misstates the claim language when JPMC argues that "There Is No Genuine Dispute That The Accused Instrumentalities Do Not <u>Connect to Back-End Systems</u> 'On Top Of' A Facilities Network," and that "There is no genuine dispute that the Accused Instrumentalities do not practice these limitations, because the accused <u>Web servers connect to the back-end systems over a private network</u>, and not over the Web, the Internet, or an email network." (D.I. 114 p. 16).

JPMC has changed the claim language. The claims do not say anything about "connecting to back-end systems." The claims say "a service network running on top of the facilities network for <u>connecting</u> through the Web server to <u>**a**</u> back-end transactional application." There is a huge difference between JPMC's argued language and "connecting to *a* back-end transactional application."

<span style="color:red">Redacted</span>

9

Redacted

Redacted

Redacted

---

[4] *Lee v. Mike's Novelties, Inc.*, 2013 WL 6097232 (Fed. Cir. 2013) ("infringement cannot be avoided by adding another feature that contributes to the turret's stability if the weight differential is nevertheless sufficient to keep the turret stationary. MWI's proposed construction would have limited the claims to read on devices with turrets held stationary solely because of the weight differential. The district court did not err in rejecting that construction."); *JVW Enterprises, Inc. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1333 (Fed.Cir.2005) ("additional features amount to improvements that do not avoid infringement"); *SunTiger, Inc. v. Scientific Research Funding Group*, 189 F.3d 1327, 1336 (Fed.Cir.1999) (one cannot "avoid infringement merely by adding elements if each element recited in the claims is found in the accused device"); *N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 945 (Fed. Cir. 1990) ("The addition of features does not avoid infringement, if all the elements of the patent claims have been adopted. Nor is infringement avoided if a claimed feature performs not only as shown in the patent, but also performs an additional function."); *Atlas Powder Co. v. E.I. du Pont De Nemours & Co.*, 750 F.2d 1569, 1580 (Fed. Cir. 1984) ("where defendant has appropriated the material features of the patent in suit, infringement will be found "even when those features have been

10

### G. JPMC's Accused Instrumentalities Infringe

JPMC argues that "Pi-Net Has Failed to Identify What It Contends Are the "Back-End Transactional Applications." (D.I. 114 at 12-14). Pi-Net has submitted an expert report by Dr. Bardash in the form of a declaration (Exh. AA) in which he has shown that the Accused Instrumentalities infringe the Pi-Net patent claims. In addition, in confirmation of his expert report and to directly address JPMC's arguments in JPMC's Motion, Dr. Bardash has shown that the Accused Instrumentalities infringe any claim requiring a "back-end transactional applications" in his concurrently filed Declaration. (Exh. BE at ¶¶ 57-69).

Similarly, JPMC argues that "Pi-Net Has Failed to Identify What Constitutes the Back-Office Server Required By Claims 10 & 11 of the '492 Patent." (D.I. 114 at 14). Dr. Bardash's expert report and Declaration responds to this argument. In confirmation of his expert report and to directly address JPMC's arguments in JPMC's Motion, Dr. Bardash has shown that the Accused Instrumentalities infringe Claims 10-11 of the '492 Patent. (Exh. BE at ¶¶ 70-73).

Similarly, JPMC argues that "Pi-Net Has No Evidence of "Real-Time" Back-End Performance Required By At Least All Asserted Claims of the '158 and '492 Patents." (D.I. 114 at 14-15). Dr. Bardash's expert report and Declaration responds to this argument. In confirmation of his expert report and to directly address JPMC's arguments in JPMC's Motion, Dr. Bardash has shown that the Accused Instrumentalities infringe any requirement for "'real-time' performance by the back-end components of the claimed system or method." (Exh. BE at ¶ 74).

Similarly, JPMC argues that "The Accused Instrumentalities Do Not Connect to Back-End Systems "On Top Of" A Facilities Network." (D.I. 114 at 15-17). Dr. Bardash's expert

---

supplemented and modified to such an extent that the defendant may be entitled to a patent for the improvement.").

11

report and Declaration responds to this argument. In confirmation of his expert report and to directly address JPMC's arguments in JPMC's Motion, Dr. Bardash has shown that the Accused Instrumentalities infringe the actual claim limitations asserted by JPMC. (Exh. BE at ¶¶ 75-78). As pointed out by Dr. Bardash, JPMC has simply rewritten the claim language, and then argued that it did not infringe a claims that never existed.

In short, with respect to all of JPMC's arguments, there is at least a genuine dispute as to the material facts of infringement. It cannot be said that Pi-Net as a matter of law cannot carry its burden of proving literal infringement of these claims by either direct or circumstantial evidence.

### H. **Pi-Net Has Presented Sufficient Circumstantial Evidence**

Pi-Net has demonstrated that all the asserted claim limitations are met. Even if there should be any questions about the direct evidence presented by Pi-Net, there is sufficient circumstantial evidence to support infringement, and circumstantial evidence is sufficient to prove infringement.[5]

Drawing all reasonable inferences in favor of Pi-Net, there can be no question that Pi-Net has presented sufficient evidence for a jury to conclude that the Accused Instrumentalities infringe. At a minimum, there is clear expert evidence to support infringement, and the issues

---

[5] *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 449 F. App'x 923, 928 (Fed. Cir. 2011) ("A patentee may prove infringement by direct or circumstantial evidence."); *Lucent Techs., Inc.*, 580 F.3d at 1318 (upholding jury verdict of direct infringement based on circumstantial evidence that defendant "not only designed the accused products to practice the claimed invention, but also instructed its customers to use the accused products in an infringing way"); *Symantec Corp. v. Computer Associates Int'l, Inc.*, 522 F.3d 1279, 1293 (Fed. Cir. 2008) ("Direct evidence of infringement, as opposed to circumstantial evidence, is not necessary."); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed.Cir.2006) ("A patentee may prove ... infringement by either direct or circumstantial evidence. There is no requirement that direct evidence be introduced"); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed.Cir.1986) (abrogated on other grounds); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, 2014 WL 266303 (D. Del. 2014) ("circumstantial evidence can also be adequate to permit a jury to find that at least one other person within the United States during the relevant time period, other than the expert [retained for litigation], had performed the claimed method").

cannot be resolved without a trial. See *Tarkus Imaging Inc. v. Adobe Sys., Inc.*, 2012 WL 2175788 (D. Del. 2012) (denying summary judgment because issues present a "battle of the experts" that is not amenable to resolution prior to the presentation of evidence.)

### I. JPMC''s Motion Regarding the Doctrine of Equivalents is Premature

JPMC argues that it is entitled to summary judgment that Pi-Net cannot assert any theory of infringement under the doctrine of equivalents, because it has not provided for such theory in its expert reports. However, Pi-Net has continually maintained that the asserted claims are literally infringed and Dr. Bardash's expert report has demonstrated direct and literal correspondence between the asserted claims and the Accused Instrumentalities, in view of the claim constructions that are of record. Therefore, there has been no opportunity or basis to assert the doctrine of equivalents.

There is still no expectation that Pi-Net will need to resort to that doctrine. However, in the event that the Court construes the claims in an unexpected fashion so that there may not be literal infringement, but a basis for asserting the doctrine of equivalents, that opportunity should not be foreclosed by an early and unnecessary summary judgment.

### J. JPMC''s Premature Motion Based on Claim Constructions

JPMC demands summary judgment in the event that the Court enters the claim construction for "real-time" and "object routing" as proposed by JPMC.

JPMC's proposed constructions for "real-time" and "object routing" violate basic claim construction principles and unsupported by any authority. Again, the Court has not entered the proposed claim constructions, and any discussion of the outcome if the Court were to so construe the claims is premature.

## VI. CONCLUSION

On the basis of the foregoing analysis of fact and law, Plaintiff Pi-Net respectfully requests that JPMC's motion for summary judgment be denied. Summary judgment should be denied. As set forth above, Pi-Net has presented abundant and compelling evidence that would enable a jury to find that the Accused Instrumentalities infringe, particularly where, as here, all inferences must be drawn in Pi-Net's favor.

Respectfully Submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff Pi-Net Int'l, Inc.*