**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PI-NET INTERNATIONAL, INC.,    ) | |
|                            ) | |
| Plaintiff,               ) | |
|                            ) | |
| v.                     ) | C.A. No. 12-282-RGA |
|                            ) | |
| JPMORGAN CHASE & CO.,      ) | |
|                            ) | |
| Defendant.             ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**
**MOTION TO EXCLUDE EXPERT**
**TESTIMONY OF DEFENDANT'S RETAINED EXPERT, SUSAN SPIELMAN**
**ON VALIDITY**

George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff*
*Pi-Net International, Inc.*

February 26, 2014

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDING.........................................................- 1 -

II.     SUMMARY OF ARGUMENT ..................................................................................- 1 -

III.    ARGUMENT ............................................................................................................- 2 -

    A.    Ms. Spielman Ignored the Meaning of the Claims,  Contrary to *Daubert*, FRE
       702 and This Court's Order ...............................................................................- 2 -

       1.     Ms. Spielman Never Cited Any Constructions of Claim Terms ............- 2 -

       2.     JPMC Ignores the Court's Order ...........................................................- 2 -

       3.     Ms. Spielman's Admitted Claim Construction Fail...............................- 3 -

       4.     JPMC Legal Arguments Are Without Merit...........................................- 5 -

    B.    Ms. Spielman's Non-Statutory Criticisms Cannot Be Allowed ........................- 6 -

    C.    FRE 702 Precludes Ms. Spielman's Written Description Testimony.................- 7 -

    D.    Ms. Spielman May Not Testify On Alleged Lack of Enablement......................- 8 -

    E.    Ms. Spielman Should Not Testify On Alleged Indefiniteness..........................- 10 -

    F.    Specific Points That Should Be Precluded In Alternative ...............................- 10 -

IV.    CONCLUSION.......................................................................................................- 10 -

# TABLE OF AUTHORITIES

**CASES**

*Asahi Glass Co., Ltd. v. Guardian Indus. Corp.*,
  2011 WL 4459606 (D. Del. 2011) .......................................................................................- 6 -

*Cephalon, Inc. v. Watson Pharm., Inc.*,
  707 F.3d 1330 (Fed. Cir. 2013) .........................................................................................- 10 -

*Cordance Corp. v. Amazon.com, Inc.*,
  631 F.Supp.2d 477 (D. Del. 2009) ......................................................................................- 5 -

*Daubert v. Merrill Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ........................................................................................................ passim

*Golden Bridge Tech., Inc. v. Apple Inc.*,
  2013 WL 1431652 (D. Del. 2013) .......................................................................................- 8 -

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
  558 F.3d 1368 (Fed. Cir. 2009) ..........................................................................................- 7 -

*In re TMI Litigation*,
  193 F.3d 613 (3d Cir. 1999) ...............................................................................................- 7 -

*In re Wands*,
  858 F.2d 731 (Fed.Cir.1988) ..............................................................................................- 9 -

*Medisim Ltd. v. BestMed LLC*,
  861 F. Supp. 2d 158 (S.D.N.Y. 2012) .................................................................................- 6 -

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
  345 F. Supp. 2d 431 (D. Del. 2004) ........................................................................ - 5 -, - 6 -

*Personalized Media Commc'ns, LLC v. Zynga, Inc.*,
  2013 WL 5962812 (E.D. Tex. 2013) .................................................................................- 10 -

*PPG Indus., Inc. v. Guardian Indus. Corp.*,
  75 F.3d 1558 (Fed.Cir. 1996) ...........................................................................................- 10 -

**STATUTES**

35 U.S.C. § 112 ........................................................................................................ - 1 -, - 7 -

**RULES**

Fed.R.Civ.P. Rule 26(a) ................................................................................ - 4 -, - 5 -, - 6 -
Federal Rule of Evidence Rule 702 .............................................................................. passim
Federal Rule of Evidence Rule 402 ...................................................................................- 7 -

## I.      NATURE AND STAGE OF THE PROCEEDING

Plaintiff Pi-Net International, Inc. ("Pi-Net") moved to exclude portions of the testimony of Susan Spielman, a proposed invalidity expert for Defendant JPMorgan Chase & Co. ("JPMC") (Exhibits AJ, AL; A-2116-41, 2217-36), for failure to comply with the requirements of Fed.R.Civ.P. Rule 26(a)(1)(A), Federal Rule of Evidence 702 and *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993).  (D.I. 115, 116).  JPMC has filed an answering brief (D.I. 126), and this is Pi-Net's reply brief in support of its motion.

## II.      SUMMARY OF ARGUMENT

JPMC does not address many of Pi-Net's arguments, because it cannot.  JPMC simply ignores some arguments, and revises other Pi-Net arguments into into something that Pi-Net never said.  JPMC's brief begins and ends, however, with demonstrably inaccurate statement that Ms. Spielman's expert report tracked the claim constructions of record.  The plain words of her report refute that possibility, as can be demonstrated by comparing the record constructions and Ms. Spielman's report.  Ms. Spielman served an expert report that attacks Pi-Net's claims under 35 U.S.C. § 112 as lacking definiteness, and lacking written description and enablement support in the specification.  Yet, it is impossible to tell what methodology or frame of reference she used, because she never explained, and apparently never considered, the proper construction or meaning of the claims.  Thus, her report and proposed testimony are unreliable and must be excluded.

Further, many of her assertions are plainly erroneous as a matter of law.  Pi-Net challenged the proposed testimony, and JPMC has simply ignored those challenges.  But it is JPMC that has the burden of showing that Ms. Spielman can testify, and JPMC does not even attempt to shoulder that obligation.

### III.    ARGUMENT

#### A.  Ms. Spielman Ignored the Meaning of the Claims, Contrary to *Daubert*, FRE 702 and This Court's Order

#### 1.  Ms. Spielman Never Cited Any Constructions of Claim Terms

The court should preclude Ms. Spielman from testifying about invalidity of the patent claims, because claim definiteness begins and ends with a determination of whether the claims can be reasonably construed.  Similarly, one cannot determine whether a specification provides a written description of the claimed inventions or if they are enabled, without comparing the specification against the claims as they are construed.

JPMC apparently agrees that *Daubert* and Federal Rule of Evidence Rule 702, as interpreted by a large body of precedent, mandate that analysis of claim validity begin with the meaning of the claims – a matter of claim construction.  Otherwise, an expert is not providing relevant testimony, but pontificating prejudicial irrelevancies.

It is, therefore, revealing that Pi-Net has directly challenged Ms. Spielman's report as unreliable in view of her failure to address the meaning of the claims, and, in response, JPMC cannot cite where Ms. Spielman ever construed any terms.  Instead, JPMC pretends that Ms. Spielman's report reflects the record constructions, but without actually citing where she did so.  Thus, JPMC's "Statement of Facts" repeats her report (D.I. 126 at 3-8), but there is no citation to any claim constructions, or anything else that is relevant to Pi-Net's Motion.  For example, Ms. Spielman argues that five claim terms are indefinite.  But, a claim term is indefinite only if the claim term cannot be construed, and Ms. Spielman never addresses the constructions proposed by either Pi-Net or the PTO for the claim terms in arguing that the terms are indefinite.

#### 2.  JPMC Ignores the Court's Order

JPMC argues that "the Court has not yet construed any of the disputed claim terms."  (D.I.

126 at 10).  However, as Pi-Net noted in the Opening Brief, the Court had specifically ordered

that all expert reports incorporate in the alternative all claim constructions of record:

> Any expert reports shall be in the alternative for whatever competing
> constructions the parties have.  If the Court construes the disputed terms in an
> unanticipated way, the parties will have fourteen days to supplement any expert
> report.

(D.I. 90).  JPMC cannot hide from the Court's Order that the parties address and apply the

alternative claim constructions to all claim terms in issue.

### 3.  Ms. Spielman's Admitted Claim Construction Fail

JPMC argues that Ms. Spielman "applied" JPMC's "construction" of the claim terms.

(D.I. 126 at 10)  Actually, Ms. Spielman "applied" JPMC's assertions that the claims are

indefinite, but never applied JPMC's or any other claim construction.

JPMC inaccurately asserts that "Ms. Spielman then considers the alternative scenario for

the non-MPF terms … and construes the terms consistent with Pi-Net's proposed constructions."

(D.I. 126 at 10)  JPMC cannot cite any support for the untrue statement.  JPMC attempts to show

that that Ms. Spielman applied Pi-Net's claim constructions of the term "VAN Switch," because

she mentioned the "object routing" function of the VAN Switch.  (D.I. 126 at 11).  But, that still

has nothing to do with the actual construction of "VAN Switch" that Pi-Net had proposed:

> a structure connecting the object sender and the object receiver between the
> POSvc Application on a web page and the transactional application at the OSI
> Application layer on an online service network comprising a Web application
> (i.e., POSvc application).

(D.I. 64 at 16).  Ms. Spielman fails to show that she even considered, much less applied, the

above construction for the "VAN Switch" term.

In fact, after representing that Ms. Spielman "tracked" Pi-Net's claim constructions,

JPMC finally admitted that Ms. Spielman did not consider any constructions of the means-plus-

function claim elements:

> the only "construction" that Ms. Spielman applies for the MFP terms is that they
> are indefinite.

(D.I. 126 at 10 fn. 2).  This is an incredible, but dispositive, admission, after JPMC had

represented that Ms. Spielman had applied Pi-Net's claim constructions.  Consequently, Ms.

Spielman's assertions that these "means" claims are indefinite is meaningless, because she

cannot say that the claims cannot be construed, if she did not even consider the constructions

proposed by Pi-Net or those applied by the PTO.  Moreover, if the Court construes the "means"

terms and thus negates the alleged indefiniteness, Ms. Spielman admittedly has not expressed

any opinion that the "means" claims, as so construed, lack written description or enablement

support in the specification.

Thereafter, JPMC essentially admits that Ms. Spielman never considered the claim

constructions of record in her other invalidity assertions.  Specifically, JPMC admits that

> there can be no question that for the terms that Ms. Spielman addressed in her
> initial report, she properly considered and applied JPMC's proposed constructions,
> Pi-Net's proposed constructions, **or** both.

(D.I. 126 at 11-12; emphases supplied).  The statement is plainly unsupported, because there is

no record of Ms. Spielman considering any actual claim constructions of either JPMC or Pi-Net.

Her report says only that the claims are indefinite.  However, more relevant is the use of the "or"

term in JPMC's argument. The "or" is an admission that that Ms. Spielman did not consider at

least some, if not all, Pi-Net's constructions (or those of the PTO which are also of record).

It would be a violation of this Court's Order, Fed.R.Civ.P. Rule 26(a)(2)(B), *Daubert*

and FRE Rule 702 for Ms. Spielman to testify that the claims are indefinite, or lack written

description or enablement, if the Court construes the claims along the lines suggested by Pi-Net

(or the PTO which are largely similar), because there is nothing in her report tying .

An expert report must provide the expert's opinion, and "the basis and reasons for them" and the

"facts or data considered by the witness in forming" the opinion.  Fed.R.Civ.P. Rule

26(a)(2)(B)(i, ii).  Thus, any alleged "silent consideration" is irrelevant. Ms. Spielman had

address  in her report why "VAN Switch" is indefinite, or lacking written description or

enablement, as construed by Pi-Net (or the PTO), which she did not.

### 4.   <u>JPMC Legal Arguments Are Without Merit</u>

JPMC errs in arguing that the issue here is "nearly identical" to Judge Thynge's ruling in

*Cordance Corp. v. Amazon.com, Inc.*, 631 F.Supp. 2d 477 (D. Del. 2009)." (D.I. 126 at 12).  In

*Cordance,* the Court had already construed the claims, the expert's declaration plainly showed

that the Court's constructions were being applied, and the Court concluded that "the absence of

an explicit statement in Reed's declaration that he applied the court's claim construction [does not]

require[] that his declaration be stricken." *Id* at 480-81.  In this case, JPMC <u>admits</u> that Ms.

Spielman did not consider Pi-Net's or the PTO's constructions of the "means" claims, as

required by the precedent and as explicitly required by this Court's Order.

JPMC attempts to distinguish *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d

431, 436-37 (D. Del. 2004) on the basis of isolated facts that had nothing to do with the Court's

decision. (D.I. 126 at 12-13)  *Oxford Gene*'s actual holding was that an expert had to be excluded

as a matter of law, because his expert report "did not provide a clear construction of each

disputed claim element":

> Mergen's assertion that his claim construction is "brought out in the paragraphs"
> does not withstand scrutiny.  <u>Dr. Purdue did not provide a clear construction of
> each disputed claim element</u>.  What he did do, however, was apply a negative or
> alternative construction of the claims of the '270 patent and make blanket
> conclusions of invalidity based on "anticipation and/or obviou[ness]," assuming
> the court found that such construction did not apply.  Dr. Purdue's failure to
> disclose a clear construction of each disputed claim element makes his report less
> than helpful to the trier of fact, in contravention of Federal Rule of Evidence 702.
> *DataQuill Ltd. v. Handspring, Inc*., 2003 WL 737785 at *4 (N.D.III. 2003)
> (granting a motion to strike Dataquill's expert's report under Rules 702 and
> 26(a)(2)(B) in part because it was not clear what or whose interpretation of the

> claims the expert applied in his analysis and would therefore not assist the trier of
> fact under Rule 702, and also because he failed to state the basis and reasons for
> his opinion under Rule 26(a)(2)(B)). … Dr. Purdue was required by Rule
> 26(a)(2)(B) to provide in his report "the basis and reasons" of his opinion.

*Oxford Gene Tech.*, 345 F. Supp. 2d at 436-37 (internal citations omitted). *Oxford Gene* applies

here four-square and is indistinguishable. As in *Oxford Gene,* Ms. Spielman's report had to

reflect the claim constructions that she was applying, so that her opinions could be properly

tested.  By failing to state what constructions, if any, she applied, her report fails the basic

requirements of Fed.R.Civ.P. Rule 26(a), FRE Rule 702 and *Daubert*.

JPMC next attempts to reduce Judge Robinson's holding in *Asahi Glass Co., Ltd. v.

Guardian Indus. Corp.*, 2011 WL 4459606 (D. Del. 2011) *ad absurdum* to its most remotest

facts.  (D.I. 126 at 13).  The Court clearly held:

> The court agrees with plaintiffs that Dr. Horn's opinions on written description
> and enablement are not helpful to the jury in these regards. As an initial matter,
> Dr. Horn did not first provide a claim construction against which the adequacy of
> the description could be measured.

*Asahi Glass Co.*, *supra*, 2011 WL 4459606 at ¶5.

Finally, JPMC argues that *Medisim Ltd. v. BestMed LLC*, 861 F. Supp. 2d 158, 171

(S.D.N.Y. 2012) is not relevant, because "Pi-Net does not argue that Ms. Spielman ignored a

particular aspect of Pi-Net's proposed constructions…"  (D.I. 126 at 14).  Ms. Spielman

completely ignored ALL Pi-Net's (and PTO's) claim constructions, and none of her expert report

"tracks the language in Pi-Net's proposed constructions."

## B.  Ms. Spielman's Non-Statutory Criticisms Cannot Be Allowed

Pi-Net moved to preclude Ms. Spielman from misleading the jury by legally irrelevant

and prejudicial charges.  (D.I. 116 at 6-8)  JPMC sole response is that "Pi-Net proffers no basis

for excluding the substance of any of Ms. Spielman's allegedly 'ad hominem' attacks," and that

Ms. Spielman can say whatever she wants.  (D.I. 126 at 19-20).

JPMC errs, because Federal Rule of Evidence Rule 402 states unequivocally that "Irrelevant evidence is not admissible." Further, JPMC itself has argued that "The proponent of expert testimony has the burden of establishing the reliability of his or her testimony." (D.I. 110 at 8).[1] Thus, JPMC's decision not to support the relevance and admissibility of Ms. Spielman's testimony ends the issue. The testimony should be excluded as a matter of law. There is no room in a trial for experts to mislead the jury by pontificating prejudicial *ad hominem*, and that is all that is Ms. Spielman's proposed testimony.

## C. FRE 702 Precludes Ms. Spielman's Written Description Testimony

JPMC asks the Court to revise 35 U.S.C. § 112(a) to introduce new a "clarity" requirement. (D.I. 126 at 14-15). JPMC misinterprets *ICU Med., Inc. v. Alaris Med. Sys., Inc*., 558 F.3d 1368, 1376-77 (Fed. Cir. 2009) in arguing that "testimony regarding the 'clarity' of the patents-in-suit is thus not merely admissible; it is essential testimony for the trier of fact to consider." (D.I. 126 at 15). The language cited by JPMC says only that the patent specification must "convey with reasonable clarity" that the inventor "was in possession of the invention." The focus is on the question whether the inventor "possessed" the claimed inventions, and does not create a new and separate statutory "clarity" requirement.

Leaving to one side Ms. Spielman's failure to construe the claims, JPMC's brief makes obvious that Ms. Spielman's "written description" assertions are based on fundamentally flawed law that "patents" have to be "clear," as noted above. Such erroneous law cannot be allowed in evidence.

JPMC erroneously asserts that Pi-Net has a "disagreement with Ms. Spielman's

---

[1] JPMC cited the following support: "See Fed. R. Evid. 702 advisory committee's notes (2000 Amendments) (a proponent of expert testimony "has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence"); see also *In re TMI Litigation*, 193 F.3d 613, 705 (3d Cir. 1999) ("[I]t is the burden of the party offering the expert scientific testimony to demonstrate reliability by a preponderance of the evidence.")." *Id.*

conclusions." That is plainly wrong. The issues is Ms. Spielman's disregard of the claim constructions and the law of written description. Thus, her opinions are not reliable on the issue of whether the specification shows that the inventor possessed the inventions as they are stated in the properly-construed claims. Thus, for example, any argument of alleged lack of examples in the patent specification must focus on the claim as it is construed, because the constructions can clearly show support for the claim by a particular portions of the patent specification.

Not able to carry its burden to demonstrate why Ms. Spielman's testimony should be allowed, JPMC cites *Golden Bridge Tech., Inc. v. Apple Inc*., 2013 WL 1431652 at *2 (D. Del. 2013), without explaining how or why it supports the introduction of Ms. Spielman's testimony in this case. The Court simply denied a motion to exclude in that case, and nothing indicates any similarity to any issue here.

### D.  Ms. Spielman May Not Testify On Alleged Lack of Enablement

JPMC ignores Pi-Net's main arguments, and then converts Pi-Net's additional arguments into something which Pi-Net never argued. Pi-Net had first argued that Ms. Spielman never correlated any alleged non-enablement with any claims, much less with claims as they had been construed. Thus, without first construing the meaning of the claims, Ms. Spielman could reliably assert that the specification does not enable those undefined claims. JPMC does not respond to this problem in its answering brief, and, thus, effectively concedes that Ms. Spielman ignored the legal requirement.

The second problem with Ms. Spielman's report is that she focuses on the alleged amount of work that is required to build a web application, rather than addressing whether "undue experimentation" is required. (Exh. AJ ¶52 at A-2133; ¶55 at A-2133-34). Contrary to JPMC's revisionist history, Pi-Net did not distinguish between "routine experimentation" and "undue experimentation," but pointed out that Ms. Spielman's expert report did not relate to

- 8 -

experimentation at all, but discussed only that hard work is required.  The need for substantial work to implement an invention is not evidence that any particular claim is not enabled, because claims lack enablement when undue experimentation is required, and not merely because writing software programs requires a lot of effort.

Pi-Net also pointed that Ms. Spielman, in arguing lack of enablement, failed to follow the methodology of *In re Wands*, 858 F.2d 731 (Fed.Cir.1988).  (D.I. 116 at 12-13).  JPMC argues that *Wands* is not a mandatory methodology for approaching enablement disputes.  (D.I. 126 at 17-18).  Perhaps *Wands* is not the only methodology, but Ms. Spielman did not use any methodology, but simply asserted whatever she felt like without any tie to any legal authority or any recognized method of addressing enablement.  That is proof of failure to comply with *Daubert* and FRE Rule 702.  No authority allows the testimony proposed in Ms. Spielman's expert report that the Pi-Net patent claims lack enablement, when Ms. Spielman did not follow any methodology, and certainly not any methodology recognized in the law.

JPMC also argues that, even though her report does not reflect any application of *Wands*, that "Ms. Spielman specifically considered several *Wands* factors, including at least factors 1-4, which are directed to the quantity of experimentation necessary, the amount of direction or guidance presented, the absence of working examples, and the nature of the invention."  (D.I. 126 at 18).  JPMC is inaccurate.  Ms. Spielman recognizes that "undue experimentation" is a factor to be considered, but then never addresses whether any claim terms require undue experimentation.  Thus, the words "experiment" or "experimentation" are not found in the substantive portions of her report (Exh. AJ at ¶¶ 26-80; A-2124-41).  Ms. Spielman does say that commercial implementation of the VAN Switch would require "several months of trial and error" and "significant trial and error."   (Exh. AJ ¶¶52, 55, 62; A-2133-35).  But, she has not suggested

that the "trial and error" is "<u>undue</u>," which is the relevant issue, because fact of experimentation or "trial and error" is expected and is undue. *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1339 (Fed. Cir. 2013) ("a considerable amount of experimentation is permissible, if it is merely routine"); *PPG Indus., Inc. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1564 (Fed.Cir. 1996) ("The fact that some experimentation is necessary does not preclude enablement; what is required is that the amount of experimentation 'must not be unduly extensive.'" )

Finally, JPMC distinguishes *Personalized Media Commc'ns, LLC v. Zynga, Inc.*, 2013 WL 5962812 (E.D. Tex. 2013) (cited by Pi-Net at D.I. 116 at 12) on the grounds that the expert in that case did not consider the claims.  But, Ms. Spielman also did not consider the claim constructions here.   The case is fully applicable.

### E.  <u>Ms. Spielman Should Not Testify On Alleged Indefiniteness</u>

JPMC does respond to the issues raised in Pi-Net brief.  (D.I. 116 at 13-15)  Only claim terms which cannot be reasonably construed are indefinite.  Ms. Spielman nowhere suggests that the claims cannot be construed, and ignores Pi-Net's (and the PTO's) constructions.

### F.  <u>Specific Points That Should Be Precluded In Alternative</u>

Pi-Net pointed to a series of specific opinions in Ms. Spielman's expert report that individually failed the *Daubert* and FRE 702 standards.  (D.I. 116 at 15-18).  JPMC does not respond to the specific issues raised in this section.  Pi-Net's motion as to these points should be granted.

### IV.    <u>CONCLUSION</u>

On the basis of the foregoing analysis of fact and law, Plaintiff Pi-Net respectfully requests that its Motion to strike Ms. Spielman's testimony be granted.

Respectfully Submitted,

February 26, 2014

*/s/ George Pazuniak*
George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff Pi-Net Int'l, Inc.*