## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF Delaware

| | |
|---|---|
| **PI-NET INTERNATIONAL, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **C.A. No. 12-282-RGA** |
| ) | |
| **JPMORGAN CHASE & CO.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
### MOTION TO STRIKE LACHES DEFENSE (D.I. 132, 133)

George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff*
*Pi-Net International, Inc.*

March 10, 2014

# TABLE OF CONTENTS

I.    JPMORGAN FAILED TO DISCLOSE ITS ALLEGED LACHES DEFENSE ................... 1

    A.    JPMorgan Answer to Interrogatory 4 Withheld Information Regarding Laches ............. 1

    B.    JPMorgan Essentially Admits That Rule 37(c) Bars Its Laches Defense ....................... 4

    C.    JPMorgan's Errs in Belittling Its Own Evidence ............................................................ 5

    D.    JPMorgan Other Misleading Arguments ......................................................................... 6

    E.    JPMorgan Cannot Circumvent the Federal Rules By Arguing Laches Presumption ...... 8

II.    CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Int'l Bus. Machines Corp. v. BGC Partners, Inc.*, 2013 WL 1775437 ........................................... 3

**RULES**

Fed.R.Civ.P. Rule 26(a)(1)(A) ............................................................................................ 4, 5, 6, 7

Fed.R.Civ.P. Rule 37(c) ....................................................................................................... 4, 5, 7

Plaintiff Pi-Net International, Inc. ("Pi-Net") hereby files its reply brief in support of its motion (D.I. 132, 133) to strike Defendant's Motion For Partial Summary Judgment Of Laches For U.S. Patent No. 5,987,500 (D.I. 111), and Defendant's Brief In Support Of Its Motion For Partial Summary Judgment Of Laches For U.S. Patent No. 5,987,500 (D.I. 112).   Defendant JPMorgan has filed an answering brief (D.I. 143), and this is Pi-Net's reply brief in support of its motion.

## I.   JPMORGAN FAILED TO DISCLOSE ITS ALLEGED LACHES DEFENSE

### A.   JPMorgan Answer to Interrogatory 4 Withheld Information Regarding Laches

JPMorgan agrees that its only notice of a laches defense was a single sentence in its pleading that said:

> Plaintiff is <u>barred from enforcing</u> the '500 Patent against JPMC pursuant to the doctrine of laches.

(D.I. 11 at ¶ 39).   JPMorgan admits that it never disclosed any further information regarding its laches defense, and first raised its contentions with its summary judgment motion.   JPMorgan's present attempts to justify its withholding only confirm that its motion for summary judgment based on laches should be stricken.

First, JPMorgan fails to justify its withholding of information regarding its laches defense in responding to Pi-Net Interrogatory No. 4, which required JPMorgan to:

> …[S]tate in detail and with particularity each … allegation that any asserted claim of any patent-in-suit is invalid or <u>unenforceable</u>, **or** which you may argue <u>precludes any liability in this case</u>….

(Exhibit BG at p. 8; see D.I. 133 at 7-8).   To the contrary, JPMorgan concedes that its only response to this Interrogatory was that:

> … JPMC responds as follows: All such allegations that JPMC has formulated at this time are listed in Defendants' Initial Invalidity Contentions and JPMC's Answer (D.I. 11). However, JPMC reserves the right to amend its response as it formulates additional allegations.

1

(Exhibit BG at pp. 8-9).

JPMorgan now asserts that even though its pleading defined laches in terms of unenforceability, that Pi-Net's interrogatory directed to the words of the pleading did not actually include laches, because "the term 'unenforceable' should [not] be read to encompass the limitation that laches places on pre-suit damages." (D.I. 143 at 7-8). There are two problems with JPMorgan's response. First, JPMorgan ignores that its pleading controls, and JPMorgan's pleading framed "laches" as a bar to "enforcing." Therefore, JPMorgan was obligated to detail its laches contentions in response to Interrogatory No. 4's request for "unenforceability" defenses.

Second, JPMorgan ignores that Interrogatory No. 4 was broader than "unenforceability," and also requested details of any "allegation …which you may argue precludes any liability in this case." JPMorgan agrees that a laches defense would preclude some liability in this case. Therefore, the laches defense would have had to be disclosed in response to that part of Interrogatory No. 4, even if the "unenforceability" language was ignored. JPMorgan says nothing about its withholding of its defense in response to this part of the Interrogatory.

JPMorgan next attempts to excuse its withholding of information by blaming Pi-Net for failing to disclose its damage theory. (D.I. 143 at 8). But, JPMorgan has not pointed to any failure by Pi-Net to answer any discovery or to comply with any disclosure obligations. Pi-Net's Complaint clearly pled:

> Plaintiff is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, and an injunction to prohibit further infringement of the '500 Patent or future compensation for use of the inventions.

(D.I. 1 at Par. 16) Pi-Net's Prayer for relief was for:

2

A. An award of damages adequate to compensate Plaintiff for the infringement that has occurred, together with prejudgment interest from the date infringement of the '500 … Patents began.

(D.I. 1 at page 9).  These are the same contention that Pi-Net is making today.  Pi-Net has not failed to disclose anything, and JPMorgan fails to identify any interrogatory or document request that Pi-Net did not completely and accurately answer.

The case cited by JPMorgan, *Int'l Bus. Machines Corp. v. BGC Partners, Inc*., 2013 WL 1775437 (S.D.N.Y. Apr. 25, 2013), is not in point.  The issue there was an interrogatory, which requested that defendant "identify all facts, legal bases, documents ..., and materials that tend to support or refute the allegations in the Answer and Counterclaims and identify the person(s) with the most knowledge regarding [BGC's] affirmative defense[s] or cause[s] of action."  In response, BGC "provided a list of the five most knowledgeable individuals," but then objected and "refused to provide further information" because the Interrogatory indiscriminately swept the entire case. (*Id.* at *13-14)  The Court held that the Interrogatory response was not deficient, because BGC properly objected and refused to answer based on scope of the request, and the law did not support interrogatories that "indiscriminately sweep an entire pleading" and "require the responding party to provide in essence a running narrative or description of the entire case, together with identifications of all knowledgeable persons and supporting documents." (*Id.*) Here, JPMorgan did not object to the Interrogatory, but affirmatively answered, while withholding critical information.  There is a significant difference between objecting and refusing to answer, as occurred in the *IBM* case, and pretending to answer, while withholding information, as occurred in this case.  The *IBM* case is further distinguishable, because Pi-Net's Interrogatory No. 4 is not nearly as broad as in the *IBM* case, but properly asked JPMorgan only to disclose its defenses.

JPMorgan says it can remain "utterly mute," and still be entitled to summary judgment.  (D.I.

3

143 at 7)  Whether it could or could not have otherwise remained "utterly mute," JPMorgan cannot mislead when it does speak.  When JPMorgan answered Interrogatory 4, it was bound to answer it completely and truthfully, and not withhold information.  JPMorgan cannot cite any authority for withholding information in response to any interrogatory which it purported to answer, or to completely withholding its contentions with respect to one its pleaded defense for which Pi-Net properly requested JPMorgan to explain.

### B.   JPMorgan Essentially Admits That Rule 37(c) Bars Its Laches Defense

Pi-Net's opening brief explained that JPMorgan admittedly breached Fed.R.Civ.P. Rule 26(a)(1)(A)(i, ii) by failing to both identify persons with knowledge of its laches defense and to provide relevant documents.  Consequently, Fed.R.Civ.P. Rule 37(c) was absolute and mandatory in requiring the laches defense to be barred.

JPMorgan's response effectively concedes that it filed a declaration by one of its employees, Dr. William F. Mann III, in support of its motion for summary judgment (Exhibit DAW), that he was a person with knowledge who should have been disclosed by JPMorgan, and that JPMorgan had never disclosed him as required by the Federal Rules.  JPMorgan also concedes that it had not produced to Pi-Net the documents upon which it is relying upon, even though Rule 26(a)(1)(A)(ii) requires that

> … a party must, without awaiting a discovery request, provide to the other parties: …
>
> (ii) a copy … of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses …

Given those concessions, Rules 26(a)(1) and 37(c) preclude JPMorgan's laches defense as a matter of law.

Faced with the unequivocal law barring its defense, JPMorgan does not even mention either

Rule 26(a)(1) or Rule 37(c) in its answering brief.  By failing to respond, JPMorgan has

effectively admitted a violation of Rule 26(a)(1)(A)(i, ii) and, consequently, that Rule 37(c) now

bars its laches defense.

**C.  JPMorgan's Errs in Belittling Its Own Evidence**

Given JPMorgan's effective concession that it violated Rule 26(a)(1)(A)(i, ii) and the Rule

37(c) consequences, the remainder of JPMorgan's answering brief is an irrelevancy, and need

not be considered.  However, in excess of caution, Pi-Net also points out that JPMorgan's errs in

any event.

Thus, without addressing either Rule 26 or 37, JPMorgan argues that Dr. Mann's declaration

was only 8 paragraphs long and provided only "limited testimony."  (D.I. 143 at 6, 8)  But, Dr.

Mann's declaration still provided the entire basis for JPMorgan's assertions about JPMorgan's

early systems and contentions that JPMorgan was prejudiced.  There is no other support in the

record for any of JPMorgan's assertions.

In any event, Rule 26(a)(1)(A)(i) is mandatory and does not excuse a party from identifying

any persons with knowledge.  Rule 26(a) contains no exceptions whatsoever to a party

identifying persons with knowledge and the relevant documents that may used in a defense.

Moreover, in this case, JPMorgan and its counsel clearly identified Dr. Mann as knowledgeable

during discovery.  Dr. Mann's declaration is specific that

> 8.  In the summer of 2012, counsel for JPMC in the above-captioned matter
> requested that I provide them with copies of all documents evidencing the
> technical specifications of the Prior Art Systems that I had been able to
> locate….

(Ex. DAW at par. 8).  Thus, JPMorgan's counsel knew about Dr. Mann, but then simply did not

identify him in discovery.  This is a plain violation of Rule 26.  Although prejudice is not a

required element of Rule 37(c), Pi-Net was in fact prejudiced by JPMorgan's failure to disclose,

because for example, Pi-Net had the right and opportunity to depose any persons with knowledge, which Pi-Net was precluded from doing, and from determining whether such depositions could then lead to other evidence.

Similarly, most of JPMorgan's brief is devoted to arguing that most – but not all – the documents relied upon by JPMorgan are "available to the public." Pi-Net does not concede that these documents were "available to the public," because there is no declaration or other record that they were. Even if the documents were publically available, however, Rule 26(a)(1)(A)(ii) does not contain a "public document" exception. To the contrary, the Rule is specific that

> a party **must**, without awaiting a discovery request, provide: …
>
> (ii) a copy … of **all** documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses …

(Rule 26(a)(1)(A)(i); emphases supplied). We are not discussing here a fringe question where a party provided most documents, and a question regards some minor overlooking. Here, JPMorgan provided no documents whatsoever regarding a defense that it never explained in its answer to Interrogatory No. 4. That is, JPMorgan provided nothing, and yet asks the Court for summary judgment based entirely on evidence that JPMorgan withheld during discovery.

There being nothing in Rules 26(a) or 37(c) that can support JPMorgan's arguments, the Court should strike JPMorgan's laches defense under Rule 37(c) for breach of Rule 26(a).

### D.  **JPMorgan Other Misleading Arguments**

JPMorgan's brief is replete with statements that do not accurately reflect reality. Thus, JPMorgan excuses its plain violation of Rule 26, because allegedly of:

> Pi-Net's own failure to disclose its damages theory for the '500 patent until after the close of fact discovery, Pi-Net's own failure to seek specific discovery, and Pi-Net's own failure to obtain publicly available information pertinent to its claims.

(D.I. 143 at 1). Even if these assertions were true, which they are not, JPMorgan has not cited

any authority for the proposition that any of its allegations excuse its violation of Rule 26(a). JPMorgan cites no law supporting its contentions.  Moreover, JPMorgan's arguments are plainly erroneous and misleading.  Thus, Pi-Net disclosed its damage theory in the Complaint, and had never changed its position.  Pi-Net also identified all relevant witnesses and provided all documents required by Rule 26, as well as answered all interrogatories.  If JPMorgan thought that Pi-Net had somehow violated Rule 26(a), it should have taken appropriate action under Rule 37(c).  There is no authority supporting the concept that a party can choose whether to comply with its disclosure obligations on the basis of its view of whether the adversary has complied with its obligations.

Further, Rule 26(a) is mandatory that "a party **must**, without awaiting a discovery request, provide" discovery as to its defenses.  Therefore, there is no point to JPMorgan's argument that Pi-Net did not ask all the discovery that it should have.  Finally, again, there is no Public availability" exception to Rule 26(a).

JPMorgan argues that it was justified in violating Rule 26(a), because Pi-Net's counsel "under litigated" this case.  (D.I. 143 at 2).  Again, Rule 26(a) mandates that a party disclose certain information regarding its defenses regardless of whether the information is requested, and it is immaterial whether the other party litigated at all.  Further, JPMorgan is wrong, because Pi-Net deposed every JPMorgan person identified as knowledgeable and the record of this case is replete with documents produced by JPMorgan in this case.  Thus, JPMorgan's disclosures were utilized in discovery, and there is no basis for JPMorgan to excuse its non-compliance on the grounds that Pi-Net was "under-litigating."  With due respect, "under-litigating" is manifested by failure to comply with discovery obligations.  In any event, Pi-Net served an Interrogatory and JPMorgan answered.  If JPMorgan ignored its laches defense in that response, it was not Pi-Net's

7

burden to chase JPMorgan to pay attention to its defenses.  There is no basis for JPMorgan to argue that Pi-Net should have been telling JPMorgan how to litigate its case.

Finally, JPMorgan asserts that "Pi-Net does not dispute that all but four of the 36 documents JPMC cites in its laches motion were already produced *last year*."  (D.I. 143 at 6; emphases in original).  It is correct that JPMorgan wrote that in February 2014, and that JPMorgan had provided the documents in November-December 2013.  Thus, the documents were provided "*last year*."  However, JPMorgan still produced those documents after the discovery was closed and in the middle of serving expert reports.  Those withheld documents are the heart of JPMorgan's case and they were withheld during discovery.  (D.I. 143 at 6-7).

**E.  <u>JPMorgan Cannot Circumvent the Federal Rules By Arguing Laches Presumption</u>**

JPMorgan argues that the Court should not strike its motion for summary judgment, because it could have carried the motion for summary judgment without relying on any declaration or any documents.  (D.I. 143 at 1, 9)

Whether JPMorgan could have carried its summary judgment motion without the declaration of a witness and the other evidence that it withheld, the fact is that JPMorgan's motion relied to a large extent, if not entirely, on withheld evidence.  JPMorgan effectively admits it violated Rule 26 with respect to the motion and brief as filed, because that motion and brief relied on certain evidence.  That withheld evidence is exactly what was required to be produced by Rule 26, because it is evidence which "the disclosing party may use to support its … defenses."  It is too late for JPMorgan to now argue that it should have filed a different motion.

## II.  <u>CONCLUSION</u>

On the basis of the foregoing analysis of fact and law, Plaintiff Pi-Net respectfully requests that its Motion to strike Defendant's motion for summary judgment of laches.

Respectfully Submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar No. 478)
O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
Tel: 302-478-4230
GP@del-iplaw.com

*Attorneys for Plaintiff Pi-Net Int'l, Inc.*