**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PI-NET INTERNATIONAL INC.,

                Plaintiff,

       v.

JPMORGAN CHASE & CO.,

                Defendant.

Civ. No. 1:12-cv-00282-SLR

**EXHIBITS EC TO EI
TO TRANSMITTAL DECLARATION OF ROBERT S. SAUNDERS**

**REDACTED VERSION – PUBLICLY FILED**

OF COUNSEL:

Daniel A. DeVito
Douglas R. Nemec
Edward L. Tulin
Andrew D. Gish
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Tel.:  (212) 735-3000
daniel.devito@skadden.com
douglas.nemec@skadden.com
edward.tulin@skadden.com
andrew.gish@skadden.com

Robert S. Saunders (ID No. 3027)
Jessica Raatz Kunz (ID No. 5698)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
920 N. King Street, 7th Floor
Wilmington, Delaware  19801
Tel.:  (302) 651-3000
Fax:  (302) 651-3001
rob.saunders@skadden.com
jessica.kunz@skadden.com

*Attorneys for Defendant JPMorgan Chase & Co.*

DATED:  June 11, 2014

# EXHIBIT EC

Page 1

```
 1                UNITED STATES DISTRICT COURT

 2                     DISTRICT OF DELAWARE

 3

 4   WEBXCHANGE, INC.,                )

 5                  Plaintiff,        )

 6       -vs-                         ) C.A. No. 08-132 (LPS)

 7   DELL, INC.,                      )

 8                  Defendants.       )

 9   _____ )

10   WEBXCHANGE, INC.,                )

11                  Plaintiff,        )

12       -vs-                         ) C.A. No. 08-133 (LPS)

13   FEDEX CORPORATION, FEDEX KINKO'S )

14   OFFICE and PRINT SERVICES, Inc., )

15   and FEDEX CORPORATE              )

16   SERVICES, INC.,                  )

17                  Defendants.       )

18   _____ )

19

20

21                  HIGHLY CONFIDENTIAL

22         VIDEOTAPED DEPOSITION OF DANIEL MAIER

23                PALO ALTO, CALIFORNIA

24             MONDAY, OCTOBER 4, 2010

25                     9:03 a.m.
```

Page 2

1          Videotaped Deposition of Daniel Maier, a

2    witness herein, called for examination by counsel for

3    Defendants in the above-entitled matter, pursuant to

4    notice, the witness being duly sworn by Diane S. Martin,

5    a Certified Shorthand Reporter in the State of

6    California, taken at the offices of Finnegan, Henderson,

7    Farabow, Garrett & Dunner, 3300 Hillview, Palo Alto,

8    California, 94304, and the proceedings being taken down

9    in stenotype by Diane S. Martin.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1                        A P P E A R A N C E S:

2

3    For the Plaintiff:

4               KASOWITZ BENSON TORRES & FRIEDMAN LLP

5               BY:  LAWRENCE B. GOODWIN

6               1633 Broadway

7               New York, New York   10019-6799

8               (212) 506-1700

9               lgoodwin@kasowitz.com

10

11   For the Defendant Dell, Inc.:

12              VINSON & ELKINS

13              BY:  EFREN GARCIA

14              2801 Via Fortuna

15              Suite 100

16              Austin, Texas   78746-7568

17              (512) 542-8400

18              egarcia@velaw.com

19

20              BY:  CONSTANCE HUTTNER  (via LiveNote Stream)

21              666 Fifth Avenue

22              26th Floor

23              New York, New York   10103-0040

24              (212) 237-0000

25              chuttner@velaw.com

```
 1            A P P E A R A N C E S  (Continued):

 2

 3      For the Defendant FedEx Companies:

 4            FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER

 5            BY:  JOHN S. SIEMAN

 6            901 New York Avenue, N.W.

 7            Washington, D.C.   200001-4413

 8            (202) 408-4000

 9            john.sieman@finnegan.com

10

11      The Videographer: Benjamin Gerald

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 5

```
 1                        EXAMINATION INDEX

 2     EXAMINATION BY:                              PAGE

 3     MR. GARCIA                                    8

 4     MR. GOODWIN                                   86

 5     FURTHER EXAMINATION BY:

 6     MR. GARCIA                                   102

 7

 8

 9                          EXHIBIT INDEX

10     DEFENDANT'S                                  PAGE

11      1     Fax cover sheet with resume attachment    11

12      2     Proprietary Information and Inventions    20

13            Agreement

14      3     Management Information Base for           24

15            Network Management of TCP/IP-based

16            Internets:   MIB-II

17      4     Marketing Plan WebXchange Inc. dated      33

18            July 19, 1996

19      5     E-mail from Dan Maier to Lakshmi          39

20            Arunachalam dated July 31, 1996

21      6     E-mail from Dan Maier to Lakshmi          41

22            Arunachalam dated July 11, 1996

23      7     Draft Release Framework                   44

24      8     Letter to Kyle Ryland from Daniel         48

25            Maier dated May 29, 2008
```

Daniel Maier        HIGHLY CONFIDENTIAL        October 4, 2010
Palo Alto, CA

Page 6

```
 1                EXHIBIT INDEX (CONTINUED)

 2    DEFENDANT'S                                    PAGE

 3      9    Dan Maier Commission Issues               49

 4     10    E-mail from Asha Manicka to John-Paul     50

 5           Menard dated July 26, 1996

 6     11    E-mail from Dan Maier to                  54

 7           webx@webxchange.com dated October 4

 8           1996

 9     12    E-mail from John-Paul Menard to           58

10           Engineering dated October 17, 1996

11     13    WebXchange Notebook of Dan Maier          61

12     14    Dan Maier Files in Server                 78

13     15    Comparing DCE and CORBA MITRE Document    80

14           MP 95B-93 (March 1995)

15     16    Letter to Lakshmi Arunachalam from        83

16           Daniel S. Maier dated December 3, 1996

17     17    Current Resume of Daniel S. Maier        101

18                       --oOo--

19

20

21

22

23

24

25
```

Page 7

```
 1          THE VIDEOGRAPHER:   Good morning.  We are on

 2     the record, ladies and gentlemen, at 9:03 a.m.  My

 3     name is Benjamin Gerald with Alderson Court Reporting

 4     in Washington D.C., phone number is 202-289-2260.

 5          This is a matter pending before the United

 6     States District Court for the District of Delaware in

 7     the case captioned WebXchange, Incorporated versus

 8     Dell, Incorporated, civil action number 08-132,

 9     paren, LPS, as well as WebXchange, Incorporated

10     versus FedEx Corporation, FedEx Kinko's Office and

11     Print Services, Incorporated and FedEx Corporate

12     Services, Incorporated.  Civil action number is

13     08-133, paren, LPS.

14          This is the beginning of Disk Number 1,

15     Volume 1 of the videotaped deposition of Daniel

16     Maier, taken on October 4th, 2010.  This deposition

17     is being held at 3300 Hillview Avenue in the City of

18     Palo Alto, California.  Today's deposition is being

19     taken on behalf of the defendants.

20          Will counsel and all present please identify

21     themselves for the record.

22          MR. GARCIA:  Efrén Garcia from Vinson &

23     Elkins representing Dell.

24          MR. SIEMAN:  John Sieman from Finnegan,

25     representing FedEx.
```

Page 8

1          MR. GOODWIN:  I'm Lawrence Goodwin from

2   Kasowitz, Benson, Torres & Friedman, representing the

3   plaintiff WebXchange.

4          THE VIDEOGRAPHER:  Thank you.

5          Will the reporter please swear in the

6   witness.

7                     DANIEL MAIER,

8   called as a witness, after having been duly sworn by

9   the Certified Shorthand Reporter to tell the truth,

10  the whole truth, and nothing but the truth, testified

11  as follows:

12         THE VIDEOGRAPHER:  Thank you.

13         Please proceed.

14                     EXAMINATION

15  BY MR. GARCIA:

16     Q.   Good morning, Mr. Maier.

17          Could you please state your full name for

18  the record, please?

19     A.   Daniel Maier.

20     Q.   Have you ever been deposed before?

21     A.   Yes.

22     Q.   How many times?

23     A.   One time.

24     Q.   And can you describe the nature of that

25  litigation in general?

Page 18

Page 19

# EXHIBIT ED

Case 1:12-cv-00282-SLR   Document 179   Filed 06/11/14   Page 14 of 54 PageID #: 7534

BARRY L. PLOTKIN                                                    May 21, 2009
WEBXCHANGE INC vs. ALLSTATE INSURANCE                                      1–4

Page 1

```
1            IN THE UNITED STATES DISTRICT COURT
2               FOR THE DISTRICT OF DELAWARE
3    WEBXCHANGE INC,
4              Plaintiff,
5    vs.                     C.A. No. 08-131 (JJF)
6    ALLSTATE INSURANCE COMPANY, ALLSTATE LIFE INSURANCE
7    COMPANY, and ALLSTATE FINANCIAL SERVICES LLC,
8              Defendants.
9    _____
10   WEBXCHANGE INC.,
11             Plaintiff,
12   vs.                     C.A. No. 08-132 (JJF)
13   DELL INC.,
14             Defendant.
15   _____
16   WEBXCHANGE INC.,
17             Plaintiff,
18   vs.                     C.A. No. 08-133 (JJF)
19   FEDEX CORPORATION, FEDEX KINKO'S OFFICE & PRINT
20   SERVICES, INC., and FEDEX CORPORATE SERVICES INC.,
21             Defendants.
22   _____
23        VIDEOTAPED DEPOSITION OF BARRY L. PLOTKIN
24          Taken on behalf of the Defendants
25                    May 21, 2009
```

Page 2

```
1            BE IT REMEMBERED THAT, the videotaped
2    deposition of BARRY L. PLOTKIN was reported by
3    Marcel N. Johnson, Certified Shorthand Reporter and
4    Registered Professional Reporter, on May 21, 2009,
5    commencing at the hour of 8:00 a.m., the proceedings
6    being reported in the law offices of Banner &
7    Witcoff, 601 Southwest Second Avenue, Suite 1900,
8    Portland, Oregon.
9                   *    *    *
10                  APPEARANCES
11
12   KASOWITZ, BENSON TORRES & FRIEDMAN LLP
13     By Steven D. Chin
14     1633 Broadway
15     New York, New York 10019
16     212-506-1907
17     Counsel for Plaintiff
18
19
20
21
22
23
24
25
```

Page 3

```
1    BANNER & WITCOFF, LTD.
2      By Janice V. Mitrius
3      Ten South Wacker Drive, Suite 3000
4      Chicago, Illinois 60606-7407
5      312-463-5000
6      Counsel for Defendant Allstate Insurance Company,
7      Allstate Life Insurance Company and
8      Allstate Financial Services LLC
9
10   FINNEGAN, HENDERSON, FARABOW,
11   GARRETT & DUNNER, LLP
12     By John S. Sieman
13     By Joyce Craig
14     901 New York Avenue, NW
15     Washington, D.C. 20001-4413
16     202-408-4000
17     Counsel for FedEx Corporation, FedEx Kinko's
18     Office & Print Services, Inc., and
19     FedEx Corporate Services Inc.
20
21
22
23
24
25
```

Page 4

```
1    VINSON & ELKINS LLP
2      By Efren Garcia
3      2801 Via Fortuna, Suite 100
4      Austin, Texas 78746-7568
5      512-542-8618
6      Counsel for Dell Inc.
7
8    Also Present:
9    Mick Irwin, Videographer
10                  *    *    *
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



Case 1:12-cv-00282-SLR   Document 179   Filed 06/11/14   Page 15 of 54 PageID #: 7535

BARRY L. PLOTKIN                                                    May 21, 2009
WEBXCHANGE INC vs. ALLSTATE INSURANCE                                      5—8

Page 5

1                  EXAMINATION INDEX
2                                           Page
3    Examination by Mr. Sieman          8, 124
4    Examination by Mr. Chin            83
5
6                   *     *     *
7                   EXHIBIT INDEX
8    Number   Item                        Page
9      1    Mutual Nondisclosure Agreement
10          WXC000046839-46840            19
11
12     2    Cyberman Business Plan:
13          Product Description and
14          Technical Approach
15          WXC000008566-8627            21
16
17     3    RFC 1213
18          FEDX00143561-143629          24
19
20     4    Packet of e-mails between
21          Lakshmi Arunachalam and
22          Barry Plotkin, with redactions
23          WXC000066507-66531           55
24
25

Page 6

1    5    E-mail chain, Subject: Witness
2         fee mentioned by Ms. Pontillo
3         PLOTKIN00000041             102
4
5    6    Letter to Mr. Plotkin from
6         Charlotte Pontillo, 5/1/09   103
7
8    7    E-mail to John Sieman from
9         Barry Plotkin, Subject: Letter
10        from Kasowitz, Benson et al.
11        PLOTKIN00000028             104
12
13   8    E-mail to Barry Plotkin from
14        Steven Chin, Subject: WebXchange
15        v. Allstate/Dell/FedEx       105
16
17   9    E-mail to Steven Chin from
18        Barry Plotkin, Subject: WebXchange
19        v. Allstate/Dell/FedEx       107
20
21   10   E-mail chain, Subject: WebXchange
22        v. Allstate/Dell/FedEx
23        PLOTKIN00000248             109
24
25

Page 7

1    11   E-mail chain, Subject: WebXchange v.
2         Allstate/Dell/FedEx
3         PLOTKIN00000249             111
4
5    12   E-mail to Barry Plotkin from
6         Joyce Craig, Subject: FedEx v.
7         WebXchange: Pi-Net Document
8         PLOTKIN00000202             112
9
10   13   E-mail to Barry Plotkin from
11        John Sieman, Subject: Documents
12        to Review
13        PLOTKIN00000042             115
14
15                  *     *     *
16
17
18
19
20
21
22
23
24
25

Page 8

1       THE VIDEOGRAPHER:  The time is 8:01.  Here
2   begins the videotape deposition of Mr. Barry
3   Plotkin.  Can the attorneys present please
4   state their appearance for the record.
5       MR. SIEMAN:  I'm John Sieman for FedEx.
6       MS. CRAIG:  Joyce Craig of Finnegan,
7   Henderson, Farabow, Garrett & Dunner also for
8   FedEx.
9       MS. MITRIUS:  Janice Mitrius from Banner &
10  Witcoff on behalf of the Allstate defendants.
11      MR. GARCIA:  Efren Garcia from Vinson &
12  Elkins on behalf of Dell.
13      MR. CHIN:  Steven Chin with the firm
14  Kasowitz, Benson, Torres & Friedman
15  representing the plaintiff, WebXchange.
16      THE VIDEOGRAPHER:  Can we please swear in
17  the witness.
18          BARRY L. PLOTKIN,
19  having been first duly sworn, was examined and
20  testified as follows:
21          EXAMINATION
22  BY MR. SIEMAN:
23  Q.  Good morning.
24  A.  Good morning.
25  Q.  My name is John Sieman.  I'm representing FedEx



Case 1:12-cv-00282-SLR   Document 179   Filed 06/11/14   Page 16 of 54 PageID #: 7536

BARRY L. PLOTKIN                                          May 21, 2009
WEBXCHANGE INC vs. ALLSTATE INSURANCE                          9–12

Page 9

1   in this litigation.  First, have you ever been
2   deposed before?
3   A.  I have.
4   Q.  Let me just give you an overview of the general
5       procedure as a reminder.  I'll ask questions
6       and ask you to provide answers to the best of
7       your ability; is that okay?
8   A.  That is fine.
9   Q.  If any of my questions are unclear in any way,
10      if you'd like me to rephrase anything, just
11      please ask, and I will.
12  A.  Sure.
13  Q.  Because the deposition is being transcribed,
14      please try and make sure that I finish my
15      question, to give the typist time to type the
16      question and we don't talk over each other.
17  A.  Understood.
18  Q.  Also, for any question that's a yes-or-no
19      question, please say yes instead of nodding, so
20      that it can be transcribed.
21  A.  Thank you.
22  Q.  If you need a break at any time, just ask and
23      we'll take a break and we'll be good to go.
24          Are there any reasons that you cannot
25      testify truthfully today?

Page 10

1   A.  No.
2   Q.  Okay.  Would you state your name and address
3       for the record, please.
4   A.  Barry Louis Plotkin, 127 Washington Street,
5       Astoria, Oregon.  Zip code 97103.
6   Q.  Thank you.  Could you provide an overview of
7       your work history?
8   A.  I was born and raised in Baltimore; born in
9       1944.  I attended high school there and left at
10      the age of -- after graduating at the age of
11      17, to attend the University of Chicago.
12          The summer prior to my matriculation, I
13      was a National Science Foundation mathematics
14      fellow at the University of Notre Dame.  I
15      stayed at the University of Chicago from 1961
16      until 1981, beginning work there soon after I
17      matriculated.
18          I did not complete my undergraduate
19      degree, but instead began working as a research
20      associate for various faculty members.
21          In 1966 I was employed by the Enrico Fermi
22      Institute for nuclear studies as a research
23      associate and worked there from 1966 until the
24      end of 1969.
25          Beginning in 1970 and continuing through

Page 11

1   1981, I was employed by the University of
2   Chicago Graduate School of Business as their
3   associate dean in the Graduate School of
4   Business, the associate dean for
5   administration.
6       In 1981 -- June of 1981, I began working
7   for AAR Corp., which was a public company based
8   in Elk Grove Village, Illinois that was in the
9   airline services business, and I worked there
10  for approximately a year.
11      And in 1982 I was recruited to be the
12  chief operating officer of a start-up company
13  in Palo Alto called Teknowledge, Inc. -- that's
14  T-E-K-N-O-W-L-E-D-G-E, Inc. -- which was
15  pioneering in the area of artificial
16  intelligence.  I worked there until 1987.
17      From 1987 until the end of 1990, I was the
18  founder and chief executive of a company called
19  Coherent Thought, which was another software
20  company in the area of artificial intelligence.
21      From 1991 until the middle of -- through
22  all of 1991 until the middle of 1992, I worked
23  as a consultant for DHL Airways, which was
24  based in Foster City, California.  And in
25  addition, I started several other companies

Page 12

1   that -- in that time period, all in the
2   software business.  And at DHL, I was involved
3   in their information technology department.
4       From 1992 until 1993, I was the president
5   and chief operating officer of a start-up in
6   the geophysical sciences, visualization.
7   That's a type of software that tries to
8   visualize the subsurface of the earth for
9   purposes of oil exploration.  That company was
10  called Petro Vision.
11      From 1993 to 1994, I was the president of
12  a subsidiary of Intergraph called Quintus
13  Corporation.  That was based in Mountain View,
14  California, another artificial intelligence and
15  software company.
16      From 1994 until early in 1996, I was a
17  consultant at -- that was during the time that
18  I met -- was affiliated or associated with
19  Lakshmi Arunachalam and Pi-Net.
20      Then subsequent to that, I started several
21  other companies, which went on for several
22  years.  I was no longer affiliated with Pi-Net.
23      In 1998 I began an association with Calico
24  Commerce, which was another artificial
25  intelligence company, working in one of my





Page 29

1      in a competitive marketplace and why a
2      potential investor should choose to invest in
3      it rather than in something else.  So that a
4      business plan would enable a -- an investor --
5      a skilled investor to immediately see the core
6      value of this particular business, the
7      comparative advantage of its founders and
8      principal engineers, the differences between it
9      and other competitors, and give confidence that
10      the business represented by the business plan
11      would succeed in the marketplace.
12  Q.   Okay.







# EXHIBIT EE

| From: | Lakshmi Arunachalam <laks22002@yahoo.com> |
|---|---|
| Sent: | Monday, December 26, 2005 2:09 AM |
| To: | Ron Laurie <ronlaurie@ip-strategy.com> |
| Subject: | Re: Suggestions |



Regards
Lakshmi

--- Ron Laurie <ronlaurie@ip-strategy.com> wrote:





HIGHLY CONFIDENTIAL



> > Regards
> > Lakshmi
> >
> > --- Ron Laurie <ronlaurie@ip-strategy.com> wrote:
> >

> >> Ron
> >>
> >>
> >>
> >> From: Lakshmi Arunachalam <laks22002@yahoo.com>
> >> Date: Sat, 24 Dec 2005 21:31:45 -0800 (PST)
> >> To: <ronlaurie@ip-strategy.com>
> >> Conversation: Suggestions
> >> Subject: Fwd: Re: Suggestions

HIGHLY CONFIDENTIAL

> >> Yahoo! DSL – Something to write home about.
> >> Just $16.99/mo. or less.
> >> dsl.yahoo.com
> >>
> >> From: <CheckSix@aol.com>
> >> Date: Sat, 24 Dec 2005 21:30:48 EST
> >> To: <laks22002@yahoo.com>
> >> Subject: Re: Suggestions
> >>
> >> Hello Lakshmi,
> >>>

> >> Merry Christmas!
> >>
> >> Dan
> >>
> >>
> >>
> >
> >
> >
> >
> >  _____
> > Yahoo! DSL – Something to write home about.
> > Just $16.99/mo. or less.
> > dsl.yahoo.com
> >
> >
> >
> >
> >

_____
Yahoo! DSL – Something to write home about.
Just $16.99/mo. or less.
dsl.yahoo.com

HIGHLY CONFIDENTIAL

# EXHIBIT EF

Case 1:12-cv-00282-SLR   Document 179   Filed 06/11/14   Page 24 of 54 PageID #: 7544

LAKSHMI ARUNACHALAM  Confidential - Attorneys` Eyes Only          August 27, 2010
WEBXCHANGE vs. DELL                                               665–668

Page 665

```
 1              Confidential - Arunachalam
 2   IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF DELAWARE
 3   ----------------------------x
     WEBXCHANGE INC.,
 4
               Plaintiff,
 5
        v.      C.A. No. 08-132(JJF)
 6
     DELL, INC.
 7
               Defendant.
 8   ----------------------------x
     WEBXCHANGE INC.,
 9
               Plaintiff,
10
        v.      C.A. No. 08-133(JJF)
11
     FEDEX CORPORATION, FEDEX
12   KINKO'S OFFICE & PRINT
     SERVICES, INC., and
13   FEDEX CORPORATE SERVICES,
     INC.,
14
               Defendants.
15   ----------------------------x
16      CONFIDENTIAL - ATTORNEYS' EYES ONLY
17
18          LAKSHMI ARUNACHALAM
19          New York, New York
20       Friday, August 27, 2010
21
22
23   Reported by:  Steven Neil Cohen, RPR
24   Job No. 313204
25
```

Page 667

```
 1              Confidential - Arunachalam
 2              APPEARANCES
 3
 4   KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
 5   1633 Broadway
 6   New York, New York 10169
 7          Attorneys for Plaintiff and
 8          Lakshmi Arunachalam
 9   BY:   LAWRENCE GOODWIN, ESQ.
10         STEVEN D. CHIN, ESQ.
11
12   VINSON & ELKINS LLP
13   666 Fifth Avenue
14   26th Floor
15   New York, New York 10103
16          Attorneys for Dell, Inc.
17   BY:   CONSTANCE S. HUTTNER, ESQ.
18         EFREN GARCIA, ESQ.
19
20
21
22
23
24
25
```

Page 666

```
 1              Confidential - Arunachalam
 2              August 27, 2010
 3              10:00 a.m.
 4
 5          Continued Videotaped Deposition of
 6   LAKSHMI ARUNACHALAM, taken by Defendants,
 7   pursuant to notice, at the offices of Vinson
 8   & Elkins, LLP, 666 Fifth Avenue, New York,
 9   New York,  before Steven Neil Cohen, a
10   Registered Professional Reporter and Notary
11   Public of the State of New York.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 668

```
 1              Confidential - Arunachalam
 2   FINNEGAN, HENDERSON, FARABOW, GARRETT &
 3   DUNNER, LLP
 4   Two Freedom
 5   11955 Freedom Drive
 6   Reston, Virginia 20190
 7          Attorneys for Fed Ex
 8          Defendants
 9   BY:   JEFFREY A. BERKOWITZ, ESQ.
10         JOHN S. SIEMAN, ESQ.
11
12   ALSO PRESENT:  Joseph Gawalis,
13                      Videographer
14
15
16
17
18
19
20
21
22
23
24
25
```



Case 1:12-cv-00282-SLR  Document 179  Filed 06/11/14  Page 25 of 54 PageID #: 7545

LAKSHMI ARUNACHALAM  Confidential - Attorneys` Eyes Only                    August 27, 2010
WEBXCHANGE vs. DELL                                                                    669–672

Page 669

```
 1              Confidential - Arunachalam
 2          IT IS HEREBY STIPULATED AND
 3  AGREED, by and between counsel for the
 4  respective parties hereto, that the sealing
 5  and filing of the within deposition be
 6  waived; that such deposition may be signed
 7  and sworn to before any officer authorized
 8  to administer an oath; that all objections,
 9  except as to form are reserved to the time
10  of trial.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 670

```
 1       Confidential - Arunachalam
 2       THE VIDEOGRAPHER:  Good morning.
 3  We are now on the record.
 4       This is videotape number 1 in the
 5  deposition of Lakshmi Arunachalam in the
 6  matter of Dell, Inc. versus WebXchange,
 7  Inc. being heard before the United
 8  States District Court, District of
 9  Delaware.
10       The deposition is being held at
11  Vinson & Elkins, 666 Fifth Avenue, New
12  York, New York on August 27, 2010.
13       The time is approximately 10:00
14  a.m.
15       My name is Joseph Gawalis and I am
16  the videographer.
17       The court reporter is Steve Cohen.
18       Counsel, will you please introduce
19  yourselves for the record and who you
20  represent?
21       MS. HUTTNER:  Connie Huttner,
22  Vinson & Elkins for Dell.
23       MR. GOODWIN:  I am Lawrence
24  Goodwin of Kasowitz, Benson, Torres &
25  Friedman for WebXchange and the witness.
```

Page 671

```
 1       Confidential - Arunachalam
 2       With me is Steven Chin also of
 3  Kasowitz, Benson.
 4       We should also note for the record
 5  that this is not videotape number 1.
 6       This is a continuing deposition
 7  and I have no idea what the number is
 8  but it certainly isn't number 1.
 9       THE VIDEOGRAPHER:  Videotape
10  number 1 of day 2.  There is -- this is
11  actually --
12       MR. GOODWIN:  This is day 3.
13       MS. HUTTNER:  I also note for the
14  record that Jeff Berkowitz and John
15  Sieman of the Finnegan Henderson firm
16  are also appearing here for Federal
17  Express.
18       THE VIDEOGRAPHER:  If the reporter
19  can swear the witness we can proceed?
20       MS. HUTTNER:  She should still be
21  sworn from yesterday but if you want to
22  swear her again that is fine.
23  LAKSHMI ARUNACHALAM, called as a witness
24  by the Defendants, having been duly
25  sworn, testified further as follows:
```

Page 672

```
 1       Confidential - Arunachalam
 2  EXAMINATION
 3  BY MS. HUTTNER:
 4     Q.  Dr. Arunachalam, I hope you slept
 5  well and are rested.
 6       Let's pick up on a couple of
 7  things we covered yesterday.
 8       You testified yesterday I believe
 9  that you own property at 222 -- sorry, help
10  me.
11     A.  Stanford Avenue.
12     Q.  In Menlo Park California, correct?
13     A.  Correct.
14     Q.  In fact though, you don't
15  personally own that property, isn't that
16  true?
17     A.  How does that mean?  Well, I have
18  a mortgage on it.
19     Q.  Isn't the property owned by
20  something called the Lakshmi Arunachalam
21  trust?
22     A.  Okay.  I forgot about that.  Yes.
23  Arunachalam trust, yes.
24     Q.  What is the Arunachalam trust?
25     A.  I don't know.  My lawyer set it
```







# EXHIBIT EG

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WEBXCHANGE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 08-132 (JJF) |
| | ) | |
| DELL INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

**WEBXCHANGE INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT DELL INC.'S SECOND SET OF INTERROGATORIES (6-10) TO PLAINTIFF**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff WebXchange Inc. hereby objects to and responds to Defendant Dell Inc.'s Second Set Of Interrogatories (6-10) To Plaintiff. WebXchange reserves the right to supplement these responses and objections to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules.

**GENERAL OBJECTIONS**

WebXchange incorporates the following General Objections into its response to each of Dell's Interrogatories to Plaintiff, whether or not one or more General Objections are expressly referred to in a specific response:

1.      WebXchange objects to each interrogatory to the extent that it imposes obligations which exceed the permissible scope of discovery under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of this Court, any applicable orders of this Court, or any stipulations of the parties.

2.      WebXchange objects to each interrogatory to the extent that it contains discrete subparts within the meaning of Fed. R. Civ. P. 33. Each interrogatory, and all parts and subparts,

1

WXC000294687

should count separately towards the total permissible number of interrogatories. WebXchange further objects to Dell's interrogatories to the extent they are unreasonably cumulative of other discovery and/or internally duplicative, and therefore vague, ambiguous, overbroad, unduly burdensome, and impose upon WebXchange an unreasonable burden and expense.

3.      WebXchange objects to each interrogatory as premature to the extent that it calls for the disclosure of expert testimony and opinions in advance of the dates set out in the Court's Scheduling Order of May 15, 2008 (D.I. 24), or any other applicable orders.

4.      WebXchange objects to each interrogatory to the extent they are common interrogatories pursuant to the Court's Scheduling Order and have not been identified as such.

5.      WebXchange objects to each interrogatory to the extent that it is overly broad, unduly burdensome, redundant, vague, and/or ambiguous so as not to be susceptible of a reasonable interpretation or response and would require WebXchange to speculate and decide to what extent it must search through information and subjectively determine what may, or may not, be responsive.

6.      WebXchange objects to each interrogatory to the extent that it calls for information protected from discovery by any evidentiary privilege, including without limitation the attorney-client privilege, the work product doctrine, and/or other applicable privileges protecting against discovery. Inadvertent disclosure of any such information shall not be deemed a waiver of any privilege or immunity.

7.      WebXchange objects to each interrogatory to the extent that it is overbroad with respect to time and are not limited to a reasonable time period.

8.      WebXchange objects to Dell's Instructions and Definitions to the extent that they seek to impose on WebXchange obligations greater than or different from those imposed under

2

WXC000294688

the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of this Court, any applicable orders of this Court, or any stipulations or agreements of the parties. WebXchange further objects to Dell's Definitions and Instructions to the extent that they purport to alter the plain meaning and/or scope of any specific interrogatory, to the extent that such alteration renders the interrogatory vague, ambiguous, and overbroad.

9.      WebXchange objects to each interrogatory to the extent that it requests WebXchange to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of WebXchange, that is already within the possession, custody, or control of Dell, or that is as readily available to Dell as to WebXchange, on the ground that such interrogatories unduly burden WebXchange.

10.     WebXchange objects to each interrogatory as unduly burdensome to the extent that it seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

11.     WebXchange objects to each interrogatory to the extent that it seeks information that is confidential information of third parties, and which WebXchange is obligated to maintain as confidential information.  WebXchange will provide such information only subject to the approval of those third parties or as ordered by the Court.

12.     WebXchange objects to each interrogatory to the extent that it seeks the identification of "any," "each," "every," or "all" documents, products, persons, circumstances, companies, entities, facts, or other things regarding or relating to a particular subject, as unduly burdensome, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  Discovery is ongoing, and WebXchange is conducting a reasonable investigation and search with respect to the information requested.  WebXchange reserves the right to revise each

CONFIDENTIAL                                                                 WXC000294689

of the responses provided herein as new facts, evidence, and analysis become available to WebXchange.

13.     WebXchange objects to each interrogatory to the extent that it contains purported factual assertions, assumptions, or characterizations that are in dispute or as to which Dell will have the burden of proof at trial.

14.     WebXchange objects to each interrogatory to the extent that it asks for a legal conclusion.

15.     WebXchange objects to Dell's definition of "Plaintiff," "WebXchange," "you," and "your" as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

16.     WebXchange objects to Dell's definition of "document" as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

17.     WebXchange objects to Dell's definition of "relating to" and "related to" as overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.

18.     WebXchange objects to Dell's definition of "and," "or," and "and/or" as overbroad, vague and ambiguous, including without limitation, to the extent that the term "shall be construed either disjunctively or conjunctively as necessary" is vague, ambiguous, not defined, and unduly burdensome.  This definition unnecessarily vitiates the common definitions of the subject words and causes for speculation as to what "and," "or," and "and/or" mean in Dell's Requests.

19.     WebXchange objects to Paragraph 21 of the Definitions and Instructions on the

4

WXC000294690

grounds that the purported instruction is unduly burdensome and seeks to impose on WebXchange obligations greater than or different from those imposed under the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure of this Court, any applicable orders of this Court, or any stipulations or agreements of the parties.

20.     WebXchange's responses to these interrogatories are hereby made without in any way waiving or intending to waive, but rather, to the contrary, by preserving and intending to preserve:

(a)     all questions as to the competence, relevance, materiality, and admissibility as evidence for any purpose of the information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

(b)     the right to object on any ground to the use of any such information or documents, or the subject matter thereof, in any aspect of this action or any other court action or judicial or administrative proceeding or investigation;

(c)     the right to object at any time in connection with any further response to this or any other request for information or production of documents; and

(d)     the right at any time to supplement its responses.

21.     Inadvertent production of privileged documents or information by WebXchange shall not constitute a waiver of any applicable privilege.

22.     WebXchange anticipates that future discovery, independent investigation, and/or analysis will supply additional facts and add meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in, and variations from the responses set forth herein.  WebXchange reserves the right to modify,

CONFIDENTIAL

WXC000294691

supplement, withdraw, or otherwise alter its responses to these interrogatories in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the this Court, and the provisions of any applicable Protective Order.

CONFIDENTIAL

WXC000294692

## **INTERROGATORIES**

INTERROGATORY NO. 6:

For each product or process that WebXchange, or its licensees or assigns, has sold in the United States that WebXchange contends is covered by any claim of the Patents-in-Suit, state by month and year the unit and dollar volume sold, as well as the gross and net profits realized by WebXchange, or its licensees or assigns, on the sale of the product or process.

RESPONSE NO. 6:

WebXchange objects to this interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. WebXchange also objects to this interrogatory as premature, insofar as it calls for the disclosure of expert testimony and opinions in advance of the dates established by the Court's Scheduling Order. WebXchange objects to this interrogatory as overbroad and not relevant to the claim or defense of any party to the extent its scope includes "any" claim of the Patents-in-Suit instead of those claims WebXchange specifically asserts against defendant. Subject to these objections and WebXchange's general objections, WebXchange responds as follows:

INTERROGATORY NO. 7:

State WebXchange's sources of revenue, and amount of revenue in dollars by month, since 1996.

RESPONSE NO. 7:

WebXchange objects to this interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. WebXchange further objects to this interrogatory in its entirety as overly broad, unduly burdensome because it is not relevant to the claim or defense of any party and is unlikely to lead to the discovery of admissible evidence.

7

WXC000294693

INTERROGATORY NO. 8:

State the factual and legal bases for any contention that WebXchange is entitled to a damages award for alleged infringement of the Patents-in-Suit for any period of time before the filing of the Complaint in this action, including the circumstances of any actual notice that WebXchange contends it provided Dell pursuant to 35 U.S.C. § 287.

RESPONSE NO. 8:

WebXchange objects to this interrogatory to the extent it calls for information protected

from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other

applicable privilege or immunity. WebXchange objects to this interrogatory as premature

insofar as discovery is ongoing in this action, and to the extent that it calls for the disclosure of

expert testimony and opinions in advance of the dates set out in the Court's Scheduling Order.

Subject to these objections and WebXchange's general objections, WebXchange responds as

follows:

INTERROGATORY NO. 9:

For each product that WebXchange, or its licensees or assigns, has made, used, sold, or offered for sale that WebXchange contends is covered by any claim of the Patents-in-Suit, describe all steps WebXchange, or its licensees or assigns, took to mark the product pursuant to 35 U.S.C. § 287, including which products are marked, what patent numbers the products are marked with, how the marking is performed, and when the marking commenced for each product and patent number.

RESPONSE NO. 9:

WebXchange objects to this interrogatory to the extent it calls for information protected

from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other

applicable privilege or immunity. WebXchange objects to this interrogatory as premature,

insofar as it calls for legal conclusions, and insofar as discovery is ongoing in this action.

WebXchange further objects to this interrogatory as overly broad and not relevant to the claim or

defense of any party to the extent it seeks information concerning claims other than those

WebXchange asserts against Defendant. Subject to these objections and WebXchange's general

8

objections, WebXchange responds as follows: ███████████████████████

███████████████████████

INTERROGATORY NO. 10:

Describe in detail all attempts by WebXchange (whether realized or not) to license, assign, transfer, sell or otherwise commercialize the subject matter of the Patents-in-Suit or any related foreign patents and/or applications. For each such attempt:

a) identify the persons and parties involved in such attempts;

b) state the date of such attempt;

c) fully describe the specific terms for and nature of the interest offered or granted; and

d) fully describe each product or system made, used, sold, or contemplated to be made used or sold by you or any third party offered an interest in the patents-in-suit.

RESPONSE NO. 10:

WebXchange objects to this interrogatory to the extent it calls for information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity. WebXchange further objects to this interrogatory as overly broad, vague, and not relevant to the claim or defense of any party to the extent it seeks "all attempts" and "each product or system." WebXchange further objects to this interrogatory as overbroad, vague, and ambiguous with respect to its use of the vague and undefined phrase "fully describe each product or system made . . . by . . . any third party offered an interest in the patents-in-suit." WebXchange further objects to this interrogatory to the extent that it requests WebXchange to produce or otherwise analyze any document or other information that is not within the possession, custody, or control of WebXchange, that is already within the possession, custody, or control of Dell, or that is as readily available to Dell as to WebXchange, on the ground that it unduly burdens WebXchange. Subject to these objections and WebXchange's general objections, WebXchange responds as follows: ███████████████████████

9

CONFIDENTIAL                                                    WXC000294695



10

CONFIDENTIAL                                                                          WXC000294696



MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jheaney@mnat.com
   *Attorneys for Plaintiff WebXchange Inc.*

11

CONFIDENTIAL

WXC000294697

OF COUNSEL:

Lawrence B. Goodwin
Peter J. Toren
Charlotte Pontillo
Stefan R. Stoyanov
Eric Stieglitz
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, NY  10019
(212) 506-1700

Dated:  January 12, 2009
2662731

CONFIDENTIAL

WXC000294698

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2009 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP

I further certify that I caused to be served copies of the foregoing document on January 12, 2009 upon the following in the manner indicated:

## BY ELECTRONIC MAIL

Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19801

Efren Garcia
Christopher V. Ryan
VINSON & ELKINS L.L.P.
The Terrance 7
2801 Via Fortuna
Suite 100
Austin, TX  78746-7568

*/s/ Julia Heaney*

Julia Heaney (#3052)

CONFIDENTIAL

WXC000294699

# EXHIBIT EH

**HIGHLY CONFIDENTIAL**

```
              ***HIGHLY CONFIDENTIAL***
         UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF DELAWARE


                         Case No. 12-282-RGA
PI-NET INTERNATIONAL, INC.,                    :
                                               :
                                               :
          Plaintiff,                           :
                                               :
                                               :
          vs.                                  :
                                               :
                                               :
                                               :
                                               :
J.P. MORGAN CHASE & CO.,                        :
                                               :
          Defendant.                           :
                                               :
                                               :
                                               :
                                               :


       ---------------------------------------
         DEPOSITION UNDER ORAL EXAMINATION OF:
                LAKSHMI ARUNACHALAM
                   (VOLUME II)
               September 27, 2013


                  -----------
       REPORTED BY:  JENNIFER L. WIELAGE, CCR, RPR, CRR
                  ------------
```

**HIGHLY CONFIDENTIAL**

| | |
|---|---|
| 1 | TRANSCRIPT of the deposition of the |
| 2 | above-named witness, called for Oral Examination in |
| 3 | the above-entitled matter, said deposition being |
| 4 | taken pursuant to Federal Court Rules, by and before |
| 5 | JENNIFER WIELAGE, Certified Shorthand Reporter and |
| 6 | Notary Public, License No  XI01916, at the office of |
| 7 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, 920 N |
| 8 | King Street, Wilmington, Delaware, on Friday, |
| 9 | September 27, 2013, commencing at 8:00 in the |
| 10 | forenoon |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

[Page 2]

                    I N D E X

W I T N E S S

Testimony of:

LAKSHMI ARUNACHALAM, PH D          PAGE NO

EXAMINATION BY MR TULIN:          8

                E X H I B I T S

NUMBER          DESCRIPTION          PAGE

DX-161    WXC000080941 through    13
          WXC000080995
DX-162    WXC000142243 through    54
          WXC000142274
DX-163    WXC000012993 through    77
          WXC000013004
DX-164    WXC000017847          93
DX-165    WXC000017765 through    101
          WXC000017766
DX-166    WXC0007162 through    112
          WXC0007165
DX-167    WXC000007193 through WXC  114
          000007213
DX-168    WXC000048904 through    118
          000048905
DX-169    WXC000294687 through    123
          WXC00294699
DX-13     WXC0000064138 through    140
          WXC0000064155
DX-170    WXC000062916 through    147
          WXC000062920
DX-15     WXC000059862 through    159
          WXC000059864
DX-16     WXC000171933 through    178
          WXC000171936

[Page 4]

A P P E A R A N C E S :

O'KELLY, ERNST & BIELLI, LLC
1600 Market Street
Philadelphia, Pennsylvania 19103
(215) 543-7182
BY: GEORGE PAZUNIAK, ESQ.
Attorneys for the Plaintiff

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York  10036
(212) 735-2815
BY: EDWARD L. TULIN, ESQ.
BY:  DOUGLAS R. NEMEC, ESQ.
Attorneys for the Defendant



ALSO PRESENT - KEN AMRHEIN, U.S. Legal Support

[Page 3]

DX-171    WXC000061980 through    188
          WXC000062004
DX-172    WXC000062047 through    204
          WXC000062051
DX-18     WXC000058408 through    213
          WXC000058411
DX-173    WXC000458895 through    242
          WXC000458899
DX-174    WXC000059423 through    245
          000059427
DX-175    WXC000055792 through    255
          WXC000055799
DX-176    WXC000027077 through    263
          WXC000270793
DX-177    WXC000454927 through    274
          WXC0454930
DX-178    Settlement Agreement    279
DX-178    Excerpt from the Bank of  291
          America 2012 Annual
          Report
DX-179    Excerpt from the Bank of  292
          America 2012 Annual
          Report
DX-180    Capital One License    296
          Agreement
DX-181    Excerpt From the Capital  307
          One Annual Report
DX-182    WXC00270813 through    311
          WXC000270830

[Page 5]

[2]  (Pages 2 to 5)

**HIGHLY CONFIDENTIAL**



```
            DEPOSITION SUPPORT INDEX
          DIRECTION TO WITNESS NOT TO ANSWER

                Page Line

                304  23
                317  7
                317  17
                317  22
                317  25


          REQUEST FOR PRODUCTION OF DOCUMENTS

                Page  Line


                STIPULATIONS

                Page  Line


                QUESTION MARKED
                Page  Line
```

[Page 6]

duly sworn according to law testifies as follows:

EXAMINATION BY MR. TULIN:

Q.   Good morning, Dr. Arunachalam.

A.   Good morning.

Q.   Dr. Arunachalam, do you understand that you are still under oath in this deposition?

A.   Yes.

[Page 8]

THE VIDEOGRAPHER:  Okay. This begins Volume 2 of the videotaped deposition of Dr. Lakshmi Arunachalam taken in the matter of Pi-Net International Incorporated vs. J.P. Morgan Chase & Company, the United States District Court for the District of Delaware, Case No. 12-282-RGA. This deposition is being held at Skadden, Arps, Slate, Meagher & Flom, 1 Rodney Square, 920 North King Street, Wilmington, Delaware on September 27, 2013.

I'm Ken Amrhein from U.S. Legal Support.  I'm the video specialist.  The court reporter today is Jen Wielage also from U.S. Legal Support.

We are going back on the record at 8:11 a.m.  Counsel, please proceed.

LAKSHMI ARUNACHALAM, 222 Stanford Avenue, Menlo Park, California, 94025, having been previously

[Page 7]

[Page 9]

**HIGHLY CONFIDENTIAL**



[Page 126]

[Page 127]

[Page 128]

[Page 129]

[33]  (Pages 126 to 129)

# EXHIBIT EI

**[Page 1]**

***HIGHLY CONFIDENTIAL***

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Case No. 12-282-RGA

PI-NET INTERNATIONAL, INC.,                    :
                                               :
                                               :
         Plaintiff,                            :
                                               :
                                               :
         vs.                                   :
                                               :
                                               :
                                               :
                                               :
J.P. MORGAN CHASE & CO,                        :
                                               :
         Defendant.                            :
                                               :
                                               :
                                               :
                                               :

-------------------------------------

DEPOSITION UNDER ORAL EXAMINATION OF:

LAKSHMI ARUNACHALAM, PH.D.

September 26, 2013

-----------

REPORTED BY:  JENNIFER L. WIELAGE, CCR, RPR, CRR

------------

**HIGHLY CONFIDENTIAL**

## [Page 2]

1       TRANSCRIPT of the deposition of the

2 above-named witness, called for Oral Examination in

3 the above-entitled matter, said deposition being

4 taken pursuant to Federal Court Rules, by and before

5 JENNIFER WIELAGE, Certified Shorthand Reporter and

6 Notary Public of the State of New Jersey, License No.

7 XI01916, at the office of SKADDEN, ARPS, SLATE,

8 MEAGHER & FLOM, LLP, 920 N. King Street, Wilmington,

9 Delaware, on Thursday, September 26, 2013, commencing

10 at 9:00 in the forenoon.

## [Page 3]

A P P E A R A N C E S :

O'KELLY, ERNST & BIELLI, LLC
1600 Market Street
Philadelphia, Pennsylvania 19103
(215) 543-7182
BY:  GEORGE PAZUNIAK, ESQ.
Attorneys for the Plaintiffs

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
Four Times Square
New York, New York 10036
(212) 735-2815
BY: EDWARD L. TULIN, ESQ.
BY: DOUGLAS R. NEMEC, ESQ.
Attorneys for the Defendant

ALSO PRESENT - KEN AMRHEIN, U.S. Legal Support,
SAMUEL MOULTRIE

## [Page 4]

I N D E X

W I T N E S S

Testimony of:
LAKSHMI ARUNACHALAM, PH.D.          PAGE NO.
EXAMINATION BY MR. TULIN:          8

E X H I B I T S

NUMBER          DESCRIPTION          PAGE

DX-136    30(b)(6) Defendants'     10
          Notice of 30(b)(6)
          Deposition

DX-137    Plaintiff Pi-Net     15
          International Inc.'s
          Response to Defendants'
          First Set of Common
          Interrogatories

DX-138    Plaintiff Responses to     15
          Defendants' Second Set
          of Common
          Interrogatories

DX-139    WXC000048976 through     26
          WXC000048989

DX-140    WXC 000191466 through     80
          WXC 000191468

DX-141    Patent No. 5,987,500     89

DX-142    Patent No. 8,037,158     89

DX-143    Patent No. 8,108,492     90

DX-144    WXC0000037370 through     90
          WXC0000037453

DX-145    WXC000047148     136

DX-146    WXC000009172 through     148
          WXC000009194

DX-147    WXC 0000007581 through     152
          WXC 000007594

## [Page 5]

DX-148    WXC 000047257 through     160
          WXC 000047264

DX-149    WXC000047267 through     167
          WXC00047331

DX-150    WXC 0000068226 through     191
          0000068256

DX-151    WXC 000030868 through     221
          0000030928

DX-152    WXC000289467 through WXC     228
          000289472

DX-153    WXC 000456972 through     251
          WXC 000456974

DX-154    WXC 000059589     263

DX-155    WXC 000059839 through     269
          000059840

DX-156    WXC000064351 through     283
          WXC000064354

DX-157    WXC0000085621 through     297
          WXC0000085630

DX-158    WXC000062538 through     307
          WXC000062540

DX-159    WXC000459049 through     317
          WXC000459052

DX-160    U.S. Patent No.     325
          6,212,556

**[2]  (Pages 2 to 5)**

DEPOSITION SUPPORT INDEX
DIRECTION TO WITNESS NOT TO ANSWER

Page Line

255  5

REQUEST FOR PRODUCTION OF DOCUMENTS

Page  Line

STIPULATIONS

Page  Line

QUESTION MARKED

Page  Line

[Page 6]

---

1          THE VIDEOGRAPHER:  Okay.
2    This now begins the videotaped
3    deposition of Lakshmi Arunachalam
4    taken in the matter of Pi-Net
5    International Incorporated vs.
6    J.P. Morgan Chase & Company for
7    the United States District Court
8    for the District of Delaware, Case
9    No. 12-282-RGA.
10         This deposition is being
11   held at Skadden Arps, Slate,
12   Meager & Flom, 1 Rodney Square,
13   920 North King Street, Wilmington,
14   Delaware, on September 26, 2013.
15   My name is Ken Amrhein for U.S.
16   Legal Support.  I'm the video
17   legal specialist.  The court
18   reporter today is Jen Wielage also
19   from U.S. Legal Support.
20         We are going on the record
21   at 9:08 a.m.  counsel will now
22   state their appearance for the
23   record.
24         MR. TULIN:  Ed Tulin from
25   Skadden, Arps representing J.P.

[Page 7]

---

1    Morgan.
2          MR. PAZUNIAK:  George
3    Pazuniak representing the
4    plaintiff, Pi-Net International
5    and the witness.
6          THE VIDEOGRAPHER:  Will the
7    court reporter please swear in the
8    witness?
9    LAKSHMI ARUNACHALAM,
10   having been first duly sworn according to
11   law, testifies as follows:
12   EXAMINATION BY MR. TULIN:
13         Q.   Good morning,
14   Dr. Arunachalam.
15         A.   Good morning, Ed.
16         Q.   Dr. Arunachalam, you've been
17   deposed before; is that correct?
18         A.   Yes.
19         Q.   Today is likely to be very
20   similar to those prior depositions, but
21   just so we're on the same page, I'd like
22   to go over a little bit about what we can
23   expect from today's proceeding.
24         I'll be asking you a series
25   of questions and our court reporter will

[Page 8]

---

1    be taking down both the questions that I
2    ask you as well as the answers that you
3    give.
4          Because of that, it's very
5    important, if we can, to try to avoid
6    talking over each other or gestures or
7    nods of the head; anything that the court
8    reporter can't take down.
9          Can you try to keep your
10   answers verbal for me?
11         A.   Yes.
12         Q.   And we have a variety of
13   refreshments in the back.  If there's any
14   reason that you need to take a break, to
15   get some refreshments or otherwise,
16   that's fine.  Just let me know.  I would
17   ask, however, that if I've already asked
18   you a question, you go ahead and answer
19   that question and then we'll take our
20   break.
21         Does that sound good?
22         A.   That sounds fine.
23         Q.   There may be a time today
24   where you don't understand a question
25   that I've asked you.  If that occurs,

[Page 9]

[3]  (Pages 6 to 9)

HIGHLY CONFIDENTIAL

| | |
|---|---|
| 1   will you agree to let me know? | 1   that.  You asked that question |
| 2       A.   Sure. | 2   previously. |
| 3       Q.   Dr. Arunachalam, is there | 3       Q.   So today there will be times |
| 4   any reason that you know of that you | 4   when I'll be asking you questions |
| 5   would not be able to give full, complete, | 5   individually, just based on your own |
| 6   truthful answers to the questions I'll be | 6   knowledge, and other times I'll be asking |
| 7   asking you today? | 7   you questions based upon the knowledge of |
| 8       A.   No. | 8   your company, Pi-Net.  I'll try to be |
| 9       MR. TULIN:  I'd like to ask | 9   clear when I'm asking you something |
| 10  our court reporter to mark as | 10  individually and when I'm asking you |
| 11  DX-136 Defendants' Notice of | 11  something that refers back to Exhibit |
| 12  30(b)(6) Deposition. | 12  136.  But if you're confused about |
| 13      (Exhibit DX-136, 30(b)(6) | 13  whether I'm asking you individually or as |
| 14  Defendants' Notice of 30(b)(6) | 14  Pi-Net, will you agree to let me know? |
| 15  Deposition, was marked for | 15      A.   Sure. |
| 16  Identification by the court | 16      Q.   Thank you, Dr. Arunachalam. |
| 17  reporter.) | 17  You can set that exhibit aside if you'd |
| 18  BY MR. TULIN: | 18  like. |
| 19      Q.   Dr. Arunachalam, the court | 19      A.   Just close it up? |
| 20  reporter has placed in front of you a | 20      Q.   Sure. |
| 21  document which is marked as Exhibit 136. | 21      A.   Okay. |
| 22      Do you recognize this | 22      Q.   What did you do to prepare |
| 23  document? | 23  for today's deposition? |
| 24      A.   Let me look at it. | 24      A.   I met with George yesterday. |
| 25      Q.   Sure.  Take whatever time | 25      Q.   About how long did you meet |
| **[Page 10]** | **[Page 12]** |
| 1   you need. | 1   with George? |
| 2       A.   My eyes tear all the time. | 2       A.   Just a few hours. |
| 3   That's why I wear sunglasses.  Okay. | 3       Q.   Was anyone else present |
| 4       Q.   Dr. Arunachalam, have you | 4   while you were meeting with Mr. Pazuniak? |
| 5   had a chance to take a look at Exhibit | 5       A.   Some other people in his |
| 6   DX-136? | 6   office walked in and out. |
| 7       A.   Yes. | 7       Q.   Did you do any preparation |
| 8       Q.   Do you recognize this | 8   for this deposition on your own, separate |
| 9   document? | 9   from your meeting with Mr. Pazuniak? |
| 10      A.   Yes. | 10      A.   No. |
| 11      Q.   You have seen Exhibit 136 | 11      Q.   Did you have any |
| 12  before? | 12  conversations with Mr. Martin Wade in |
| 13      A.   Yes. | 13  preparation for today's deposition? |
| 14      Q.   And do you understand that | 14      A.   No. |
| 15  you have been designated to offer | 15      Q.   Did you have any |
| 16  testimony on behalf of Pi-Net for the | 16  conversations or meetings with |
| 17  topics that are listed beginning on page | 17  Dr. Bardash in preparation for today's |
| 18  9 of Exhibit 136? | 18  deposition? |
| 19      A.   Okay.  Yes. | 19      A.   No. |
| 20      Q.   And do you understand that | 20      Q.   How about Mr. Easttom?  Did |
| 21  you've been designated to offer testimony | 21  you meet with him to prepare for today's |
| 22  on behalf of Pi-Net for those topics | 22  deposition? |
| 23  listed beginning on page 9 of that | 23      A.   I have never met him or |
| 24  exhibit? | 24  talked to him or anything. |
| 25      A.   Yes, I believe I answered | 25      Q.   And Dr. Arunachalam, just as |
| **[Page 11]** | **[Page 13]** |

877-479-2484                    U.S. LEGAL SUPPORT                    www.uslegalsupport.com

**HIGHLY CONFIDENTIAL**



[Page 62]

[Page 63]

[Page 64]

[Page 65]

**[17]  (Pages 62 to 65)**

**HIGHLY CONFIDENTIAL**



[Page 66]

[Page 68]

[Page 67]

[Page 69]

**[18]  (Pages 66 to 69)**

**HIGHLY CONFIDENTIAL**



[Page 86]

[Page 88]

[Page 87]

[Page 89]

[23]  (Pages 86 to 89)