## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PI-NET INTERNATIONAL, INC.,

Plaintiff,

v.

J.P. MORGAN CHASE AND
COMPANY,

Defendant.

C.A. No. 1:12-cv-00282-SLR

## PI-NET INTERNATIONAL,  INC.'S AND DR. ARUNACHALAM'S
## RESPONSE TO IMPROPER MOTION TO INTERVENE

Pi-Net International, Inc. and Dr. Arunachalam submit this response in

opposition to George Pazuniak's ("Counsel") improper Motion to Intervene

personally, while he is still Counsel of Record for Plaintiff in this case.  This

improper motion is just one more example of Counsel's desperate actions to flee

from the malpractice he committed. As a last straw, he has now come to this Court

to seek such protection in the guise of a Motion to Intervene. Counsel's assertions

that he should be allowed to defend himself against "Pi-Net's false and scandalous

allegations" about his "rogue behavior and fraud on the court" only confirm that

this is his true motive, which is to protect himself from his own "scandalous"

malpractice he committed. While he is still Counsel of Record for Plaintiff, he runs

1

to the Defendant for support to not oppose his motion, and states that "Defendant

JP Morgan does not have the ability to respond to the above-recited allegations in

the Motion to Vacate." Counsel plainly does not have a protectable legal interest

in this action, a prerequisite to intervention as a matter of right under Rule 24(a).

Granting Counsel's motion will needlessly expand the scope of the lawsuit beyond

the issues among the parties and unduly delay and prejudice adjudication of the

parties' rights in this action because of the extraneous issues that Counsel proposes

to litigate, a result completely at odds with the principal of judicial economy that

underlies intervention in a proper case.

## II. ARGUMENTS

**A. Counsel is not Entitled to Intervention as a Matter of Right:** Intervention as

a matter of right under Rule 24(a) requires the proposed intervenor to demonstrate

that all four criteria of the rule are met: (1) the motion is timely; (2) the proposed

intervenor has a "significant legal interest" in the subject of the pending litigation;

(3) the disposition of the action may impair or impede the proposed intervenor's

ability to protect his legal interest; and (4) the parties to the litigation cannot

adequately protect the proposed intervenor's interest. Counsel is unable to meet the

second, third and fourth elements of the rule because he has no "significant legal

interest" that could be impaired in this litigation. Counsel has invoked the Rule

24(a)(2) incorrectly. Counsel states that "Defendant JPMorgan does not have the

ability to respond to the above-recited allegations in the Motion to Vacate." He states that he "should be allowed to defend himself against Pi-Net's false and scandalous allegations." None of this constitutes an "interest relating to the property or transaction that is the subject of the action." Counsel's conduct shows more of the reckless disregard for Plaintiff's legal interests and his solemn duties pursuant to the Rules of Professional Conduct 1.7 through 1.9 (Client Confidentiality and Duties to Present and Former Clients). Counsel has not been granted leave to withdraw, but despite that, is working to represent the interests of the opposing party! Counsel's conduct in this motion further affirms the validity of Plaintiff's assertion of facts -he did not follow client instructions, he refused to report the Judges' financial holdings in a litigant and judicial fraud on the Court, which Counsel acknowledges in his motion, thereby admitting committing malpractice and fraud on the court. Counsel's brash filing of this motion right after the 60(d)(3) motion is like his brash filing of the Appeal soon after the Markman Ruling when he was intoxicated, irreparably harming the client.

## B. Counsel Lacks a "Significantly Protectable Legal Interest" in this Action

The Supreme Court has determined that the Rule 24(a) requirement of an "interest relating to the property or transaction which is the subject of the action" means a "significantly protectable interest." *Donaldson v. U.S.*, 400 U.S. 517 (1971). The Sixth Circuit has required that the interest in the litigation be a "legal interest in

[the] case that is substantial enough to warrant intervention as a matter of right," "a

significant legal interest in the subject matter of the litigation" *Purnell v. City of*

*Akron*, 925 F.2d 941 (6th Cir. 1991); *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir.

1989); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997);

*Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990); *U.S. v. ABC*

*Industries*, 153 F.R.D. 603, 607-08 (W.D. Mich. 1993) (denying intervention as a

matter of right in CERCLA action because proposed intervenors did not have

"direct, substantial, and legally protectable interest"). Counsel's interest in this

lawsuit is neither direct nor legally protectable.  The argument that Counsel has a

desire to preserve defendants' "ability to respond," no matter how strongly or

genuinely held, is not in law or logic a showing that Counsel has a "protectable

legal interest."  Worse, it shows a reckless disregard for the Court's lack of ruling

on his motion to withdraw and his reckless disregard for Plaintiff's attorney-client

confidentiality. *Stotts v. Memphis Fire Departmen*, 679 F. 2d 579-582(6th Cir.

1982). Counsel has <u>no legally cognizable "interest relating to the property or</u>

<u>transaction that is the subject of the action." The vacation of Judgment does not</u>

<u>harm or adversely affect any legally protected interest of Counsel.</u>  The "rogue

behavior" arguments relied upon by Counsel also offers no relevance to the kind of

interest required by Rule 24(a) and simply relate to Counsel's malpractice,

personal injury, harassment, violations of Federal Rules of Civil Procedure and

4

Delaware Rules of Professional Conduct, financial damage, intimidation,

blackmail, duress, threats, interference with client's business, unethical behavior

and misconduct. They do not relate to an "interest relating to the property or

transaction that is the subject of the action." Counsel is attempting to use this

forum to defend his malpractice, of which he is rightly concerned, but his attempt

to use this forum to make such a defense is wholly misplaced. A malpractice

defense attempted through the Motion to Intervene is improper and does not

evidence Counsel's "interest relating to the property or transaction that is the

subject of the action." This is just another example of his "rogue behavior," similar

to his actions to intimidate Plaintiff's new Appellate Counsel against staying with

the case in the Federal Circuit. Counsel is running haphazardly from his fear of

malpractice claims, since he knows he committed malpractice and he knows that

Plaintiff has clear evidence of that. Nonetheless, legal malpractice issues do not

constitute "interest relating to the property or transaction that is the subject of the

action." Counsel's motion does not present a circumstance such as that required

by Rule 24(a), and he offers no legally cognizable interest to be protected through

intervention. The court must deny the motion because Counsel lacks a direct,

substantial, legally protectable interest in as much as he is not a real party in

interest  in the transaction which is the subject of the proceeding. Counsel here has

not made a showing remotely meeting the requirements of Rule 24(a)(2). His

reliance on arguments on "rogue behavior" for the legal sufficiency of his

intervention claim is devoid of substance to meet the requirements of Rule

24(a)(2).  If so little were required to establish entitlement to intervention as a

matter of right, there would effectively be no bar to intervention by any citizen in

all manner of lawsuits. Indeed, every lawyer who is dismissed from a

representation would use such intervention against former clients. Lacking a

protectable legal interest, Counsel loosely set forth a litany of other interests or

concerns that he wishes to litigate in this action and to expand the scope of this

lawsuit well beyond anything at issue among the parties.  Counsel's motion is

breathtaking in describing the scope of extraneous issues that would entangle the

Court, parties, and lawsuit if intervention is allowed. Instead of a concrete dispute

between the actual litigants, Counsel urges the Court to make the case a forum for

litigation concerning a litany of malpractice and harassment issues.  Among other

things, Counsel  inexplicably offers to have his intoxication during the

representation, his obstructive attempt to dissuade new Appellate Counsel from

working on the Appeal,  filing proposed claim constructions contrary to Pi-Net's

instructions and other "rogue behavior"  be litigated in this case. **Counsel's**

**interest is not direct, substantial, or legally protectable**. Counsel's interest in

this case is qualitatively different from the type of interest required for intervention

as of right. "Under Rule 24(a)(2), the proposed intervenor must have a 'direct,

substantial, and legally protectable' interest in the subject matter of the action."
*N.Y.*, 198 F.3d at 365 (quoting *Washington Elec. Coop. Inc. v. Massachusetts Mun. Elec. Co.*, 922 F.2d 92,96 (2d Cir. 1990)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Wash. Elec.*, 922 F.2d at 97. And the interest may not be abstract. The applicant must show it "would be substantially affected in a *practical* sense by the determination" made in this action. Fed. R. Civ. P. 24, Advisory Committee Note (emphasis added). The requirement is parallel to the injury requirement for standing: "a litigant must seek relief for an injury that affects him in a personal and individual way," meaning "[h]e must possess a 'direct stake' in the outcome of the case." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013) (citation omitted).

**C. Counsel Cannot Demonstrate "Impairment"** Counsel's arguments about "impairment" of interest are as illusory as his assertions regarding a legal interest in the case. Because he has no legal interest, it follows that he cannot demonstrate "impairment" of such an interest. In effect, Counsel proposes that the parties and the Court expand the case from one case about patents, to include a second case about Counsel's defense against hypothetical malpractice claims. The offer should be rejected because the additional time, expense, and protracted litigation devoted to this second issue, solely attributable to the intervention , would all be for naught.

Plaintiff has not sued Counsel for malpractice and harassment. Therefore, the Court has no legal justification for allowing such claims to be introduced into this case. Contrary to Counsel's reliance upon "rogue behavior" issues, no amount of success by Plaintiff in this lawsuit precludes or even hinders Counsel from mounting a legal challenge to some future case based on Counsel's "rogue behavior" that Counsel believes to be unlawful. *Martin v. Wilks*, 490 U.S. 755 (1989), individuals not parties to a case cannot be precluded from litigating in a subsequent case their rights as affected by the judgment in the original case.

**D. Counsel Cannot Show Inadequate Representation; the Motion is Premature:** Even assuming that Counsel could demonstrate a protectable legal interest that may be impaired in this lawsuit, he has not met his burden of demonstrating inadequate representation of Counsel's interests by the parties. Counsel's loose arguments and an entirely *hypothetical* showing only demonstrate his failure to show inadequate representation. *Bradley v. Milliken*, 828 F.2d 1186-92 (6th Cir. 1997). A fundamental problem with Counsel's motion is that it has been brought at such an early stage of the litigation that the allegations made in its support are based on speculation and guess. Counsel has neither the need nor the right to litigate issues beyond the legal and fact issues among the parties in this case or at this time. Neither the parties nor the Court should be burdened with the extraneous and hypothetical issues presented by Counsel's motion. Counsel has no

"significant *legal* interest in the subject matter of the litigation" and is simply using this forum to run from his fear of malpractice.

**E.      If this Court were to vacate the Judgment tomorrow, Counsel would be precisely in the same position he is in today, namely, his fear from malpractice** which is not a "direct, substantial, and legally protectable" interest cognizable under Rule 24. United States v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999). Counsel has not identified a concrete interest that warrants party status. Affording Counsel status as full parties would unduly delay resolution of the case.

**F.      Under Rule 24(a)(2), Counsel fails to show that he is a *necessary* party under Rule 19.** *See* Mastercard vs Visa 471 F.3d 377, 389 (2d Cir. 2006) ("if a party is not "necessary" under Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2).) "A party is a necessary party if in that person's absence, the court cannot accord complete relief among existing parties." (Rule 19(a)(1).)  Under subsection B(i), it is not enough that the person's interest may be impaired by the outcome of the litigation; the harm must be "caused by the non-party's absence from the litigation." MasterCard 471 F.3d at 388. This is an independent basis for denying Counsel's motion, Counsel does not satisfy Rule 24(a)(2), which incorporates Rule 19(a). *See, Allen*, 2011 WL 1706778, at * 7 (denying motion because applicants could express their concerns through means

9

other than intervention); *U.S. ex rel. Anti-Discrim. Ctr. of Metro N.Y., Inc. v. Westchester Cnty., N.Y.*, No. 06-cv-2860-DLC, 2012 WL 13777 at *6,SDNY 2012.

## H.   Counsel has No Standing to Appeal in the Absence of Aggrieved Party

"… "Rule 24(a)'s 'legally protectable interest' requirement *compels a court* to consider whether certain proposed intervenors have standing to appeal in the absence of the originally aggrieved party." *Floyd v. City of New York*, No.09-civ-1034-AT, 2014 WL 3765729, at *49 (S.D.N.Y. Jul. 30, 2014) (emphasis added). An applicant who lacks standing to "legally protect its interest" on appeal without the participation of the original defendant necessarily lacks a "legally protectable interest" in the litigation. *Id*. In such circumstances, "allowing a non-party to intervene [in the trial-court proceedings] would be an exercise in legal futility." *Id*. at *48. That is just the case here. Counsel has no standing to appeal an adverse order in this case, without Pi-Net or JPM. *Hollingsworth*, 133 S. Ct. at 2663. So allowing Counsel to participate as parties now would be futile.

**CONCLUSION:** For the above reasons, Plaintiff respectfully requests that the Court deny Counsel's motion and have this case moved to an impartial tribunal.

/s/Lakshmi Arunachalam
Dr. Lakshmi Arunachalam
Owner of Patents-in-Suit and
Dated: September 5, 2014                        CEO, Pi-Net International, Inc
222 Stanford Ave, Menlo Park, CA 94025
650 854 3393                                   *Plaintiff*
Laks22002@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE
## CERTIFICATE OF SERVICE

I, Dr. Lakshmi Arunachalam, hereby certify that on September 5, 2014, the attached "PLAINTIFF'S RESPONSE TO IMPROPER MOTION TO INTERVENE" was sent to PARCELS Inc. Courier Service of Wilmington, DE to be delivered on March 5, 2014 at 8.30am to Judge Robinson and the Clerk of the Court for filing and entry into the case docket under  Judge Robinson and I sent notification by email to the following registered attorney of record that the attached "PLAINTIFF'S RESPONSE TO IMPROPER MOTION TO INTERVENE" has been sent by PARCELS Inc. Courier Service of Wilmington, DE to the Clerk of the Court for filing.

I further certify that on September 5, 2014, the attached "PLAINTIFF'S RESPONSE TO IMPROPER MOTION TO INTERVENE" was delivered _**by**_ _**email**_ to Counsel  for Defendant J.P. Morgan Chase, douglas.nemec@skadden.com.


DATED:     September 5, 2014          _/s/Lakshmi Arunachalam_

                                      Dr. Lakshmi Arunachalam
                                      222 Stanford Avenue
                                      Menlo Park, CA 94025
                                      650 854 3393
                                      Laks22002@yahoo.com