IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PI-NET INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE AND COMPANY,<br><br>Defendant. | C.A. No. 1:12-cv-00282-SLR |

## PATENT OWNER'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO SUBSTITUTE PARTIES UNDER RULE 25 (C)

Patent Owner files this response to JPMC's opposition to the R 25 (c) Motion.

Defendant is throwing any number of procedural roadblocks to prevent Dr. Arunachalam from exercising her constitutional right to *pro se* representation. Despite working in a supposedly self-policing profession, Defense counsel appear intimidated at having to deal with a *pro se* plaintiff not in support of unwritten rules among the "old boy" network.

**1. Dr. Arunachalam Does Not Need JPMC's Confidential Information to Litigate This Case:** In fact, *pro se* litigant, Dr. Arunachalam can litigate this case more efficiently and more effectively without access to any of JPMC's confidential damages information or source code. The fact is that infringement is readily available on Defendant's website. If the need arises, Dr. Arunachalam can bring in

*pro-hac vice* counsel/expert witness to go to JPMC offices to review confidential information, a normal procedural matter easily addressed, as in every patent case.

**2. Neither Defendant nor the Court can deny Dr. Arunachalam her constitutional right to *Pro Se self-representation,* nor her due process rights.** *See* 5th, 14th and 16th Amendments to the U.S. Constitution. Dr. Arunachalam's due process interests, when weighed in the context of her Rule 25(c) motion, are particularly compelling. The right to a full and fair opportunity to litigate an issue is protected by the due process clause.

**3. Pi-Net can agree to assume 100% liability, without being co-Plaintiff:** The substituted party "steps into the shoes" of the original plaintiff and adopts all pleadings in the case. R 25(c) allows for substitution of parties where a transfer of interest occurs during the course of the action. *In re Nicolosi, supra, 86 BR,888*. Defendant's intent is to have the case dismissed. Defendant's arguments are beyond even the minimal requirements of plausibility.

**4. Premature attorneys' fees motion, case years away from completion.** An Appeal is pending in the CAFC, which should be tolled, until Judge Robinson's Markman Ruling and Summary Judgment are vacated due to the conflicts of interests of the Judges. After the mess in this Court is cleaned up, if Plaintiff still fails in a Markman Hearing, then the Parties would need to go through the Appeal at the CAFC, to last another 15-18 months after that point. Defendant's premature

-3-

motion for attorneys' fees is frivolous, as the case is still in progress and it is still years away from being over. It appears this tactic is used by Defendant to harass and terrorize Dr. Arunachalam, tantamount to elder abuse.

**5. Presiding judges must remand their cases to an impartial tribunal.** The financial conflicts of interests of the Judges have tainted this case and the other cases under Judge Andrews. The Judges need to disqualify themselves and hand over their cases to an impartial tribunal. The Motion to Substitute Parties and the 60(B) 60(D) (3) Motion to Vacate Judgment should not be presided over by Judge Robinson or Judge Andrews. Their continued participation taints the proceedings.

**6. Defendant's Request for Joinder is intended to have the case dismissed and Dr. Arunachalam would be prejudiced if not substituted as sole Plaintiff.** The transferee's presence would not only facilitate the conduct of the litigation, but the transferee's presence, without Pi-Net as co-Plaintiff, is essential and is the only way for the case to continue. If Dr. Arunachalam is made a co-Plaintiff, Pi-Net would still need local counsel in DE, which former counsel has thwarted from happening. So, if Pi-Net is either the Plaintiff or the co-Plaintiff, the case likely cannot continue. So the only way the case can even be conducted is if Dr. Arunachalam is allowed to be substituted for Pi-Net. Dr. Arunachalam would be prejudiced if she is not allowed to be substituted as sole Plaintiff, or if she is allowed in only as co-Plaintiff, because Pi-Net has been thwarted by former

counsel from being able to bring in any local or out-of-state counsel. He has been blackmailing Dr. Arunachalam and threatening new lawyers. The Court, in not addressing this obstruction, is <u>denying Dr. Arunachalam due process</u>. This is imposing unfair demands, even though Dr. Arunachalam has a solemn right of self-representation. The Court <u>cannot deny Dr. Arunachalam her constitutional right to appear *pro se*</u>. The Court must also assist Dr. Arunachalam to bring in local counsel without the obstruction of former counsel. Defendant's intent is to have the case dismissed. Defendant's arguments are beyond even the minimal requirements of plausibility. It is noteworthy that it was the same Judge Andrews who dismissed the *Dell* and *Fedex* cases in spite of the fact he had financial interests in a litigant (Fedex), and thus denied Plaintiff WebXchange's right to an impartial tribunal. It was the same former counsel George Pazuniak who thwarted WebXchange from hiring new counsel after he committed malpractice, by withdrawing from the cases in the middle of litigation, providing false reasons to the Court. Indeed, the former law firm, where former counsel worked, fired him because he had committed malpractice related to the WebXchange cases by making entry of appearance without consent from the client nor from his management and he wrote outrageous responses to the USPTO in re-exams (despite not being a patent-bar registered attorney and it is illegal for him to give legal advice to a client with regard to patent law, as he is not licensed to practice patent law) and had a patent-bar

registered attorney file his incorrect responses in re-exams. This damaged the client. This occurred despite WebXchange's instruction to him not to cancel over 200 new claims that Dr. Arunachalam had filed and not to file that the "means for switching is a Web page… " A child knows a Web page is for display.

**7. Dr. Arunachalam's request to be substituted as <u>sole plaintiff</u> in this case seeks to effectuate the goals of expediency, fairness and integrity in the administration of justice.**  Dr. Arunachalam, thus, has made a showing sufficient to support substitution on the grounds of a transfer of interest pursuant to Fed.R.Civ.P. 25(c).  The Court must deny Defendant's request to deny Plaintiff's Motion to Substitute Parties. The Court must also deny Defendant's request in the alternate, to add Dr. Arunachalam as mere co-Plaintiff. These procedural roadblocks are intended to deny Dr. Arunachalam her constitutional right to self-representation.  These roadblocks are being pursued to facilitate a dismissal of the Pi-Net case by creating a false obstacle to self-representation.
A Certificate of Service is attached here below.

                Respectfully submitted,

DATED: September 23, 2014     *Lakshmi Arunachalam* (signature)
                                         Dr. Lakshmi Arunachalam

222 Stanford Avenue          Inventor and Owner of Patents-in-Suit
 Menlo Park, CA 94025        and CEO, Pi-Net International, Inc.
650 854 3393                      *Pro-Se Plaintiff*
laks22002@yahoo.com

-6-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Dr. Lakshmi Arunachalam, hereby certify that on September 23, 2014, the attached "PATENT OWNER'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO SUBSTIUTE PARTIES " was sent by PARCELS Inc. Courier Service of Wilmington, DE to the Clerk of the Court for filing and docketing in this case and I sent notification by email to the following registered attorneys of record that the attached "PATENT OWNER'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO SUBSTIUTE PARTIES" has been sent by PARCELS Inc. Courier Service of Wilmington, DE to the Clerk of the Court for filing.

I further certify that on September 23, 2014, the attached "PATENT OWNER'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO SUBSTIUTE PARTIES" was Electronically Mailed to the following Counsel for Defendant:

douglas.nemec@skadden.com for J.P. Morgan Chase and Company.

DATED: September 23, 2014      /s/Lakshmi Arunachalam

Dr. Lakshmi Arunachalam
222 Stanford Avenue
Menlo Park, CA 94025
650 854 3393
laks22002@yahoo.com