IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PI-NET INTERNATIONAL, INC.,

     Plaintiff,

     v.

J.P. MORGAN CHASE AND
COMPANY,

     Defendant.

C.A. No. 1:12-cv-00282-SLR

```
 ╔═══════════════════════╗
 ║      FILED            ║
 ║   ┌──────────────┐    ║
 ║   │  SEP 2 6 2014│    ║
 ║   └──────────────┘    ║
 ║  U.S. DISTRICT COURT  ║
 ║ DISTRICT OF DELAWARE  ║
 ╚═══════════════════════╝
```

PI-NET INTERNATIONAL, INC.,

     Plaintiff,

     v.

CITIZENS FINANCIAL GROUP,
INC.,

     Defendant.

C.A. No. 1:12-cv-00355-RGA

(Stayed)

PI-NET INTERNATIONAL, INC.,

Plaintiff,

v.

KRONOS INCORPORATED,

Defendant.

C.A. No. 1:14-cv-00091-RGA

(Stayed)

PI-NET INTERNATIONAL, INC.,

Plaintiff,

v.

CITI GROUP, INC., CITICORP, and
CITIBANK, N.A.,

Defendants.

C.A. No. 1:14-cv-00373-RGA

(Stayed)

PI-NET INTERNATIONAL, INC.,

Plaintiff,

v.

PAYDAY ONE, LLC; and

THINK FINANCE, INC.,

Defendants.

C.A. No. 1:14-cv-00495-RGA

PI-NET INTERNATIONAL, INC.,

Plaintiff,

v.

WELLS FARGO BANK, N.A.

Defendant.

C.A. No. 1:13-cv-01812-RGA

-3-

## PATENT OWNER'S MOTION TO RECUSE JUDGE STARK

*Pro Se* Plaintiff Patent Owner hereby moves to recuse the Chief Judge
Leonard P. Stark from the above-captioned case under 28 U.S.C. § 455, and
Marshall v Jerrico Inc., 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980).
"The neutrality requirement helps to guarantee that life, liberty, or property will not
be taken on the basis of an erroneous or distorted conception of the facts or the
law."

The above is applicable to this court by application of Article VI of the
United States Constitution and Stone v Powell, 428 US 465, 483 n. 35, 96 S. Ct.
3037, 49 L. Ed. 2d 1067 (1976).

Plaintiff/Patent Owner makes this motion for the reasons that the said judge
is biased and prejudiced against the Plaintiff and for the further reason that he is
biased in favor of Defendants J.P. Morgan, CitiBank and Wells Fargo Bank, in
addition to the fact that he tainted Judge Robinson by the fact that both Judge
Andrews and Chief Judge Stark have financial holdings in a litigant, CitiBank,
Wells Fargo Bank, J. P. Morgan, the Defendant and that Judge Stark handed over
this case on April 9, 2014, less than a week before the Markman Hearing to Judge
Robinson, and the scheduling order was not adjusted and Judge Robinson made a
premature and biased Markman Ruling shortly thereafter that to any reasonable

-4-

expert, is evidently biased toward Defendants, both in its premature timing and content.

The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS. Therefore, Plaintiff/Patent Owner respectfully demands said judge recuse herself in light of the evidence attached as Exhibit A detailing prior unethical and/or illegal conduct or conduct which gives Plaintiff/Patent Owner good reason to believe the above Judge cannot hear the above case in a fair and impartial manner.

According to all bedrock constitutional law in the United States, affirmed by Congress, Supreme Court, case law, common sense, the rules of fair play and the Code of Conduct for United States Judges, a judge is prohibited from hearing any case in which his or her impartiality might reasonably be questioned. Indeed, the Code of Conduct states that:

> "Canon 2: A judge should avoid impropriety and the appearance of impropriety in all activities."
>
> "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Code of Conduct for U. S. Judges, Commentary on Canon 2A

So, the test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial

responsibilities with integrity, impartiality and competence is impaired. The Canons of Judicial Conduct say that <u>judges must avoid all impropriety and appearance of impropriety.</u>

Although this Court has not yet officially ruled on Plaintiff's Motion to Substitute Parties, the Court has docketed Dr. Arunachalam's motions filed *pro se*, and said motions have become a *fait accompli* since Dr. Arunachalam's right to self-representation cannot be denied by any court in the land. Hers is a solemn constitutional right, unlike the license to practice law, which is revocable.

The question is not whether the Honorable Judge Stark is impartial in fact, but rather whether reasonable men might question his impartiality under all circumstances. United States v. Gigax, 605 F.2d 507 (10th Cir. 1979).

Dr. Lakshmi Arunachalam is entitled to an evidentiary hearing before a judge other than Judge Stark, at which hearing she may adduce evidence to show that Judge Stark is prejudiced against Dr. Lakshmi Arunachalam and Pi-Net International Inc. and in favor of JP Morgan, CitiBank and Wells Fargo Bank, as Judge Stark has financial holdings in all three Banks.

The instant motion must be heard by a judge other than Judge Stark. The case of Johnson v. District Court, 674 P.2d 952 (Colo. 1984) is apposite. The Supreme Court stated :

> "Where an attorney for one of the litigants signs a verified affidavit alleging conduct and statements on the part of a trial judge which, if

> true, shows bias and prejudice or the appearance of bias or
> prejudice on the part of the trial judge, it is an abuse of discretion
> if that judge does not withdraw from the case, even though he or she
> believes the statements are false or that the meaning attributed to
> them by the party seeking recusal is erroneous. In such a case,
> the judge should not pass upon the truth or falsity of the facts
> alleged in the affidavit, but only upon the adequacy of the motion as a
> matter of law."

In another case as reported in the Colorado Lawyer, Wright vs. District

Court, 16 Colorado Lawyer 541, March 1987, the court ruled that:

> "The fact that Judge Goldsmith in his own mind does not believe that
> he is prejudiced against Wright and his firm does not prevent
> disqualification if the motions and affidavits reflect prejudice and an
> appearance of impropriety."

The Supreme Court went on to say:

> Once facts have been set forth that create a reasonable inference of a
> bent of mind" that will prevent the judge from dealing fairly with the
> party seeking recusal, it is incumbent upon the trial judge to recuse
> himself. See People v. Botham, 629 P.2d 589, 595 (Colo. 1981);
> C.J.C. Canon 3(C)(1). A trial judge must accept the affidavits filed
> with the motion as true, even though the judge believes that the
> statements contained in the affidavits are false or that the meaning
> attributed to them by the party seeking recusal is erroneous." Johnson
> v. District Court, 674 P.2d 952 (Colo. 1982).

Rules of Civil Procedure provide:

> "A judge shall be disqualified in an action in which he is interested or
> prejudiced, or has been of counsel for any party, or is or has been a
> material witness, or is so related or connected with any party of his
> attorney as to render it improper for him to sit on the trial, appeal, or
> other proceeding therein. A judge may disqualify himself on his own
> motion for any of said reasons or any party may move for such
> disqualification and a motion by a party for disqualification shall
> be supported by affidavit. Upon the filing by a party of such a
> motion, all other proceedings in the case shall be suspended until a

-7-

ruling is made thereon. Upon disqualifying himself, a judge shall
notify forthwith the chief judge of the district who shall assign
another judge in the district to hear the action. If no other judge in
the district is available or qualified, the chief judge shall notify
forthwith the court administrator who shall obtain from the Chief
Justice the assignment of a replacement judge."

*See* Johnson v. District Court, 674 P.2d 952 (Colo. 1984):

"Ordinarily, the question of whether a judge should be disqualified
in a civil case is a matter within the discretion of the trial court.
In re Marriage of Mann, 655 P.2d 814 (Colo. 1982). However, where
an attorney for one of the litigants signs a verified affidavit
alleging conduct and statements on the part of a trial judge which, if
true, show bias or prejudice or the appearance of bias or prejudice
on the part of the trial judge, it is an abuse of discretion if that
judge does not withdraw from the case, even though he or she
believes the statements are false or that the meaning attributed to
them by the party seeking recusal is erroneous. In such a case, the
judge should not pass upon the truth or falsity of the facts alleged
in the affidavit, but only upon the adequacy of the of the motion as
a matter of law. 'The motion and supporting affidavit speak for
themselves and the only question involved is whether the facts
alleged are sufficient to compel the judge to disqualify himself.'
Kovacheff v Langhart, 147 Colo. 339, 343-44, 363 P.2d 702, 705
(1961). The motion and affidavits are legally adequate if they
'state facts from which it may reasonably be inferred that the judge
has bias or prejudice that will prevent him from dealing fairly' with
the party seeking recusal. People v. Botham, 629 P.2d 589, 595
(Colo. 1981)."

Because the act of appearing *Pro Se*, installs and grants an individual
under the constitution of the United States, full authority to act as an officer of the
court in all matters both civil and criminal, it therefore stands to reason that an
affidavit signed by an individual, *pro se* and substantiated by others who were

-8-

witness to the event, should bear up as having the same weight as an affidavit signed by an attorney for a litigant.

It therefore stand to reason that:

> "A judge must grant a motion for disqualification if the motion and supporting affidavits state facts from which it reasonably may be inferred that the judge has a bias or prejudice that will prevent him from dealing fairly with the party seeking recusal. The judge must accept the affidavits filed with the motion as true even though the judge believes that the statements contained in the affidavits are false."

## 1.   **ABUSE OF DISCRETION**

## The current Markman ruling in the JP Morgan case was prejudiced and untimely.

The Markman Hearing in the JP Morgan case was scheduled for April 15, 2014. Remarkably, on April 9, 2014, just a week before the Hearing, Judge Andrews, with the blessing of Chief Judge Stark, reassigned the case to Judge Robinson inexplicably, after he had presided over the case for over two years. No changes to the scheduling order were made by Judge Robinson. Enough time for additional briefings and arguments was not provided in order for Judge Robinson to become familiar with the claims. Judge Robinson had no familiarity with the case, yet ruled on the claim construction nonetheless. This premature action prejudiced the proceedings. The current Markman ruling was prejudiced and untimely.

## 2.   **JUDGE BIAS**

The Code of Conduct for U.S. Judges is clear. A judge must disqualify himself or herself even if his or her spouse holds *one share of stock* in a litigant. Canon 2 says a judge must avoid impropriety and the appearance of impropriety. It has come to our attention that Judge Andrews holds stock in JPMorgan. For example, he holds stock in Fidelity Blue Chip Value Fund, BVCVX, which holds **$10,236,950,000** shares in JP Morgan-- the 8th largest holding in that fund. This clearly dictates recusal. Judge Andrews also has financial holdings in Citibank and Wells Fargo Bank. These are just two examples of many conflicting holdings that Plaintiff has already introduced into the record.

Judge Robinson's financial disclosure is uninstructive since she lists no assets at all, which cannot be. The rules require disclosure of all holdings. We respectfully request an updated financial disclosure that includes Judge Robinson's extended family holdings as required by 28 U.S.C. § 455. Judge Robinson is, however conflicted out and was tainted from Judge Andrews and Chief Judge Stark holding financial holdings in J.P. Morgan.

Chief Judge Leonard P. Stark is similarly conflicted in matters involving JPMorgan, Wells Fargo and Citibank. *See* Exhibit A.

This motion to recuse Judge Stark is being made so as to avoid further corruption of these proceedings from blatant bias.

-10-

Judge Stark, who mediated in the *Dell* case, has in the past deliberately violated other litigants, associated with Dr. Arunachalam's patents, namely, WebXchange, Inc. in the *Dell* and *Fedex* cases, where Judge Andrews had financial holdings in *Fedex* and Judge Andrews dismissed those cases with prejudice after making it impossible for Plaintiff, who is a small disadvantaged business, to proceed. Judge Andrews required Plaintiff to pay $100,000 to the Defendants, and bring a new lawyer, within 60 days after the same former Counsel Pazuniak withdrew giving false reasons to the court. Judge Andrews had wantonly refused to provide due process and equal protection to all litigants before the court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings.

The Judges cannot mask their relationships and holdings in JPMorgan, Citibank, Wells Fargo Bank behind the Fidelity, T. Rowe Price and Vanguard mutual fund curtains. Defendant J.P. Morgan has been attempting in their recent filings to this Court and at the CAFC to absolve the judges of their conflicts of interest. The judges in the JP Morgan Chase case did not disclose their financial holdings, or relationships to J.P. Morgan, and the same holds true for Citibank and Wells Fargo Bank. The pattern of this investing and nondisclosure is evident. Defendants argue a judge holding mutual funds is not required to disclose the stock holdings within those funds. If such a position were true, then one must ask oneself

-11-

why Judicial Policy contains a four-page section discussing when the contents of mutual funds *must be disclosed*, as they evidently must in this case. *See* Guide to Judiciary Policy, Vol. 2, Pt. B. § 106, Mutual and Common Investment Funds http://www.uscourts.gov/RulesAndPolicies/CodesOfConduct/published-advisory-opinions.aspx

Inventors are prejudiced when attorneys, judges and deep-pocket companies collude, as is clearly occurring in this case as well.

### 3.    Defendant argues the mutual fund safe harbor, but fails to cite the numerous exceptions to the rule.

Judges are not absolved from disclosure responsibilities by hiding behind a paper-thin mutual fund veil to disguise their financial holdings in a litigant. A judge's recusal is required when he has an "interest that could be affected substantially by the outcome of the proceeding." The DE Court Judges hold narrow financial sector mutual funds. Per Canon 4D(3), *§ 455(b)(4) and § 455(f),* "[a] judge should divest investments and other financial interests that might require frequent disqualification." Canon 3C(1) directs judges to disqualify if the judge's impartiality might reasonably be questioned. The DE Court cannot claim that the Judges should benefit from the safe harbor rule. Judges Stark and Stark committed in writing to high ethical standards in their Senate confirmation hearings to adhere to 28 U.S.C. §§ 144 and 455 Canon 3 of the Code of Conduct for U. S. Judges.

-12-

Judge Robinson was thrown into the JP Morgan case by Judges Andrews and Stark. Whether or not she holds stock in JPMorgan, her judicial sponsors do.

## 4. Litigants have an affirmative right to expect judges to follow Judiciary Policy on disclosure of their litigant stock holdings in mutual funds.

Defendants argue erroneously that the judges disclosed their conflicts in their annual financial disclosures. This argument is contradicted by the Judicial Conference which has published clear guidelines for disclosing the holdings within mutual funds. If the mere disclosure of the name of the mutual fund were sufficient, as Defendant argues, then this judiciary policy would not be needed.[1]

**Judge Andrews** has multiple holdings in JPMorgan, Wells Fargo and CitiBank. For example, he holds stock in: VWENX Vanguard Wellington Admiral that holds $1,347,496,000 shares in JPMorgan, the 3rd largest holding in the fund; BVCVX Fidelity Blue Chip Value Fund that holds $6,961,569,000 in JPMorgan, the 8th largest holding in the fund. Also, one of the Vice Presidents in BVCVX served as JPMorgan vice president and treasurer from 2004-2008. **Judge Stark** also has multiple holdings in JP Morgan. For example, he holds stock in: FUSEX Fidelity Spartan 500 Index Inv which holds $896,713,000 in JP Morgan, their 10th largest holding; VINIX Vanguard Institutional Index I which holds $ 2,190,882,000 in JP Morgan, their 10th largest holding. Both Judges Stark and

---

[1] Guide to Judiciary Policy, Vol. 2, Pt. B, Sec. 106, Mutual and Common Investment Funds. http://www.uscourts.gov/uscourts/RulesAndPolicies/conduct/Vol02B-Ch02.pdf.

Stark have financial holdings in Wells Fargo Bank and CitiBank. Defendant's flimsy excuse on behalf of the Judges for nondisclosure of these substantial interests in JPMorgan does not avoid the appearance of impropriety. *See* 28 U.S.C. §455(c). *Porter v. Singletary*, 49 f.3d 1483, 11th Cir '95.("a judge should disclose on the record information which the judge believes the parties or their lawyers might consider relevant"). An ordinary person would consider Judge Stark' holdings certainly relevant and worthy of disclosure.

On March 7, 2012, Federal Circuit Chief Judge Randall R. Rader vacated and remanded a case due to the financial conflicts of interest of a judge because his *wife* had some stock in *Shell Oil Co. v. US*, 672 F. 3d 1283Fed Cir '12. Judge Rader stated: "Because we find that the trial judge's failure to recuse in this case was not harmless error, particularly given the risk of injustice and risk of undermining the public's confidence in the judicial process, we conclude that the appropriate remedy is to vacate the district court's orders and remand the ...with instructions that it be reassigned to a different judge . . . VACATED AND REMANDED." The conflicts in this matter are profoundly worse than in Shell Oil.

By contrast, Judge Stark does not consider his substantial JPMorgan holdings worthy of disclosure and disqualification. The same standard of financial disclosure should apply in both cases. What can be more clear and convincing

evidence than the new discovery of the Judges' JP Morgan, Citibank and Wells Fargo bank holdings.

**5.     Presiding judges must remand their cases to an impartial tribunal.**

The financial conflicts of interests of the Judges in the DE court have tainted the JP Morgan case under Judge Robinson and the other cases under Judge Andrews. The Judges in DE must disqualify themselves and hand over their cases to an impartial tribunal. The Motion to Substitute Parties, the 60(B) 60(D) (3) Motion to Vacate Judgment, Motion to Intervene by former counsel and this Motion to Recuse Judge Stark should not be heard by/presided over by Judge Andrews or Judge Stark. Their continued participation taints the proceedings. It is noteworthy that it was the same Judge Andrews who dismissed the *Dell* and *Fedex* cases despite his financial interests in a litigant (*Fedex*), and denied Plaintiff WebXchange's right to an impartial tribunal.

**6.     The presiding judges in the JPMC case as well as the cases Judge Andrews is currently presiding over, namely, Citizen's, Wells Fargo, Citibank, PayDay1 and Kronos cases are conflicted and these cases must be heard by an impartial tribunal.**

The conflicts of interests of the Judges involved have tainted the JPMC case and the other cases under Judge Andrews. This needs to be addressed by the Court immediately. Plaintiff/Patent Owner moves to recuse the Judge from the above-captioned cases and that this motion to recuse be tried by an impartial tribunal.

-15-

Neither the Motion to Substitute Parties nor the 60(B) 60(D) (3) Motion to Vacate Judgment or this Motion to Recuse should be presided over by Judge Stark. Their continued participation taints the proceedings.

8. **Conclusion**

Plaintiff/Patent Owner respectfully moves and prays that the Honorable Chief Judge Leonard P. Stark remove and disqualify himself as judge on the above-captioned cases, or that the instant motion be heard by a judge other than Judge Stark, pursuant to the doctrine of Johnson v. District Court, 674 P.2d 952 (1984), to the end that another judge be assigned to hear and try all matters in the instant case. Respectfully, it is submitted that the Chief Judge Stark must be disqualified from the above captioned cases. A Certificate of Service is attached here below.

Respectfully submitted,

DATED: September 26, 2014

222 Stanford Avenue
Menlo Park, CA 94025
650 854 3393
laks22002@yahoo.com

*Lakshmi Arunachalam*

Dr. Lakshmi Arunachalam
Inventor and Owner of Patents-in-Suit
and CEO, Pi-Net International, Inc.
*Pro-Se Plaintiff*

-16-

## Exhibit A: Judges' Financial Holdings in Litigant

| Leonard P. Stark, Chief Judge, U.S. District Court of Delaware | | |
|---|---|---|
| **Financial Disclosure, 2012** | | |
| Source: *Judicial Watch*, Leonard P. Stark   Source: *SEC Edgar* | | |
| *Ticker* | *Holding* | *JPMorgan Conflicts* |
| VINIX | Wachovia Vanguard Institutional Fund | **$2,161,083,000** shares in JPMorgan, the 9th largest holding in this fund |
| VMRGX | Vanguard Morgan Growth Fund | **$31,628,000** shares in JPMorgan |
| FUSEX | Fidelity Investments Spartan 50 Index Investor Class | **$896,713,000** shares in JPMorgan |
| FDRXX | Fidelity Investments Fidelity Cash Reserves | **$1,960,000,000** commercial paper in JPMorgan |
| FASMX | Fidelity Investment Fidelity Asset Manager 50% | **$1,090,000,000 shares in JPMorgan,** the 9th largest holding in this fund; represents 0.1% of a fund with assets totaling $1,090,672,117,000  In addition, one of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. In addition, JPMorgan Chase Bank, New York, NY is a "Custodian" of this fund. |
| FASBX | Fidelity Investment Fidelity Asset Manager 70% | **$1,090,000,000 shares in JPMorgan,** the 9[th] largest holding in this fund; represents 0.1% of a fund with assets totaling $1,090,672,117,000  In addition, one of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the |

| | | **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. In addition, JPMorgan Chase Bank, New York, NY is a "Custodian" of this fund. |
|---|---|---|

**Judge Richard G. Stark, Judge, U.S. District Court of Delaware**
**Financial Disclosure, 2012**
Source: *Judicial Watch*, Richard G. Stark - 2012

| BVCVX | Fidelity Blue Chip Value Fund | **$6,961,569,000** shares in JP Morgan-- the 8th largest holding in this fund. In addition, one of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. |
|---|---|---|
| Overview | Fidelity Delaware Portfolio 2012 (Index) (529 Plan) | This is a "build your own investment mix plan." The rules require disclosure of the funds selected by judicial employees. |
| FFFDX | Fidelity Freedom 2020 | One of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. |
| PRRXX | T. Rowe Price Prime Reserve #1 | **450,000** shares in JP Morgan Chase Putters / Dri Ctfs -- the 10th largest holding in this fund. |
| PRRXX | T. Rowe Price Prime Reserve #2 | **450,000** shares in JP Morgan Chase Putters / Dri Ctfs -- the 10th largest holding in the fund. |

| | | |
|---|---|---|
| VCVLX | Vanguard Capital Value Fund | **$19,446,000** shares in JP Morgan-- the 10th largest holding in this fund. |
| VWEHX | Vanguard High-Yield Corporate Inv | **$1,116,988,000** JPMorgan corporate bonds |
| VBILX | Vanguard Interm-Term Bond Index Adm | **$23,256,000** JPMorgan corporate bond |
| VWESX | Vanguard Long-Term Investment-Grade Inv | **$1,116,988,000** JPMorgan corporate bonds |
| VTSMX | Vanguard Total Stock Mkt Idx Inv | **$3,286,885,000** shares in JP Morgan-- the 10th largest holding in this fund |
| VTCLX | Vanguard Tax-Managed Capital Appreciation Fund | **$116,288,000** shares in JP Morgan – the 9th largest holding in this fund |
| | | |
| Vanguard | Vanguard Tax-Managed Capital Appreciation F Ad (UGMA #1) | Ownership change; holdings uncertain |
| VWUSX | Vanguard US Growth Inv | **$37,152,000** shares in JP Morgan |
| VWENX | Vanguard Wellington Admiral | **$1,347,496,000** shares in JP Morgan – the 3rd largest holding in this fund |
| VWNFX | Vanguard Windsor II Inv | **$1,348,935,000** shares in JP Morgan – the 2nd largest holding in this fund |
| TWEIX | American Century Equity Income | **$151,846,704** shares in JPMorgan |
| BIGRX | American Century Income & Growth Inv | **$28,811,409** shares in JP Morgan – the 10th largest holding in this fund |
| SCMTX | DWS Intermediate Tax/AMT Free S | **$800,000** JPMorgan letter of credit |
| MUTHX | Franklin Templeton Class | **$207,658,971** shares in JP Morgan |

-19-

| | Z | |
|---|---|---|
| HSVFX | Hennessy Select Large Value Original Fund | **$5,880,000** JPMorgan shares represent the 2nd largest holding in this fund representing 4% of the total assets of $147,000,000 |

**Richard G. Stark, Judge, U.S. District Court of Delaware**
**Financial Disclosure, 2012**
Source: *Judicial Watch*, Richard G. Stark

Judge Stark lists a checking account, a rental property and Marathon stock as the only holdings. This disclosure appears incomplete, with no updated financial disclosure that includes Judge Stark's extended family holdings as required by 28 U.S.C. § 455. Given her willingness to issue a Markman decision after only one week on this case raises questions of propriety.

Remarkably, just a week before the Markman Hearing, Judge Stark reassigned the case to Judge Stark inexplicably. Judge Stark had no familiarity with the case, yet ruled on the claim construction nonetheless. This premature action prejudiced the proceedings. The current Markman ruling was untimely, and enough time should have been provided for additional briefings and argument in order for the Judge to become familiar with the claims. A week was not enough time.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Dr. Lakshmi Arunachalam, hereby certify that on September 26, 2014, the attached "PATENT OWNER'S MOTION TO RECUSE JUDGE STARK, along with Exhibit A of Judges' Financial Holdings in a Litigant" was sent by me to PARCELS Inc. Courier Service of Wilmington, DE to be delivered to the Clerk of the Court for filing and docketing in this case when the Court opens at 8.30 am September 26, 2014.

I further certify that on September 26, 2014, the attached "PATENT OWNER'S MOTION TO RECUSE JUDGE STARK, along with Exhibit A of Judges' Financial Holdings in a Litigant" was Electronically Mailed to the following Counsel for Defendant:

douglas.nemec@skadden.com for J.P. Morgan Chase and Company.

*Lakshmi Arunachalam*

DATED: September 26, 2014          */s/Lakshmi Arunachalam*

                                         Dr. Lakshmi Arunachalam
                                         222 Stanford Avenue
                                         Menlo Park, CA 94025
                                         650 854 3393
                                         laks22002@yahoo.com