## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**PI-NET INTERNATIONAL, INC.,**

> **Plaintiff,**

> v.

**J.P. MORGAN CHASE AND
COMPANY,**

> **Defendant.**

**C.A. No. 1:12-cv-00282-SLR**



FILED

Sept 26, 2014

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## PATENT OWNER'S MOTION TO RECUSE JUDGE ROBINSON

*Pro Se* Plaintiff Patent Owner hereby moves to recuse the Honorable Judge

Sue L. Robinson from the above-captioned case under 28 U.S.C. § 455, and

Marshall v Jerrico Inc., 446 US 238, 242, 100 S.Ct. 1610, 64 L. Ed. 2d 182 (1980).

"The neutrality requirement helps to guarantee that life, liberty, or property will not

be taken on the basis of an erroneous or distorted conception of the facts or the

law."

The above is applicable to this court by application of Article VI of the

United States Constitution and Stone v Powell, 428 US 465, 483 n. 35, 96 S. Ct.

3037, 49 L. Ed. 2d 1067 (1976).

Plaintiff/Patent Owner makes this motion for the reasons that the said judge

is biased and prejudiced against the Plaintiff and for the further reason that she is

biased in favor of Defendant J.P. Morgan, in addition to the fact that she is tainted

-1-

by the fact that both Judge Andrews and Chief Judge Stark have financial holdings in a litigant, J. P. Morgan, the Defendant and that Judge Andrews handed over this case on April 9, 2014, less than a week before the Markman Hearing, and the scheduling order was not adjusted and Judge Robinson made a premature and biased Markman Ruling shortly thereafter.

The United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of ALL RIGHTS. Therefore, Plaintiff/Patent Owner respectfully demands said judge recuse herself in light of the evidence attached as Exhibit A detailing prior unethical and/or illegal conduct or conduct which gives Plaintiff/Patent Owner good reason to believe the above Judge cannot hear the above case in a fair and impartial manner.

According to all bedrock constitutional law in the United States, affirmed by Congress, Supreme Court, case law, common sense, the rules of fair play and the Code of Conduct for United States Judges, a judge is prohibited from hearing any case in which his or her impartiality might reasonably be questioned. Indeed, the Code of Conduct states that:

> "Canon 2: A judge should avoid impropriety and the appearance of impropriety in all activities."

> "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired." Code of Conduct for U. S. Judges, Commentary on Canon 2A

The Canons of Judicial Conduct say that <u>judges must avoid all impropriety and appearance of impropriety.</u> "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired."

As per 28 U.S.C. § 144, Bias or prejudice of judge which states: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding," Plaintiff/Patent Owner makes and files a timely and sufficient affidavit, attached herewith, that Judge Robinson before whom the above-captioned matter is pending, has a personal bias or prejudice in favor of JPMorgan. This affidavit is the only such affidavit filed by Plaintiff/Patent Owner in this case states the facts and reasons for the belief that bias or prejudice exists, and is filed herewith in a timely manner. It is accompanied by a certificate of counsel of record, *pro se*, in this case, stating that it is made in good faith. Although this Court has not yet officially ruled on Plaintiff's Motion to Substitute Parties, the Court has docketed Dr. Arunachalam's motions filed *pro se*, and said motions have become a *fait accompli* since Dr. Arunachalam's right to self-

representation cannot be denied by any court in the land. Hers is a solemn constitutional right, unlike the license to practice law, which is revocable.

The question is not whether the Honorable Judge Robinson is impartial in fact, but rather whether reasonable men might question her impartiality under all circumstances. United States v. Gigax, 605 F.2d 507 (10th Cir. 1979).

Dr. Lakshmi Arunachalam is entitled to an evidentiary hearing before a judge other than Judge Robinson, at which hearing she may adduce evidence to show that Judge Robinson is prejudiced against Dr. Lakshmi Arunachalam and Pi-Net International Inc. and in favor of JP Morgan.

The instant motion must be heard by a judge other than Judge Robinson. The case of Johnson v. District Court, 674 P.2d 952 (Colo. 1984) is apposite. The Supreme Court stated:

> "Where an attorney for one of the litigants signs a verified affidavit alleging conduct and statements on the part of a trial judge which, if true, shows bias and prejudice or the appearance of bias or prejudice on the part of the trial judge, it is an abuse of discretion if that judge does not withdraw from the case, even though he or she believes the statements are false or that the meaning attributed to them by the party seeking recusal is erroneous. In such a case, the judge should not pass upon the truth or falsity of the facts alleged in the affidavit, but only upon the adequacy of the motion as a matter of law."

In another case as reported in the Colorado Lawyer, Wright vs. District Court, 16 Colorado Lawyer 541, March 1987, the court ruled that:

-4-

> "The fact that Judge Goldsmith in his own mind does not believe that he is prejudiced against Wright and his firm does not prevent disqualification if the motions and affidavits reflect prejudice and an appearance of impropriety."

The Supreme Court went on to say:

> Once facts have been set forth that create a reasonable inference of a bent of mind" that will prevent the judge from dealing fairly with the party seeking recusal, it is incumbent upon the trial judge to recuse himself. See People v. Botham, 629 P.2d 589, 595 (Colo. 1981); C.J.C. Canon 3(C)(1). A trial judge must accept the affidavits filed with the motion as true, even though the judge believes that the statements contained in the affidavits are false or that the meaning attributed to them by the party seeking recusal is erroneous." Johnson v. District Court, 674 P.2d 952 (Colo. 1982).

Rules of Civil Procedure provide:

> "A judge shall be disqualified in an action in which he is interested or prejudiced, or has been of counsel for any party, or is or has been a material witness, or is so related or connected with any party of his attorney as to render it improper for him to sit on the trial, appeal, or other proceeding therein. A judge may disqualify himself on his own motion for any of said reasons or any party may move for such disqualification and a motion by a party for disqualification shall be supported by affidavit. Upon the filing by a party of such a motion, all other proceedings in the case shall be suspended until a ruling is made thereon. Upon disqualifying himself, a judge shall notify forthwith the chief judge of the district who shall assign another judge in the district to hear the action. If no other judge in the district is available or qualified, the chief judge shall notify forthwith the court administrator who shall obtain from the Chief Justice the assignment of a replacement judge."

*See* Johnson v. District Court, 674 P.2d 952 (Colo. 1984):

> "Ordinarily, the question of whether a judge should be disqualified in a civil case is a matter within the discretion of the trial court. In re Marriage of Mann, 655 P.2d 814 (Colo. 1982). However, where an attorney for one of the litigants signs a verified affidavit

> alleging conduct and statements on the part of a trial judge which, if
> true, show bias or prejudice or the appearance of bias or prejudice
> on the part of the trial judge, it is an abuse of discretion if that
> judge does not withdraw from the case, even though he or she
> believes the statements are false or that the meaning attributed to
> them by the party seeking recusal is erroneous. In such a case, the
> judge should not pass upon the truth or falsity of the facts alleged
> in the affidavit, but only upon the adequacy of the of the motion as
> a matter of law. 'The motion and supporting affidavit speak for
> themselves and the only question involved is whether the facts
> alleged are sufficient to compel the judge to disqualify himself.'
> Kovacheff v Langhart, 147 Colo. 339, 343-44, 363 P.2d 702, 705
> (1961). The motion and affidavits are legally adequate if they
> 'state facts from which it may reasonably be inferred that the judge
> has bias or prejudice that will prevent him from dealing fairly' with
> the party seeking recusal. People v. Botham, 629 P.2d 589, 595
> (Colo. 1981)."

Because the act of appearing *Pro Se*, installs and grants an individual

under the constitution of the United States, full authority to act as an officer of the

court in all matters both civil and criminal, it therefore stands to reason that an

affidavit signed by an individual, *pro se* and substantiated by others who were

witness to the event, should bear up as having the same weight as an affidavit

signed by an attorney for a litigant.

It therefore stand to reason that:

> "A judge must grant a motion for disqualification if the motion
> and supporting affidavits state facts from which it reasonably
> may be inferred that the judge has a bias or prejudice that will
> prevent him from dealing fairly with the party seeking recusal. The
> judge must accept the affidavits filed with the motion as true even
> though the judge believes that the statements contained in the
> affidavits are false."

## 1.   **ABUSE OF DISCRETION**

### **The current Markman ruling was prejudiced and untimely.**

The Markman Hearing in the above-captioned case was scheduled for April 15,

2014. Remarkably, on April 9, 2014, just a week before the Hearing, Judge

Andrews reassigned the case to Judge Robinson inexplicably, after he had presided

over the case for over two years. No changes to the scheduling order were made by

the Judge. Enough time for additional briefings and arguments was not provided in

order for the Judge to become familiar with the claims. Judge Robinson had no

familiarity with the case, yet ruled on the claim construction nonetheless. This

premature action prejudiced the proceedings. The current Markman ruling was

prejudiced and untimely.

## 2.   **JUDGE BIAS**

The Code of Conduct for U.S. Judges is clear. A judge must disqualify

himself or herself even if his or her spouse holds *one share of stock* in a litigant.

Canon 2 says a judge must avoid impropriety and the appearance of impropriety. It

has come to our attention that Judge Andrews holds stock in JPMorgan. For

example, he holds stock in Fidelity Blue Chip Value Fund, BVCVX, which holds

**$10,236,950,000** shares in JP Morgan-- the 8th largest holding in that fund. This

clearly dictates recusal. Judge Andrews also has financial holdings in Citibank and

Wells Fargo Bank. These are just two examples of many conflicting holdings that Plaintiff has already introduced into the record.

Judge Robinson's financial disclosure is uninstructive since she lists no assets at all, which cannot be. The rules require disclosure of all holdings. We respectfully request an updated financial disclosure that includes Judge Robinson's extended family holdings as required by 28 U.S.C. § 455. Judge Robinson is, however conflicted out and was tainted from Judge Andrews and Chief Judge Stark holding financial holdings in J.P. Morgan.

Chief Judge Leonard P. Stark is similarly conflicted in matters involving JPMorgan. *See* Exhibit A.

This motion to recuse Judge Robinson is being made so as to avoid further corruption of these proceedings from blatant bias.

Judge Robinson  has in the past violated other litigants associated with Dr. Arunachalam's patents, namely, WebXchange, Inc. in the *Dell* and *Fedex* cases, where she transferred the cases to Judge Andrews who had financial holdings in *Fedex* and he dismissed those cases with prejudice after making it impossible for Plaintiff, who is a small disadvantaged business to proceed. He required Plaintiff to pay $100,000 to the Defendants, and bring a new lawyer, within 60 days after the same former Counsel Pazuniak withdrew giving false reasons to the court.   Judges

-8-

Robinson and Andrews had refused to provide due process and equal protection to
all litigants before the court or had behaved in a manner inconsistent with that
which is needed for full, fair, impartial hearings.

The Judges cannot mask their relationships and holdings in JPMorgan
behind the Fidelity, T. Rowe Price and Vanguard mutual fund curtains. Defendant
J.P. Morgan has been attempting in their recent filings to this Court and at the
Court of Appeals for the Federal Circuit ("CAFC") to absolve the judges of their
conflicts of interest. The judges in this case did not disclose their financial
holdings, or relationships to J.P. Morgan. The pattern of this investing and
nondisclosure is evident. Court of Appeals for the Federal Circuit ("CAFC") to
absolve the judges of their conflicts of interest. The judges in the JP' Morgan Chase
case did not disclose their financial holdings, or relationships to J.P. Morgan, and
the same holds true for Citibank and Wells Fargo Bank. The pattern of this
investing and nondisclosure is evident.

Defendants argue a judge holding mutual funds is not requred to disclose
the stock holdings within those funds. If such a position were true, then one must
ask oneself why Judicial Policy contains a four-page section discussing when the
contents of mutual funds *must be disclosed*, as they evidently must in this case. *See*
Guide to Judiciary Policy, Vol. 2, Pt. B. § 106, Mutual and Common Investment

Funds http://www.uscourts.gov/RulesAndPolicies/CodesOfConduct/published-

advisory-opinions.aspx

Inventors are prejudiced when attorneys, judges and deep-pocket companies

collude, as is clearly occurring in this case as well.

**3.    Defendant argues the mutual fund safe harbor, but fails to cite the numerous exceptions to the rule.**

Judges are <u>not absolved from disclosure responsibilities by hiding behind a paper-

thin mutual fund veil to disguise their financial holdings in a litigant</u>.  A judge's

recusal is required when he has an "interest that could be affected substantially by

the outcome of the proceeding." The DE Court Judges hold narrow financial sector

mutual funds. Per Canon 4D(3), *§ 455(b)(4) and § 455(f)*,  "[a] judge should divest

investments and other financial interests that might require frequent

disqualification." Canon 3C(1) directs judges to disqualify if the judge's

impartiality might reasonably be questioned. The DE Court cannot claim that the

Judges should benefit from the safe harbor rule. Judges Andrews and Stark

committed in writing to high ethical standards in their Senate confirmation

hearings to adhere to 28 U.S.C. §§ 144 and 455 Canon 3 of the Code of Conduct

for U. S. Judges. Judge  Robinson  was thrown into the JP Morgan  case by Judges

Andrews and Stark. Whether or not she holds stock in JPMorgan, her judicial

sponsors do.

-10-

### 4. Litigants have an affirmative right to expect judges to follow Judiciary Policy on disclosure of their litigant stock holdings in mutual funds.

Defendants argue erroneously that the judges disclosed their conflicts in their annual financial disclosures. This argument is contradicted by the Judicial Conference which has published clear guidelines for disclosing the holdings within mutual funds. If the mere disclosure of the name of the mutual fund were sufficient, as Defendant argues, then this judiciary policy would not be needed.[1]

**Judge Andrews** has multiple holdings in JPMorgan. For example, he holds stock in: VWENX Vanguard Wellington Admiral that holds $1,347,496,000 shares in JPMorgan, the 3rd largest holding in the fund; BVCVX Fidelity Blue Chip Value Fund that holds $6,961,569,000 in JPMorgan, the 8th largest holding in the fund. Also, one of the Vice Presidents in BVCVX served as JPMorgan vice president and treasurer from 2004-2008. **Judge Stark** also has multiple holdings in JP Morgan. For example, he holds stock in: FUSEX Fidelity Spartan 500 Index Inv which holds $896,713,000 in JP Morgan, their 10th largest holding; VINIX Vanguard Institutional Index I which holds $ 2,190,882,000 in JP Morgan, their 10th largest holding. Defendant's flimsy excuse on behalf of the Judges for nondisclosure of these substantial interests in JPMorgan does not avoid the appearance of impropriety. *See* 28 U.S.C. §455(c). *Porter v. Singletary*, 49 f.3d

---

[1] Guide to Judiciary Policy, Vol. 2, Pt. B, Sec. 106, Mutual and Common Investment Funds. http://www.uscourts.gov/uscourts/RulesAndPolicies/conduct/Vol02B-Ch02.pdf.

1483, 11th Cir '95.("a judge should disclose on the record information which the judge believes the parties or their lawyers might consider relevant"). An ordinary person would consider Judge Andrews' holdings certainly relevant and worthy of disclosure.

On March 7, 2012, Federal Circuit Chief Judge Randall R. Rader vacated and remanded a case due to the financial conflicts of interest of a judge because his *wife* had some stock in *Shell Oil Co. v. US*, 672 F. 3d 1283Fed Cir '12. Judge Rader stated: "Because we find that the trial judge's failure to recuse in this case was not harmless error, particularly given the risk of injustice and risk of undermining the public's confidence in the judicial process, we conclude that the appropriate remedy is to vacate the district court's orders and remand the …with instructions that it be reassigned to a different judge . . . VACATED AND REMANDED." The conflicts in this matter are profoundly worse than in Shell Oil.

By contrast, Judge Andrews does not consider his substantial JPMorgan holdings worthy of disclosure and disqualification. The same standard of financial disclosure should apply in both cases. What can be more clear and convincing evidence than the new discovery of the Judges' JP Morgan holdings.

**5.    Presiding judges must remand their cases to an impartial tribunal.**
The financial conflicts of interests of the Judges in the DE court have tainted this case UNDER Judge Robinson and the other cases under Judge Andrews. The

-12-

Judges in DE must disqualify themselves and hand over their cases to an impartial tribunal. The Motion to Substitute Parties, the 60(B) 60(D) (3) Motion to Vacate Judgment, Motion on Attorneys' Fees, Motion to Intervene by former counsel and this Motion to Recuse Judge Robinson should not be heard by/presided over by Judge Robinson or Judge Andrews. Their continued participation taints the proceedings. It is noteworthy that it was the same Judge Andrews who dismissed the *Dell* and *Fedex* cases despite his financial interests in a litigant (*Fedex*), and denied Plaintiff WebXchange's right to an impartial tribunal.

**6.     The presiding judges in the JPMC case as well as the cases Judge Andrews is currently presiding over, namely, Citizen's, Wells Fargo, Citibank, PayDay1 and Kronos cases are conflicted and these cases must be heard by an impartial tribunal.**

The conflicts of interests of the Judges involved have tainted this case and the other cases under Judge Andrews. This needs to be addressed by the Court immediately. Plaintiff/Patent Owner moves to recuse the Judge from the above-captioned case and that this motion to recuse be tried by an impartial tribunal. Neither the Motion to Substitute Parties nor the 60(B) 60(D) (3) Motion to Vacate Judgment or the Motion for Attorney's Fees should be presided over by Judge Robinson. Their continued participation taints the proceedings.

8.     **Conclusion**

Plaintiff/Patent Owner respectfully moves and prays that the Honorable

Sue L. Robinson remove and disqualify herself as judge, or that the instant motion

be heard by a judge other than Judge Robinson, pursuant to the doctrine of

Johnson v. District Court, 674 P.2d 952 (1984), to the end that another judge be

assigned to hear and try all matters in the instant case. Respectfully, it is submitted

that the Honorable Judge Sue L. Robinson must be disqualified from the above

captioned case. A Certificate of Service is attached here below.

Respectfully submitted,

DATED: September 25, 2014

*Lakshmi Arunachalam*

Dr. Lakshmi Arunachalam

222 Stanford Avenue
Menlo Park, CA 94025
650 854 3393
laks22002@yahoo.com

Inventor and Owner of Patents-in-Suit
and CEO, Pi-Net International, Inc.
*Pro-Se Plaintiff*

-14-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PI-NET INTERNATIONAL, INC.,

Plaintiff,

v.

J.P. MORGAN CHASE AND
COMPANY,

Defendant.

C.A. No. 1:12-cv-00282-SLR

## AFFIDAVIT OF BIAS AND PREJUDICE

Comes now Plaintiff/Patent Owner, Dr. Lakshmi Arunachalam, pro-se, who, being first duly sworn, states that she believes the Honorable Judge Robinson is biased and prejudiced against the Plaintiff and for the further reason that she is biased in favor of Defendant J.P. Morgan, in addition to the fact that she is tainted by the fact that Judge Robinson was tainted by both Judge Andrews and Chief Judge Stark have financial holdings in a litigant, J. P. Morgan, the Defendant and that Judge Andrews handed over this case on April 9, 2014, less than a week before the Markman Hearing, and the scheduling order was not adjusted and Judge Robinson made a premature and biased Markman Ruling shortly thereafter in favor of J.P. Morgan and that to any reasonable expert, is evidently biased toward JP Morgan, both in its premature timing and content.

-15-

Dr. Arunachalam has been vocal in denouncing the decisions and the attitude of the Honorable Judge Robinson and has made these proclamations public. The effect of this exercise of petitioner's right to freedom of speech is to so prejudice Judge Robinson against her that she cannot obtain a fair trial in her court.

The judge has been unnecessarily harsh on Dr. Arunachalam in the past in the *Dell* and *Fedex* cases and now in this matter, with the obscenely incorrect Markman Ruling and it appears that she has acted in a prejudicial fashion toward the Plaintiff/Patent Owner/Dr. Arunachalam. Judge Robinson was tainted by Judge Andrews who presided over the JP Morgan case for over two years and did not disqualify himself and remained silent. His financial holdings in JP Morgan, a litigant, and Wells Fargo Bank and CitiBank did not permit him to preside over these cases. This is substantiated by at least two others, (SEC Edgar and Judicial Watch) who were witness to the event. (Exhibit A, Judges' Financial Holdings). Further, before the court is pending a Motion for Attorney's Fees by JP Morgan against Plaintiff that could impose impossible financial burdens on the Plaintiff/Patent Owner/Dr. Arunachalam. This Motion too is tainted as a part of the corrupt legacy of this case since Judge Andrews' and Judge Robinson's bias was clearly in operation long before Dr. Arunachalam became aware of it. Indeed, the entirety of this case is the corrupt fruit of a poisoned tree.

-16-

Accordingly, affiant moves and prays that the Honorable Sue L.

Robinson  be  disqualified from further  proceedings  in  this matter.

FURTHER AFFIANT SAYETH NAUGHT.

This is the 25th day of September, 2014.

*Lakshmi Arunachalam*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PI-NET INTERNATIONAL, INC.,

    Plaintiff,

    v.                     C.A. No. 1:12-cv-00282-SLR

J.P. MORGAN CHASE AND
COMPANY,

    Defendant.

## VERIFICATION AND AFFIDAVIT

Before me, the undersigned authority, the affiant named below, personally came

and appeared before me, who, being first duly sworn upon oath, deposed and said

that she has read the above and foregoing document and knows the contents

thereof, and that all statements of fact contained therein are true.

    This is the 25th day of September, 2014

               *Lakshmi Arunachalam*

Dr. Lakshmi Arunachalam,  AFFIANT

Subscribed and sworn to before me, this 25th day of
September 2014.

                    , Notary Public
    NOTARY PUBLIC
    Address of notary:

DEBORAH SAGE
Commission # 2078154
Notary Public - California
San Mateo County
My Comm. Expires Aug 16, 20__

-18-

## Exhibit A: Judges' Financial Holdings in Litigant

**Leonard P. Stark, Chief Judge, U.S. District Court of Delaware**
**Financial Disclosure, 2012**
Source: *Judicial Watch*, Leonard P. Stark   Source: *SEC Edgar*

| *Ticker* | *Holding* | *JPMorgan Conflicts* |
|---|---|---|
| VINIX | Wachovia Vanguard Institutional Fund | **$2,161,083,000** shares in JPMorgan, the 9th largest holding in this fund |
| VMRGX | Vanguard Morgan Growth Fund | **$31,628,000** shares in JPMorgan |
| FUSEX | Fidelity Investments Spartan 50 Index Investor Class | **$896,713,000** shares in JPMorgan |
| FDRXX | Fidelity Investments Fidelity Cash Reserves | **$1,960,000,000** commercial paper in JPMorgan |
| FASMX | Fidelity Investment Fidelity Asset Manager 50% | **$1,090,000,000 shares in JPMorgan,** the 9th largest holding in this fund; represents 0.1% of a fund with assets totaling $1,090,672,117,000<br><br>In addition, one of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. In addition, JPMorgan Chase Bank, New York, NY is a "Custodian" of this fund. |
| FASBX | Fidelity Investment Fidelity Asset Manager 70% | **$1,090,000,000 shares in JPMorgan,** the 9th largest holding in this fund; represents 0.1% of a fund with assets totaling $1,090,672,117,000<br><br>In addition, one of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. In addition, JPMorgan Chase Bank, New York, NY is a |

| | | "Custodian" of this fund. |
|---|---|---|

**Judge Richard G. Andrews, Judge, U.S. District Court of Delaware**
**Financial Disclosure, 2012**
Source: *Judicial Watch*, Richard G. Andrews - 2012

| BVCVX | Fidelity Blue Chip Value Fund | **$6,961,569,000** shares in JP Morgan-- the 8th largest holding in this fund. <br><br> In addition, one of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. |
|---|---|---|
| Overview | Fidelity Delaware Portfolio 2012 (Index) (529 Plan) | This is a "build your own investment mix plan." The rules require disclosure of the funds selected by judicial employees. |
| FFFDX | Fidelity Freedom 2020 | One of the executive officers of this fund is **Stephanie J. Dorsey**. Quoting from the 2013 Annual Report, "Prior to joining Fidelity Investments, Ms. Dorsey served as Treasurer (2004-2008) of the **JPMorgan Mutual Funds** and Vice President (2004-2008) of **JPMorgan Chase Bank**. |
| PRRXX | T. Rowe Price Prime Reserve #1 | **450,000** shares in JP Morgan Chase Putters / Dri Ctfs -- the 10th largest holding in this fund. |
| PRRXX | T. Rowe Price Prime Reserve #2 | **450,000** shares in JP Morgan Chase Putters / Dri Ctfs -- the 10th largest holding in the fund. |
| VCVLX | Vanguard Capital Value Fund | **$19,446,000** shares in JP Morgan-- the 10th largest holding in this fund. |

| | | |
|---|---|---|
| VWEHX | Vanguard High-Yield Corporate Inv | **$1,116,988,000** JPMorgan corporate bonds |
| VBILX | Vanguard Interm-Term Bond Index Adm | **$23,256,000** JPMorgan corporate bond |
| VWESX | Vanguard Long-Term Investment-Grade Inv | **$1,116,988,000** JPMorgan corporate bonds |
| VTSMX | Vanguard Total Stock Mkt Idx Inv | **$3,286,885,000** shares in JP Morgan-- the 10th largest holding in this fund |
| VTCLX | Vanguard Tax-Managed Capital Appreciation Fund | **$116,288,000** shares in JP Morgan – the 9th largest holding in this fund |
| | | |
| Vanguard | Vanguard Tax-Managed Capital Appreciation F Ad (UGMA #1) | Ownership change; holdings uncertain |
| VWUSX | Vanguard US Growth Inv | **$37,152,000** shares in JP Morgan |
| VWENX | Vanguard Wellington Admiral | **$1,347,496,000** shares in JP Morgan – the 3rd largest holding in this fund |
| VWNFX | Vanguard Windsor II Inv | **$1,348,935,000** shares in JP Morgan – the 2nd largest holding in this fund |
| TWEIX | American Century Equity Income | **$151,846,704** shares in JPMorgan |
| BIGRX | American Century Income & Growth Inv | **$28,811,409** shares in JP Morgan – the 10th largest holding in this fund |
| SCMTX | DWS Intermediate Tax/AMT Free S | **$800,000** JPMorgan letter of credit |
| MUTHX | Franklin Templeton Class Z | **$207,658,971** shares in JP Morgan |
| HSVFX | Hennessy Select Large Value Original Fund | **$5,880,000** JPMorgan shares represent the 2nd largest holding in this fund representing 4% of the total |

| | | assets of $147,000,000 |

**Sue L. Robinson, Judge, U.S. District Court of Delaware**
**Financial Disclosure, 2012**
Source: *Judicial Watch*, Sue L. Robinson

Judge Robinson lists a checking account, a rental property and Marathon stock as the only holdings. This disclosure appears incomplete, with no updated financial disclosure that includes Judge Robinson's extended family holdings as required by 28 U.S.C. § 455. Given her willingness to issue a Markman decision after only one week on this case raises questions of propriety.

Remarkably, just a week before the Markman Hearing, Judge Andrews reassigned the case to Judge Robinson inexplicably. Judge Robinson had no familiarity with the case, yet ruled on the claim construction nonetheless. This premature action prejudiced the proceedings. The current Markman ruling was untimely, and enough time should have been provided for additional briefings and argument in order for the Judge to become familiar with the claims. A week was not enough time.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Dr. Lakshmi Arunachalam, hereby certify that on September 26, 2014, the
attached "PATENT OWNER'S MOTION TO RECUSE JUDGE ROBINSON,
along with Exhibit A of Judges' Financial Holdings in a Litigant" was sent by me
to PARCELS Inc. Courier Service of Wilmington, DE to be delivered to the Clerk
of the Court for filing and docketing in this case when the Court opens at 8.30 am
September 26, 2014.

I further certify that on September 26, 2014, the attached "PATENT OWNER'S
MOTION TO RECUSE JUDGE ROBINSON, along with Exhibit A of Judges'
Financial Holdings in a Litigant" was Electronically Mailed to the following
Counsel for Defendant:

douglas.nemec@skadden.com for J.P. Morgan Chase and Company.

DATED: September 26, 2014          */s/Lakshmi Arunachalam*

Dr. Lakshmi Arunachalam
222 Stanford Avenue
Menlo Park, CA 94025
650 854 3393
laks22002@yahoo.com

-23-