2014 OCT 16 AM 8:36

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> J.P. MORGAN CHASE AND COMPANY, <br><br> Defendant. | C.A. No. 1:12-cv-00282-SLR |

**PATENT OWNER'S RESPONSE TO DEFENDANT'S OPPOSITION BRIEF TO PATENT OWNER'S MOTION TO RECUSE JUDGES ROBINSON AND STARK**

Patent owner hereby files this response to JPMC's opposition brief to her motion to recuse the Judges. Defendant is silent about Judge Andrews' former employer, Mayer Brown LLP, notoriously known to be JPMorgan counsel in more than 50 JPMorgan matters identified on the firm's website. Decisions favorable to JPM benefit Mayer. This relationship recently discovered by Plaintiff in the Congressional Record of Judge Andrews' confirmation dictates recusal. In the 2 years that Judge Andrews has presided over this case, he did not disclose this obvious conflict. Judges, lawyers and deep-pocketed Defendants are **legalizing piracy**, hiding behind the safe harbor rule and safe harbor for whom? Defendant is attempting to use the legal system to justify theft of her important Internet inventions. Defendant has lost sight of the plain English meaning of the phrase "appearance of impropriety." Plaintiff simply asks for an impartial tribunal, yet Defendant calls that request "frivolous." Defendant opposes the recusal of these judges because they would lose their primary advocates—the judges themselves. The day that litigants cannot rely upon American justice to conduct a fair trial is the day our Republic dies. Remarkably, Defendant now admits that Judges Andrews and Stark hold JPMorgan interests, but argue instead that they are allowed to. Such arguments telegraph a serious breakdown in our legal system when

judges and licensed attorneys are openly defying propriety and common sense. The public's confidence in the rule of law is undermined when judges excuse their admitted holdings under a blanket of legal sophistry. Defendant entered into the record evidence that supports Plaintiff, not Defendant. Exhs B to E show that Vanguard and Fidelity mutual funds hold JPMorgan stock.

**II. Defendant fails to show that JP Morgan interests are immaterial to recusal. Attempts to hide behind safe harbor rules not meant to shield Judges from their duty to disclose material holdings:** Defendant calls the stocks in JPMorgan "tiny." While the sums may be "tiny" on Wall Street, they are *massive* on Main Street. The publicly (SEC) reported value of JPMorgan's holding by Vanguard VWENX is $1.31B (8th largest), Fidelity FBCVX is $9M (6th largest), Fidelity FUSEX is $897M (9th largest) and Vanguard VINIX is $2.2B (10th largest). $1.31b + $9m + $897m + $2.2b = **$4,416,000,000 JPMorgan "tiny" interests.**

Defendant misdirects the argument about "narrow financial sector funds" by changing the subject to diversification of the whole fund, which is irrelevant. Defendant counted the total number of holdings in all sectors for three of the four funds cited. FUSEX (507 holdings), VINIX (505 holdings), and FBCVX (86). Tellingly, however, they failed to show VWENX (47 holdings) which holds $1.31 billion in JPMorgan stock. What is relevant is the number and prominence of the JPMorgan holdings in the financial sector of these funds. The "safe harbor" rule cannot be relied upon when JPMorgan figures so prominently in the financial sector of these mutual funds. No reasonable person possibly believes that these judges do not know they hold JPMorgan interests, or that decisions favorable to JPMorgan will benefit them personally. Such circumstances are precisely why the recusal laws were written. Defendant argues on behalf of the conflicted judges in this case, rather than argue for impartiality and fairness. Defendant now

| Fund | Held by Stark | Held by Andrews | Holdings in financial sector | JPMorgan rank within the sector |
|---|---|---|---|---|
| Vanguard VWENX | | X | 8 | 2nd |
| Fidelity FBCVX | | X | 8 | 1st |
| Vanguard VINIX | X | | 85 | 2nd |
| Fidelity FUSEX | X | | 10 | 1st |

admits that the judges hold stock in JPMorgan, yet argue that it is OK, using self-serving interpretations of laws obviously designed to protect the public, not excuse the judges. Defendant decries having to argue their immoral position as frivolity, when the frivolity is theirs. For that reason, their request for fees and expenses must be denied. Rather, it is Defendant that should be paying fees and expenses to Plaintiff in having to fight for nothing more than an impartial court—with a judge that does not hold JPM interests.

**III. Defendant treats the "safe harbor" rule as a private legal playground for deep-pocketed companies to hide judicial holdings in their enterprise:** Defendant's attempt to devolve the "safe harbor" rule into a license to shield material financial interests of Judges from their Code of Conduct obligations to "avoid impropriety and the appearance of impropriety in all activities" is so they can rule in their favor with impunity, as is occurring in this case.

**IV. Property interests must be disclosed if they are material, no matter how they are labeled; safe harbor rules were never intended to hide material holdings:** Defendant is splitting hairs about where the JPMorgan stock is held. They argue that JPMorgan stock held in a mutual fund is somehow different than stock held in the judge's own name. Either way, it is a JPMorgan interest that accrues to the benefit of the judge. Defendant avoids this fact. Defendant argues unsuccessfully that some JPMorgan interests are subject to disclosure while others are not. For example, 100 shares of JPMorgan divided evenly among 100 mutual shareholders represent a property interest in one share of JPMorgan stock for each shareholder. If that same

person purchases one share of JPMorgan privately, then that person has two JPMorgan interests in aggregate. In short, both are JPMorgan interests, no matter whose name is on the stock certificate. Defendant argues the safe harbor rule somehow excuses the judge from disclosing the mutual fund holding illustrated above even though such disclosure is material to the litigants in his court. Such self-serving abuse of the law fails to instill public confidence in the legal system.

**V. Judges hold JPMorgan interests and have prior JPMorgan relationships that dictate recusal; a fair trial demands recusal:** No amount of haughty assertions by the Defendant can mask the fact that they failed in their attempt to argue that the judges do not hold JPMorgan interests and relationships. Defendant asserts that Plaintiff has not proved that the judges have failed to disclose more detail about their mutual fund holdings pursuant to Judicial Policy. Plaintiff does not have to prove it; plaintiff need only cite enough evidence that creates the appearance of impropriety. Indeed, case law shows that a judge does not have to have done anything wrong, but rather, the mere appearance of the possibility dictates recusal. Plaintiff has very clearly shown from much judicially recognizable evidence that the appearance of impropriety exists and she desires that the judges remove this obstacle to a fair trial.

**VI. Defendant's reference to "lucrative" settlements is laughable:** Defendant refers to Plaintiff's past settlements with other infringers as somehow material to the request for recusal. This is a matter of the pot calling the kettle black. JPM just settled with the Justice Dept for $13B. Plaintiff's so-called "lucrative" settlements are a drop in JPM's bucket by comparison. It is unclear who this innuendo was intended for, but clearly not to promote justice and fair play.

**VII. Plaintiff's motions are proper:** Defendant speaks out of both sides of the mouth. They opposed a motion to substitute parties after Plaintiff dismissed prior counsel who did not follow instructions. Defendant, then, attempts to use its own opposition to the motion for substitution as

4

grounds for claiming a procedural anomaly. Catch-22! Cases are to be heard on the merits and not obstructed by procedural issues. Defendant is using its own frivolity to prejudice Plaintiff.

**VIII. The Markman Hearing was hasty and corrupt:** Defendant argues that Plaintiff did not show that Judge Robinson's Markman Ruling was tainted. The appearance of impropriety is evident to any person with eyes and a brain. She stepped into the case cold, then conducted the Markman Hearing a week later and ruled on the important Markman claim construction. Those are facts. Those are proof of some impropriety, since no human being can step into a patent case and be ready to conduct a Markman Hearing a week later. Such conduct is clearly improper.

**IX. No appeal delays exist:** Defendant wrongly argues that Plaintiff has delayed the appeal. The appeal is currently moving on a schedule set by the court. Unless Defendant's counsel intends to claim that they have never asked for an extension of time in an appeal, this argument is frivolous.

**X. Judge Andrews' past conduct in levying sanctions was unnecessarily punitive; his financial holdings now explain why:** Defendants argue that Plaintiff's assertions of harsh treatment by Judge Andrews in the Dell, Fedex cases were not tainted, even though Plaintiff has now shown that he also holds Dell and Fedex interests as well. The point here is that this judge has established a pattern of bias against Plaintiff. At this point, Plaintiff believes that the only way she is going to get a fair and impartial trial is with a new judge, and probably a new court.

**Conclusion:** Dr. Arunachalam respectfully requests the Court to grant her motion to recuse Judges Robinson and Stark. A Certificate of Service is attached. Respectfully submitted,

Dated: October 16, 2014
222 Stanford Ave,
Menlo Park, CA 94025
650 854 3393
Laks22002@yahoo.com

*/s/Lakshmi Arunachalam*
Dr. Lakshmi Arunachalam, Owner of Patents-in-Suit & CEO, Pi-Net International, Inc
*Pro Se Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Dr. Lakshmi Arunachalam, hereby certify that on October 16, 2014, the attached "PATENT OWNER'S RESPONSE TO DEFENDANT'S OPPOSITION BRIEF TO PATENT OWNER'S MOTION TO RECUSE JUDGES ROBINSON AND STARK" was sent by me to PARCELS Inc. Courier Service of Wilmington, DE to be delivered on October 16, 2014 at 8.30 am EST to the Clerk of the Court for filing/docketing in this case and I sent notification by email to the following registered attorneys of record of the same.

I further certify that on October 15, 2014, the attached "PATENT OWNER'S RESPONSE TO DEFENDANT'S OPPOSITION BRIEF TO PATENT OWNER'S MOTION TO RECUSE JUDGES ROBINSON AND STARK" was Electronically Mailed to the following Counsel for Defendant:

douglas.nemec@skadden.com for J.P. Morgan Chase and Company.

DATED: October 16, 2014      /s/Lakshmi Arunachalam

Dr. Lakshmi Arunachalam
222 Stanford Avenue
Menlo Park, CA 94025
650 854 3393
laks22002@yahoo.com