IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PI-NET INTERNATIONAL INC., : | |
| Plaintiff, : | |
| v. : | Civil Action No. 12-282-RGA |
| JPMORGAN CHASE & CO., : | |
| Defendant. : | |

**MEMORANDUM ON PENDING MOTIONS**

Plaintiff sought a stay in its Answering Brief in regard to the motion for attorneys' fees. (D.I. 229). The Supreme Court has denied certiorari, and therefore there is no need for a stay.[1] Thus, the request for a stay is **DISMISSED** as moot.

Plaintiff, Pi-Net, does not have counsel. It cannot proceed without counsel. Dr. Arunachalam moves to substitute in for Plaintiff. (D.I. 225). Defendant opposes. (D.I. 237).[2] She is an individual; she could proceed *pro se*. I have previously considered a similar motion in other cases. Those I granted. *See Pi-Net International, Inc. v. Citizens Financial Group, Inc.*, 2015 WL 1283196 (D.Del. Mar. 18, 2015). One significant difference between the five cases at issue there and this case is that those five cases were pre-trial. That is, ownership of the patents

---

[1] I understand that one can seek rehearing of a denial of a petition for certiorari, and that in this case, Dr. Arunachalam intended on doing so by the deadline of February 5, 2016. (*Arunachalam v. SAP America, Inc.*, Fed. Cir. No. 15-1424, D.I. 30.).

[2] Dr. Arunachalam filed a Reply Brief, which has about ten pages of text, but only one paragraph, at p.12, addressing the issue at hand. (D.I. 240).

was transferred in the middle of litigation. Here, the patents have been transferred after Plaintiff lost the case, and had judgment entered against it. I have discretion to decide whether to grant a motion to substitute. *See Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993). There are no equities or interests that support allowing Dr. Arunachalam to continue to litigate this case. She used the corporate form to bring the lawsuit.[3] The corporation lost. Dr. Arunachalam *pro se* has a history of ignoring the Court's rules, and, indeed, to her detriment, has ignored the Court of Appeals' rules also. Dr. Arunachalam repetitively files motions that no lawyer would file, such as the motions to recuse just about every judge who is assigned to her cases.[4] Dr. Arunachalam's motion in this case states nothing about whether she would accept the litigation liabilities that Pi-Net might have incurred. (There is a pending section 285 motion). Thus, the motion to substitute (D.I. 225) is **DENIED**.

"Patent Owner's Motion to Void All Judgments and Orders *Ab Initio* and to Re-Hear the Case *De Novo*" (D.I. 231) is **STRUCK**. Dr. Arunachalam is not a party, and she is not a lawyer. She cannot file motions in the case, and she cannot (and does not claim to) represent Pi-Net.[5]

The motion to file electronically (D.I. 232) is **DISMISSED** as moot.

The motion requesting an extension of time to file an answering brief in regard to the section 285 motion (D.I. 234) is **DISMISSED** as moot in view of Dr. Arunachalam's subsequent filing. (*See* D.I. 235).

---

[3] Dr. Arunachalam states that the Federal Circuit allowed her to substitute for Pi-Net. (D.I. 225 at 5). She cites Case # 14-1495. The docket in that case reveals, however, that she was joined as an appellant, and not that she substituted for Pi-Net. (D.I. 59).

[4] For example, in the Court of Appeals, Pi-Net v. JP Morgan, No. 14-1495, D.I. 77 (filed May 7, 2015) (motion to recuse three Federal Circuit judges).

[5] If I were to reach the merits of the struck motion, I would deny it.

Defendant's Motion to Strike Portions of Patent Owner's Reply Brief (D.I. 246), while not without some merit, is **DENIED**.

The only other pending motion is Defendant's Renewed Motion for Attorney Fees Pursuant to 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d)(2). (D.I. 221 & 222). The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a "prevailing party." The Supreme Court recently defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts should determine whether a case is "exceptional" in the exercise of their discretion on a case-by-case basis, considering the totality of the circumstances. *Id.* Relevant factors for consideration include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (internal quotations marks omitted). A movant must establish its entitlement to attorneys' fees under § 285 by a preponderance of the evidence. *Id.* at 1758.

Defendant is the prevailing party.

Defendant's arguments that this is an exceptional case, however, do not persuade me. Essentially, Defendant summarizes its arguments as, (1) the patent's specification and claims were so "intrinsically defective" that the patent was invalid on multiple grounds, (2) that Dr. Arunachalam should have known the patents were invalid, and (3) Pi-Net was seeking a

nuisance value settlement. (D.I. 222, pp. 2-4). Defendant also states that Plaintiff's claim construction positions were not reasonable.

On the first point, it is true that the patents have been invalidated on multiple grounds by this court, including indefiniteness, written description, and enablement. I do not, however, think this means the case was necessarily exceptional. I do not think the number of winning theories is much of an indicator of exceptionalness. It is also true the PTAB has found the patents invalid on other grounds such as anticipation and obviousness. (D.I. 222, p.12 (citing *Arunachalam v. Citizens Financial Group, Inc.*, No. 12-355, D.I. 111, Exhs. A-C)).

On the second point, nothing cited in Defendant's brief shows me that Dr. Arunachalam knew the patents were invalid. If she had known that the patents were invalid, that would be significant. Her belief that they are valid is not particularly significant, because her briefs tend to support the conclusion that her views are not informed by the facts. In other words, unreasonable subjective belief would not be a factor that weighs in her favor. I think the presumption that patents are valid helps Plaintiff.[6] Further, when the case was assigned to me, I denied Defendant's motion for partial summary judgment of indefiniteness in its entirety, although some of that was because Defendant did not submit expert testimony (which it did later in connection with its successful effort before Judge Robinson). While I was somewhat dubious of some of Plaintiff's arguments, none of them were so poor that I ruled in Defendant's favor. Defendant argues that the PTAB's construction of terms that this Court held indefinite does not undercut this Court's decision (D.I. 238, p.7), because the PTAB's construction was made under

---

[6] Defendant cites one case for the proposition that "courts have awarded attorney fees for persisting with patent infringement suits when the patentee knew or should have known that its patents were invalid." (D.I. 222, p.18). I've read the case, and I think the primary driver of that decision was "that this action was litigated in a wholly unreasonable manner." *Logic Devices, Inc. v. Apple Inc.*, 2014 WL 6844821, *4 (N.D. Cal. Dec. 4, 2014).

a different standard. I agree with that, but the fact that the PTAB was able to construe the terms is consistent with Dr. Arunachalam's belief that they could be construed.

Defendant cites to documents filed in connection with Dr. Arunachalam's dispute with counsel who was representing Pi-Net. (D.I. 223-2, ¶20). The gist of this paragraph is that Dr. Arunachalam asserted that Pi-Net did not agree with the constructions that its counsel was proposing to the Court, but asserted them anyway. I am not sure that this pleading (which is not under oath) proves much, other than that Pi-Net and its counsel had a falling out. (There is separate litigation now being pursued in regard to that. *Arunachalam v. Pazuniak*, Civ. Act. No. 15-259-RGA (D.Del.)).

On the third point, Defendant also notes numerous settlements by Plaintiff for values ranging from $1,500,000 to (sometimes much) less, while at the same time Plaintiff was asserting damages of $184.5 million against JP Morgan. (D.I. 222, p.6). Certainly the assertion of damages that are 100 times what plaintiff would accept in a settlement is an indication of bad faith litigation, although it is also not determinative of that fact.

While there are places where Defendant asserts or suggests that the case was litigated in an unreasonable manner, this argument is based on Dr. Arunachalam's litigation conduct after she fired trial counsel, which was after judgment against Pi-Net in this court. Generally speaking, in the litigation I personally oversaw, Pi-Net's counsel took a reasonable approach, both in the discovery disputes and in the partial summary judgment motion.

I try to look at this without hindsight bias. Dr. Arunachalam's *pro se* filings are, at a minimum, duplicative, abusive, and often completely irrelevant. The *pro se* filings, as I have

noted, did not start until after this case was on appeal.  The patents were, as Judge Robinson's opinion demonstrated, weak patents, but I do not conclude that they were so weak that Plaintiff's reliance upon the presumption of validity to assert them made this an "exceptional" case.

                                                                          /s/ Richard G. Andrews
                                                                  United States District Judge